1   Henry C. Bunsow (SBN 60707)
    bunsowh@howrey.com
2   Denise M. De Mory (SBN 168076)
    demoryd@howrey.com
3   HOWREY LLP
    525 Market Street, Suite 3600
4   San Francisco, California 94105
    Telephone: (415) 848-4900
5   Facsimile: (415) 848-4999

6   Elizabeth Hoult Fontaine (SBN 207557)
    fontainee@howrey.com
7   HOWREY LLP
    4 Park Plaza, Suite 1700
8   Irvine, California 92614
    Telephone: (949) 721-6900
9   Facsimile: (949) 721-6910

10  Attorneys for Plaintiff
    AUTHENTEC, INC.

11

12                  UNITED STATES DISTRICT COURT

13                 NORTHERN DISTRICT OF CALIFORNIA

14                    SAN FRANCISCO DIVISION

15  AUTHENTEC, INC., a Delaware Corporation,          Case No. C08 01423 (PH)

16                Plaintiff/Counterclaim
                  Defendant,
17                                                     **PLAINTIFF AUTHENTEC, INC.'S REPLY
           vs.                                         TO DEFENDANT ATRUA
18                                                     TECHNOLOGIES, INC.'S
    ATRUA TECHNOLOGIES, INC., a California             COUNTERCLAIMS AND AUTHENTEC,
19  Corporation,                                       INC.'S CROSS-CLAIMS**

20                Defendant/Counterclaimant.

21

22          In response to the Counterclaims asserted by Defendant Atrua Technologies, Inc. ("Atrua"), in

23  its Answer To First Amended Complaint; Counterclaim For Patent Infringement, Trade Libel,

24  Interference With Prospective Economic Advantage, Unfair Competition, False Advertising, and

25  Declaratory Judgment; Demand For Jury Trial filed on May 14, 2008 ("Atrua's Answer and

26  Counterclaims") (Dkt. No. 21), Plaintiff AuthenTec, Inc. ("AuthenTec") replies as follows, starting

27  with paragraph 38 because paragraphs 1-37 consist of Atrua's Answer.

28

AuthenTec denies any and all allegations in the Counterclaims except those expressly admitted herein and states as follows:

38. AuthenTec admits the allegations of paragraph 38 of Atrua's Answer and Counterclaims.

39. AuthenTec admits the allegations of paragraph 39 of Atrua's Answer and Counterclaims.

40. AuthenTec denies the allegations of paragraph 40 of Atrua's Answer and Counterclaims.

41. AuthenTec admits the allegations of paragraph 41 of Atrua's Answer and Counterclaims.

42. AuthenTec admits the allegations of paragraph 42 of Atrua's Answer and Counterclaims.

## <u>RESPONSE TO COUNTERCLAIM ONE</u>
### (Patent Infringement)

43. AuthenTec repeats its responses to the preceding paragraphs.

44. AuthenTec admits that U.S. Patent No. 7,197,168 ("the '168 patent") is titled "Method and System for Biometric Image Assembly from Multiple Partial Biometric Frame Scans," that Atrua is named as an assignee on the face of the '168 patent, and that a copy of the '168 patent is attached as Exhibit A to Atrua's Answer and Counterclaims. AuthenTec denies that the '168 patent duly and legally issued on May 27, 2007. As to the remainder of paragraph 44 of Atrua's Answer and Counterclaims, AuthenTec is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 44, and therefore denies those allegations.

45. AuthenTec is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of Atrua's Answer and Counterclaims, and therefore denies those allegations.

46. AuthenTec denies the allegations of paragraph 46 of Atrua's Answer and Counterclaims.

47.    AuthenTec denies the allegations of paragraph 47 of Atrua's Answer and Counterclaims.

## RESPONSE TO COUNTERCLAIM TWO
### (Trade Libel and Defamation)

48.    AuthenTec repeats its responses to the preceding paragraphs.

49.    AuthenTec is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of Atrua's Answer and Counterclaims, and therefore denies those allegations.

50.    AuthenTec admits that it sells fingerprint sensor devices.  AuthenTec admits that it had some discussions regarding Atrua in 2008.  AuthenTec denies the remainder of paragraph 50 of Atrua's Answer and Counterclaims.

51.    AuthenTec admits that it filed its Complaint for Patent Infringement against Atrua on March 12, 2008 and that a press release about the lawsuit dated March 14, 2008 states that "AuthenTec asserts that Atrua's products infringe multiple AuthenTec patents covering fingerprint sensor technologies."  As to the remainder of paragraph 51 of Atrua's Answer and Counterclaims, AuthenTec is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51, and therefore denies those allegations.

