Henry C. Bunsow (SBN 60707)
bunsowh@howrey.com
Denise M. De Mory (SBN 168076)
demoryd@howrey.com
Brian A.E. Smith (SBN 188147)
smithbrian@howrey.com
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999

Attorneys for Plaintiff and Counter-Defendant
AUTHENTEC, INC.

J. JAMES LI (SBN 202855)
lij@gtlaw.com
DAVID J. PEREZ (SBN 238136)
perezd@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue, Fifth Floor
East Palo Alto, California 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

Attorneys for Defendant and Counterclaimant
ATRUA TECHNOLOGIES, INC.

Elizabeth Hoult Fontaine (SBN 207557)
fontainee@howrey.com
HOWREY LLP
4 Park Plaza, Suite 1700
Irvine, California 92614
Telephone: (949) 721-6900
Facsimile: (949) 721-6910

MARK L. HOGGE
(Admitted *Pro Hac Vice*)
hoggem@gtlaw.com
SHAILENDRA K. MAHESHWARI
(Admitted *Pro Hac Vice*)
maheshwaris@gtlaw.com
GREENBERG TRAURIG, LLP
2101 L Street, N. W., Suite 1000
Washington, D.C. 20037
Telephone: (202) 331-3100
Facsimile: (202) 331-3101

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AuthenTec, Inc., a Delaware corporation,<br><br>       Plaintiff,<br><br>   vs.<br><br>Atrua Technologies, Inc., a California corporation,<br><br>       Defendant. | Case No. C 08-1423 PJH<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER**<br><br>Judge: Hon. Phyllis J. Hamilton |
| Atrua Technologies, Inc., a California corporation,<br><br>       Counterclaimant,<br><br>   vs.<br><br>AuthenTec, Inc. , a Delaware corporation,<br><br>       Counter-Defendant | |

Plaintiff AuthenTec, Inc., ("AuthenTec") and defendant Atrua Technologies, Inc. ("Atrua") respectfully submit their Joint Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

**1.  Jurisdiction and Service**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) because this action arises under the patent laws of the United States, including 35 .S.C. §§ 101, *et seq.* and 271, *et seq.*  No issues are disputed with respect to personal jurisdiction or venue.  All parties have been served.

**2.  Facts**

**AuthenTec's Statement**

AuthenTec asserts that it is the world-leading fingerprint sensor company and has developed a significant patent portfolio of 40 issued and 29 pending United States patents.  Atrua is an AuthenTec competitor that AuthenTec alleges infringes AuthenTec patents.  AuthenTec filed the Complaint in this action on March 12, 2008 alleging infringement of three AuthenTec patents.  On April 25, 2008, AuthenTec filed its First Amended Complaint asserting two additional patents.  The AuthenTec patents asserted in this action are U.S. Patent Nos. 5,862,248 ("the '248 patent"); 6,667,439 ("the '439 patent"); 5,940,526 ("the '526 patent); 5,963,679 ("the '679 patent"); and 6,259,804 ("the '804 patent") (collectively, "AuthenTec's patents-in-suit").  AuthenTec's patents-in-suit relate generally to fingerprint sensor devices and related methods and integrated circuit packages.

Atrua asserted unfair competition claims and a claim that AuthenTec infringes one Atrua patent in its answer to AuthenTec's First Amended Complaint.  AuthenTec asserts the infringement claim and the unfair competition claims lack merit.  AuthenTec anticipates that at least Atrua's patent infringement claim can be resolved on summary judgment early in the case.

**Atrua's Statement**

Atrua asserts that it has a successful swipe fingerprint sensor technology, which is unique and preferred by some major mobile phone manufacturers.  As a result, Atrua avers that it has been gaining market share at the expense of AuthenTec in the mobile phone market.  Atrua believes that AuthenTec

1 | has engaged in deliberately or negligently making false statements about Atrua and its products

2 | including interfering with a prospective merger partner in an improper effort to stem Atrua's

3 | momentum in the marketplace.  Atrua avers that this lawsuit is part of AuthenTec's strategy to prevent

4 | lawful competition from Atrua.  Atrua contends that it is not infringing the patents asserted by

5 | AuthenTec and, in fact, Atrua believes that AuthenTec is infringing an Atrua patent, US. Patent No.

6 | 7,197,168 ("the '168 patent") entitled "Method and System for Biometric Image Assembly from

7 | Multiple Partial Biometric Frame Scans."  Accordingly, Atrua answered and counterclaimed on May

8 | 14, 2008.