52.    AuthenTec denies the allegations of paragraph 52 of Atrua's Answer and Counterclaims.

53.    AuthenTec denies the allegations of paragraph 53 of Atrua's Answer and Counterclaims.

54.    AuthenTec denies the allegations of paragraph 54 of Atrua's Answer and Counterclaims.

55.    AuthenTec denies the allegations of paragraph 55 of Atrua's Answer and Counterclaims.

56.    AuthenTec denies the allegations of paragraph 56 of Atrua's Answer and Counterclaims.

1    57.    AuthenTec denies the allegations of paragraph 57 of Atrua's Answer and

2    Counterclaims.

3

4

### RESPONSE TO COUNTERCLAIM THREE
#### (Intentional Interference with Prospective Economic Relations)

5    58.    AuthenTec repeats its responses to the preceding paragraphs.

6    59.    AuthenTec is without knowledge or information sufficient to form a belief as to the

7    truth of the allegations of paragraph 59 of Atrua's Answer and Counterclaims, and therefore denies

8    those allegations.

9    60.    AuthenTec denies the allegations of paragraph 60 of Atrua's Answer and

10   Counterclaims.

11   61.    AuthenTec denies the allegations of paragraph 61 of Atrua's Answer and

12   Counterclaims.

13   62.    AuthenTec denies the allegations of paragraph 62 of Atrua's Answer and

14   Counterclaims.

15   63.    AuthenTec denies the allegations of paragraph 63 of Atrua's Answer and

16   Counterclaims.

17

18

### RESPONSE TO COUNTERCLAIM FOUR
#### (False Advertisement and Disparagement)

19   64.    AuthenTec repeats its responses to the preceding paragraphs.

20   65.    AuthenTec denies the allegations of paragraph 65 of Atrua's Answer and

21   Counterclaims.

22   66.    AuthenTec denies the allegations of paragraph 66 of Atrua's Answer and

23   Counterclaims.

24   67.    AuthenTec denies the allegations of paragraph 67 of Atrua's Answer and

25   Counterclaims.

26

27

28

## RESPONSE TO COUNTERCLAIM FIVE
### (Unfair Competition)

68.     AuthenTec repeats its responses to the preceding paragraphs.

69.     AuthenTec denies the allegations of paragraph 69 of Atrua's Answer and Counterclaims.

70.     AuthenTec denies the allegations of paragraph 70 of Atrua's Answer and Counterclaims.

71.     AuthenTec denies the allegations of paragraph 71 of Atrua's Answer and Counterclaims.

## RESPONSE TO COUNTERCLAIM SIX
### (Declaratory Judgment of Noninfringement and Invalidity of the '248 Patent)

72.     AuthenTec repeats its responses to the preceding paragraphs.

73.     AuthenTec neither admits nor denies paragraph 73 of Atrua's Answer and Counterclaims containing no allegations.  To the extent that this paragraph purports to claim that the '248 patent is invalid, AuthenTec denies such claims.

74.     AuthenTec neither admits nor denies paragraph 74 of Atrua's Answer and Counterclaims containing no allegations.  To the extent that this paragraph purports to claim that Atrua does not infringe the '248 patent, AuthenTec denies such claims.

## RESPONSE TO COUNTERCLAIM SEVEN
### (Declaratory Judgment of Noninfringement and Invalidity of the '439 Patent)

75.     AuthenTec repeats its responses to the preceding paragraphs.

76.     AuthenTec neither admits nor denies paragraph 76 of Atrua's Answer and Counterclaims containing no allegations.  To the extent that this paragraph purports to claim that the '439 patent is invalid, AuthenTec denies such claims.

77.     AuthenTec neither admits nor denies paragraph 77 of Atrua's Answer and Counterclaims containing no allegations.  To the extent that this paragraph purports to claim that Atrua does not infringe the '439 patent, AuthenTec denies such claims.

## RESPONSE TO COUNTERCLAIM EIGHT
**(Declaratory Judgment of Noninfringement and Invalidity of the '526 Patent)**

78.    AuthenTec repeats its responses to the preceding paragraphs.

79.    AuthenTec neither admits nor denies paragraph 79 of Atrua's Answer and Counterclaims containing no allegations.  To the extent that this paragraph purports to claim that the '526 patent is invalid, AuthenTec denies such claims.