### 3.  Legal Issues

AuthenTec asserts that the AuthenTec patents-in-suit are valid, enforceable and infringed by Atrua.  Additionally, AuthenTec contests the infringement and validity of Atrua's '168 patent and contests Atrua's counterclaims, including trade libel and defamation, intentional interference with prospective economic relations, false advertisement and disparagement, and unfair competition.

Atrua denies that it infringes AuthenTec's patents-in-suit.  Atrua contends that AuthenTec's patents-in-suit are invalid and/or unenforceable.  Atrua further contends that the '168 patent is valid, enforceable, and infringed by AuthenTec, and that AuthenTec is liable to Atrua for trade libel, defamation, intentional interference with economic advantage, false advertisement, disparagement, and unfair competition.

### 4.  Motions

No motions have been filed to date, however, AuthenTec intends to file a motion to sever and stay Atrua's unfair competition counterclaims because they depend almost exclusively on the outcome of the AuthenTec's patent claims and involve different discovery.  Moreover, AuthenTec likely will file a motion for summary judgment of non-infringement and/or invalidity relative to Atrua's '168 patent as well as on its affirmative claims.   AuthenTec understands that this Court normally allows only one summary judgment motion.  To expedite resolution of this matter, and eliminate significant discovery, AuthenTec respectfully requests that it be permitted to serve a short (15 pages or less) noninfringement motion related to Atrua's '168 shortly after Atrua serves its infringement contentions.

Atrua disagrees with AuthenTec's statement concerning Atrua's counterclaims and will reserve argument thereon until proper motion practice has been initiated. Atrua requests that AuthenTec be held to the one-summary-judgment-motion rule because its proposed motion is based heavily on factual arguments and is no different from any other ordinary summary judgment motion. Atrua itself will likely file a motion for summary judgment of non-infringement and/or invalidity relative to AuthenTec's patents-in-suit.

**5. <u>Amendment of Pleadings</u>**

AuthenTec intends to amend its complaint to assert unfair competition claims against Atrua. The parties are currently discussing a potential stipulation regarding the amendment. If a stipulation cannot be reached, AuthenTec will file a motion on or before July 24, 2008. Atrua also reserves the right to file additional claims against AuthenTec. The parties agree that final deadline for Rule 15 amendments should be 120 days after the case management conference.

**6. <u>Evidence Preservation</u>**

The parties have instituted standard practices for the preservation of electronically stored information, including litigation holds.

**7. <u>Disclosures</u>**

The parties have agreed to provide initial disclosures pursuant to Fed. R. Civ. P. 26(f) on July 24, 2008, 14 days after the initial case management conference, which is scheduled for July 10, 2008.

**8. <u>Discovery</u>**

AuthenTec and Atrua have agreed to follow the presumptive discovery limits set forth in the Federal and Local Rules. AuthenTec and Atrua have served initial discovery.

**9. <u>Class Action</u>**

This case does not involve a class action.

**10. <u>Related Cases</u>**

There are no related cases within the meaning of Civ. L.R. 3-12.

**11. <u>Relief</u>**

AuthenTec seeks a judgment that Atrua has infringed and continues to infringe AuthenTec's patents-in-suit, that such infringement is willful and deliberate, and that this is an exceptional case

1  under 35 U.S.C. §§ 284 and 285.  AuthenTec seeks damages, preliminary and permanent injunctive

2  relief, attorney fees, costs, and such other and further relief as the court may deem just and proper.

3  AuthenTec also seeks a declaration that Atrua's patent is invalid and not infringed.

4      Atrua seeks a judgment that AuthenTec has infringed and continues to infringe Atrua's '168

5  patent, that such infringement is willful and deliberate, and that this is an exceptional case under 35

6  U.S.C. §§ 284 and 285.  Atrua also seeks a judgment that AuthenTec's patents-in-suit are invalid

7  and/or unenforceable, and that AuthenTec is liable for trade libel and defamation, intentional

8  interference with economic relations, false advertisement and disparagement, and unfair competition.