80.    AuthenTec neither admits nor denies paragraph 80 of Atrua's Answer and Counterclaims containing no allegations.  To the extent that this paragraph purports to claim that Atrua does not infringe the '526 patent, AuthenTec denies such claims.

## RESPONSE TO COUNTERCLAIM NINE
**(Declaratory Judgment of Noninfringement and Invalidity of the '679 Patent)**

81.    AuthenTec repeats its responses to the preceding paragraphs.

82.    AuthenTec neither admits nor denies paragraph 82 of Atrua's Answer and Counterclaims containing no allegations.  To the extent that this paragraph purports to claim that the '679 patent is invalid, AuthenTec denies such claims.

83.    AuthenTec neither admits nor denies paragraph 83 of Atrua's Answer and Counterclaims containing no allegations.  To the extent that this paragraph purports to claim that Atrua does not infringe the '679 patent, AuthenTec denies such claims.

## RESPONSE TO COUNTERCLAIM TEN
**(Declaratory Judgment of Noninfringement and Invalidity of the '804 Patent)**

84.    AuthenTec repeats its responses to the preceding paragraphs.

85.    AuthenTec neither admits nor denies paragraph 85 of Atrua's Answer and Counterclaims containing no allegations.  To the extent that this paragraph purports to claim that the '804 patent is invalid, AuthenTec denies such claims.

86.    AuthenTec neither admits nor denies paragraph 86 of Atrua's Answer and Counterclaims containing no allegations.  To the extent that this paragraph purports to claim that Atrua does not infringe the '804 patent, AuthenTec denies such claims.

## RESPONSE TO COUNTERCLAIM ELEVEN
### (Declaratory Judgment of Patent Unenforceability for U.S. Patent 6,661,439)

87.     AuthenTec admits only that Harris Corporation is listed as an original assignee of the '248 patent.  AuthenTec denies Atrua's allegations in paragraph 87 of Atrua's Answer and Counterclaims to the extent that the '439 patent refers to U.S. Patent No. 6,661,439 referenced in Counterclaim Eleven.  AuthenTec is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 87 of Atrua's Answer and Counterclaims, and therefore denies those allegations.

88.     AuthenTec is without knowledge or information sufficient to form a belief as to the truth of whether during prosecution of a '298 patent the Examiner cited U.S. Patent No. 5,325,442, and therefore denies those allegations.

89.     AuthenTec denies the allegations of paragraph 89 of Atrua's Answer and Counterclaims.

90.     AuthenTec denies the allegations of paragraph 90 of Atrua's Answer and Counterclaims.

## AFFIRMATIVE DEFENSES

For its separate affirmative defenses, AuthenTec avers as follows:

### Failure to State a Claim

1.     Atrua's counterclaims fail to state a claim upon which relief may be granted.

### Noninfringement

2.     AuthenTec does not infringe, nor has it ever infringed, any valid claim of the '168 patent, either directly of indirectly, through inducement or by contributory infringement, literally or under the doctrine of equivalents.

### Invalidity

3.     Each claim of the '168 patent is invalid or void for failure to comply with one or more provisions of the Patent Laws of the United States of America, Title 35, United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

1

**Laches**

2      4.      On information and belief, Atrua's claims for relief are barred, in whole or in part, by

3  the doctrine of laches.

4

**Waiver/Estoppel**

5      5.      On information and belief, Atrua's claims for relief are barred, in whole or in part, by

6  the doctrines of waiver and/or estoppel.

7

**Truth**

8      6.      On information and belief, any statements allegedly made or caused to be made by

9  AuthenTec concerning Atrua were truthful, thereby barring Atrua's claims for relief.

10

**Justification**

11     7.      On information and belief, any actions allegedly taken by AuthenTec and purportedly

12  affecting Atrua were legally justified, thereby barring Atrua's claims for relief.

13

**Competition Privilege**

14     8.      On information and belief, the competition privilege applies to any alleged actions of

15  AuthenTec purportedly affecting Atrua, thereby barring Atrua's claims for relief.

16

**Litigation Privilege**

17     9.      On information and belief, the litigation privilege applies to any alleged statements of

18  AuthenTec concerning Atrua, thereby barring Atrua's claims for relief.

19

**Prosecution History Estoppel**

20     10.     On information and belief, Atrua's claims for relief are barred, in whole or in part, by

21  the doctrine of prosecution history estoppel.