9  Atrua is seeking compensatory and punitive damages.

10     **12. Settlement and ADR**

11     The parties already have agreed to mediation pursuant to the Northern District ADR Local

12  Rules and filed the ADR certification with the Court on June 26, 2008 pursuant to ADR L.R. 3-5.  This

13  Court referred the case to mediation on June 27, 2008.

14     **13. Consent to Magistrate Judge for All Purposes**

15     The parties do not consent to assignment to a magistrate judge for all purposes.

16     **14. Other References**

17     The parties do not believe that the case is suitable for reference to binding arbitration, a special

18  master, or the Judicial Panel on Multidistrict Litigation.

19     **15. Narrowing of Issues**

20     AuthenTec believes that Atrua's unfair competition counterclaim should be severed and stayed

21  as discussed above.  Atrua does not believe that severing and staying Atrua's causes of action results in

22  a narrowing of issues for litigation, rather such a tactic is to stage issues.  Regardless, it is too soon in

23  the case to determine whether staging of issues for litigation will further judicial economy.  The

24  Markman proceedings and summary judgment practice are expected to result in a significant

25  narrowing of issues.

26  ///

27  ///

28

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No. C 08-1423 PJH

**16. Expedited Schedule**

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

**17. Scheduling**

The parties propose the following schedule and request that the Court enter a scheduling Order establishing these dates and deadlines or such other dates and deadlines as the Court may deem appropriate.

| EVENT | Proposed Schedule |
|---|---|
| Initial Case Management Conference | July 10, 2008 |
| Rule 26 Initial Disclosures | July 24, 2008 |
| Disclosure of Asserted Claims and Preliminary Infringement Contentions and Materials Identified in Patent L.R. 3-1 and 3-2 | August 8, 2008 |
| Disclosure of Preliminary Invalidity Contentions and Materials Identified in Patent L.R. 3-3 and 3-4 | October 8, 2008 |
| Exchange of Identification of 10 terms for construction. | October 15, 2008 |
| Last Date for Meet and Confer re list of claim terms; Final list of 10 claim terms (Patent L.R. 4-1; Judge Hamilton's Standing Order) | October 22, 2008 |
| Exchange of Preliminary Claim Constructions (Patent L.R. 4-2); Disclosure of intention to rely on expert testimony for claim construction. | November 11, 2008 |
| Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3) | December 22, 2008 |
| Joint Claim Construction Discovery Cut-Off (Patent L.R. 4-4) | January 30, 2009 |
| Plaintiffs Opening Claim Construction Brief (Patent L.R. 4-5 (a)) | February 13, 2009 |
| Defendants' Responsive Claim Construction Brief (Patent L.R. 4-5 (b)) | February 27, 2009 |
| Plaintiffs' Reply Claim Construction Brief (Patent L.R. 4-5 (c)) | March 13, 2009 |
| Patent Tutorial (PJH patent order ¶6) | March 18, 2009 |
| Claim Construction Hearing (Patent L.R. 4-6) | April 1, 2009 |
| Deadline to disclose intent to rely on Advice of Counsel | 50 Days After Claim Construction Order |
| Fact Discovery Cut-Off | 75 Days After Claim Construction Order |
| Willfulness Discovery Cut-Off | 75 Days After Claim Construction Order |

| Deadline for Expert Reports for Issues on Which the Parties Bear the Burden | 90 Days After Claim Construction Order |
| --- | --- |
| Deadline for Rebuttal Expert Reports | 110 Days After Claim Construction Order |
| Expert Discovery Cut-Off | 155 Days After Claim Construction Order |
| Deadline for Filing of Dispositive and *Daubert* Motions | 175 Days After Claim Construction Order |

**18. <u>Trial</u>**

At this time, AuthenTec believes that this case can be tried to a jury in 10 days or less.

Atrua requests 15 days for the jury trial because the case has six patents and various tort claims at issue.

**19. <u>Disclosure of Non-party Interested Entities or Persons</u>**

AutehnTec re-certifies that there are no interested parties other than AuthenTec.

Atrua certifies that there are no interested parties other than Atrua Technologies, Inc.

Dated:  July 3, 2008                     HOWREY LLP


By:  _____/s/ *Denise M. De Mory*_____
                                        Denise M. De Mory
                                        Attorneys for Plaintiff
                                        AUTHENTEC, INC.

Dated:  July 3, 2008                     GREENBERG TRAURIG, LLP


By:  _____/s/ *J. James Li*_____
                                        J. James Li
                                        Attorneys for Defendant
                                        ATRUA TECHNOLOGIES, INC.


**IT IS SO ORDERED.**

Dated: _____


_____
                                        Hon. Phyllis J. Hamilton
                                        United States District Judge