22

**Unclean Hands**

23     11.     On information and belief, Atrua's claims for relief are barred, in whole or in part, by

24  the doctrine of unclean hands.

25

**Unenforceability**

26     12.     Atrua's claims for relief are barred, in whole or in part, due to the unenforceability of

27  the '168 patent claims.

28

## CROSS-CLAIMS TO ATRUA'S INFRINGEMENT COUNTERCLAIMS

### THE PARTIES

13.    AuthenTec is a Delaware corporation having a principal place of business at 709 South Harbor City Boulevard, Melbourne, Florida 32901.

14.    Atrua is a California corporation having a principal place of business at 1696 Dell Avenue, Campbell, California 95008.

### JURISDICTION

15.    This Court has subject matter jurisdiction over these cross-claims under at least 28 U.S.C. §§ 1131, 1338(a), and 1367 and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

### FIRST CLAIM FOR RELIEF

### (Declaration of Non-Infringement of the '168 Patent)

16.    AuthenTec repeats all of the preceding paragraphs as if fully set forth herein.

17.    Based on Atrua's filing of its counterclaim and AuthenTec's affirmative defenses, an actual controversy has arisen and now exists between the parties as to whether any of AuthenTec's products infringe any valid and enforceable claim of the '168 patent.

18.    AuthenTec's products do not infringe and have never infringed any valid and enforceable claim of the '168 patent, either literally or under the doctrine of equivalents, nor is AuthenTec actively inducing or contributing to the infringement of the '168 patent.  Therefore, AuthenTec is not liable for any damages purportedly arising form Atrua's accusation of infringement.

19.    AuthenTec desires and requests judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above.  Such determination and resulting declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the noninfringement of the '168 patent.

20.    Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, AuthenTec accordingly requests a declaration from the Court that AuthenTec does not infringe any claim of the '168 patent in any way.

## SECOND CLAIM FOR RELIEF
### (Declaration of Invalidity of the '168 Patent)

21.     AuthenTec repeats all of the preceding paragraphs as if fully set forth herein.

22.     The '168 patent, and each claim thereof, is invalid for failure to comply with the conditions and requirements of patentability set forth in Title 35 of the United States Code, particularly 35 U.S.C. § 101, *et seq.*

23.     The '168 patent, and each claim thereof, is invalid for failure to comply with the provisions of 35 U.S.C. § 102.

24.     The '168 patent, and each claim thereof, is invalid for failure to comply with the provisions of 35 U.S.C. § 103.

25.     The '168 patent, and each claim thereof, is invalid for failure to comply with the provisions of 35 U.S.C. § 112.

26.     AuthenTec desires and requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited above.  Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties regarding the invalidity of the '168 patent.

27.     Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, AuthenTec accordingly requests a declaration from the Court that the '168 patent is invalid and unenforceable.

## DEMAND FOR JURY

A trial by jury is requested for all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, AuthenTec respectfully prays for the following relief:

A.     A judgment that Atrua take nothing by its counterclaims;

B.     A judgment that Atrua's counterclaims be dismissed with prejudice and that all relief requested therein be denied with prejudice;

C.     A judgment declaring that AuthenTec does not infringe any valid and enforceable claim of the '168 patent in any way;

D.     A judgment declaring that each claim of the '168 patent is invalid;

Case No. C08 01423 PH
AUTHENTEC'S RESPONSES TO ATRUA'S
COUNTERCLAIMS & AUTHENTEC'S CROSS-CLAIMS
DM_US:21265590_1

-10-

1    E.    That Atrua is not entitled to any injunctive relief;

2    F.    A finding that this case is an exceptional case and entry of judgment awarding

3    AuthenTec its costs, expenses, and reasonable attorneys' fees under 35 U.S.C. § 285 or as otherwise

4    permitted by law;

5    G.    For attorneys' fees occurred herein, as permitted;

6    H.    For costs of suit incurred herein; and

7    I.    For other such relief as the Court deems appropriate.

8    Dated:  June 6, 2008                    Respectfully submitted,

9                                            HOWREY LLP

10

11                                           By:  _____/s/ Denise M. De Mory_____

12                                                Denise M. De Mory
                                                  Attorneys for Plaintiff
13                                                AuthenTec, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C08 01423 PH                              -11-
AUTHENTEC'S RESPONSES TO ATRUA'S
COUNTERCLAIMS & AUTHENTEC'S CROSS-CLAIMS
DM_US:21265590_1