J. JAMES LI (SBN 202855)
*lij@gtlaw.com*
DAVID J. PEREZ (SBN 238136)
*perezdj@gtlaw.com*
GREENBERG TRAURIG, LLP
1900 University Avenue, Fifth Floor
East Palo Alto, California 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

MARK L. HOGGE (*Pro Hac Vice*)
*hoggem@gtlaw.com*
SHAILENDRA K. MAHESHWARI (*Pro Hac Vice*)
*maheshwaris@gtlaw.com*
GREENBERG TRAURIG, LLP
2101 L Street, N. W., Suite 1000
Washington, D.C. 20037
Telephone: (202) 331-3100
Facsimile: (202) 331-3101

Attorneys for Defendant and Counterclaimant,
ATRUA TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

AUTHENTEC, INC., a Delaware Corporation,

Plaintiff,

v.

ATRUA TECHNOLOGIES, INC., a California Corporation,

Defendant.

---

ATRUA TECHNOLOGIES, INC., a California Corporation,

Counterclaimant,

v.

AUTHENTEC, INC., a Delaware Corporation,

CounterDefendant.

Case No. C08-01423 PJH

**DECLARATION OF J. JAMES LI IN SUPPORT OF MOTION FOR ENTRY OF PROTECTIVE ORDER AND TO COMPEL PRODUCTION OF SOURCE CODE**

I, J. James Li, hereby declare:

1.    I am an attorney duly licensed to practice before the United States District Court for the Northern District of California. I am a Shareholder of the law firm Greenberg Traurig LLP, attorneys of record for Defendant and Counterclaimant Atrua Technologies, Inc. ("Atrua"), in the matter of *Authentec, Inc. v. Atrua Technologies, Inc.*, No. C 08-01423 PJH, in the U.S. District Court for the Northern District of California, San Francisco Division.

2.    I make this declaration in support of Atrua's Motion for Entry of Protective Order and to Compel Production of Source Code. This declaration is based upon my own personal knowledge.

3.    Since July 2008, Atrua and AuthenTec have been discussing the possibility of stipulated protective order ("PO") for protecting confidential documents to be produced in this case. AuthenTec's counsel was supposed to prepare the first draft of the proposed PO but did not complete the task until August 5, 2008. Attached hereto as Exhibit "A" is a true and correct copy of Authentec's first draft of the proposed PO.

4.    For source codes, initially the parties agreed that they should be produced in their native electronic format. AuthenTec never mentioned the restrictive provision until it provided Atrua with its draft PO. AuthenTec's draft PO contains a highly restrictive provision on source code.

5.    Upon receiving AuthenTec's draft PO, I immediately informed AuthenTec's counsel that Atrua cannot accept the draft source code provision because it is overly burdensome to Atrua. On August 5, 2008, the parties met and conferred telephonically regarding discovery issues, including the protective order for this case, but were unable to reach an agreement as to the source code provision. Subsequently, the parties communicated extensively through emails to attempt to reach an agreement on the source code issue. On August 11, 2008, the parties met and conferred telephonically again but could not reach an agreement on any special provision regarding source code protection. During the meet and confer, counsel for AuthenTec informed Atrua that AuthenTec's source code is in excess of 100 gigabits in electronic volume.

6.    On August 12, 2008, I sent an email to Ms. DeMory, attaching Atrua's redlined revisions of the draft protective order. Attached hereto as Exhibit "B" is a true and correct copy of Atrua's redlined draft protective order.

7. On August 14, 2008, Ms. DeMory sent an email to me and attached Authentec's revised protective order that deleted the source code protection provision. Ms. DeMory stated that the parties should move forward on the PO with the source code provision and may enter a separate agreement regarding how to produce source code later. Atrua rejected the proposal.

8. I personally have litigated many software cases. The two most recent cases in this District is *EnReach Technology, Inc. v. Embedded Internet Solutions, Inc.*, Case No. C 04 01255 CW (N.D. Cal.) and *Advante International Corp. v. Mintel Learning Technology, Inc.*, Case No. C05-01022. In both cases, the source code were the crown jewels of the companies involved and they were produced in their native electronic format under the designation "Highly Confidential—Outside Counsel's Eyes Only." As far as I know, there has never been a provision in the PO for any software case that requires counsel to review source code only in the producing party's office.

9. In Atrua's proposed PO, Atrua changed the scope of the permitted disclosure for documents with "confidential" designation from in-house counsel to parties. AuthenTec disagreed with such changes and insisted that such documents should be limited to in-house counsel. Atrua has no in-house legal staff. The Parties have been unable to reach an agreement on this issue.

10. Of the six patents at issue in this case, AuthenTec's five patents are primarily concerning hardware configurations while the patent that Atrua asserts under its counterclaims, U.S. Pat. No. 7,197,168, is primarily implemented by software.

11. Based on my past experience on software litigation, for more than 100 GB source code, it is anticipated that hundreds of hours will have to be spent by both Atrua's counsel and its expert witness to search, review, summarize, and even to compile parts of the code to test its functionality.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that this declaration was executed on August 21, 2008, at East Palo Alto, California.

/s/
J. JAMES LI

**EXHIBIT A**

**DRAFT – FOR DISCUSSION PURPOSES ONLY**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

AuthenTec, Inc., a Delaware corporation,

Plaintiff,

vs.

Atrua Technologies, Inc., a California corporation,

Defendant.

Case No. C 08-1423-PJH

**STIPULATED PROTECTIVE ORDER**

**1. Purpose**

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiffs AuthenTec, Inc. ("AuthenTec") and Defendant Atrua Technologies, Incorporated ("Atrua") jointly submit this Stipulated Protective Order to govern the parties' handling of materials and information disclosed or received in connection with this action. The parties are or may be competitors and believe that disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Each of the parties has made a showing that good cause exists to believe that public disclosure and/or unfettered disclosure of confidential information to the other party will result in prejudice or competitive harm. Each of the parties accordingly believes that it will serve its interests and the interests of justice to conduct discovery and proceedings pursuant to a protective order under Federal Rule of Civil Procedure 26(c).

**2. Definitions**

2.1 **Party**: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel, including their support staff.

2.2 **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner generated, stored, or maintained, including without limitation documents, things, pleadings, interrogatory responses, responses to requests for admissions, deposition testimony, responses to third-party subpoenas, and any other disclosure or discovery generated or produced in this litigation, including all information revealed by or contained in the disclosure or discovery.

2.3 **Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.4 **Producing Party**: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.5 **Designating Party**: a Party or non-party that designates information or items that it produces in disclosures or responses to discovery as CONFIDENTIAL or HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY.

2.6 **Protected Material**: any Disclosure or Discovery Material that is designated CONFIDENTIAL or HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY.

2.7 **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information**: any Disclosure or Discovery Material of any type, kind or character that is designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by any of the Receiving or Producing Party. In designating information as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, a party will make designations only as to that information that it in good faith believes contains HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information, meaning any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Disclosure or Discovery Material that a Producing Party believes should not be disclosed to any Party or to any employee of the Receiving Party, subject to the provisions of this Order.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information includes without limitation:

(i) proprietary research and/or development information and specifications or future product plans;

(ii) trade secrets;

(iii) personal information of an employee that the Party or non-party, or any predecessor in interest to a Party or non-party, regards as confidential; and

(iv) source code;

(v) proprietary commercial information, including business and financial information; and,

(vi) any other extremely sensitive non-public information that has not been disclosed to third-parties, the disclosure of which is likely to create a substantial risk of injury or have the effect of causing significant competitive harm to the Disclosing Party or party from which the information was obtained.

Nothing shall be regarded as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information if it is information that:

(i) is in the public domain at the time of disclosure, as evidenced by a written document;

(ii) becomes part of the public domain through no fault of the other Party, as evidenced by a written document;

(iii) was in the Receiving Party's rightful and lawful possession at the time of disclosure, as evidenced by a written document; or

(iv) is lawfully received by the Receiving Party from a third party at a later date without restriction as to disclosure, provided the third party has the right to make the disclosure to the Receiving Party.

2.8 **CONFIDENTIAL Information**: any Disclosure or Discovery Material of any type, kind or character that is designated as CONFIDENTIAL by any of the Receiving or Producing Party. In designating information as CONFIDENTIAL, a party will make designations only as to that information that it in good faith believes contains CONFIDENTIAL information.

CONFIDENTIAL information is that which has not been made known to the general public, but that does not fall into any category described in section 2.7(a) above CONFIDENTIAL information includes without limitation non-public technical, business, or financial information, including but not limited to technical, business, or financial information that has been communicated to customers or potential customers (such as manuals, programming guides, data sheets, released product specifications, and pricing information).

Nothing shall be regarded as CONDIFENTIAL if it is information that:

(i) is in the public domain at the time of disclosure, as evidenced by a written document;

(ii) becomes part of the public domain through no fault of the other Party, as evidenced by a written document;

(iii) was in the Receiving Party's rightful and lawful possession at the time of disclosure, as evidenced by a written document; or

(iv) is lawfully received by the Receiving Party from a third party at a later date without restriction as to disclosure, provided the third party has the right to make the disclosure to the Receiving Party.

2.9 **Expert**: a person retained by a Party or its counsel to serve as an expert witness, independent consultant, or provide other litigation support in this action.

2.10 **Professional Vendors**: persons or entities that provide litigation support services, including for example and without limitation, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, retrieving data in any form or medium, and including their employees and subcontractors.

**3. Designating Protected Material**

Each Party or non-party that designates information or items for protection under this Order must take care to limit any designations to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose, for example, to

unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties, expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

**4. Disclosure of Materials Designated CONFIDENTIAL**

Disclosure or Discovery Material designated CONFIDENTIAL shall be maintained in confidence by the Receiving Party and may be disclosed only to the following **Qualified Persons**:

(a) The Court and its officers;

(b) Outside counsel of record, employees of outside counsel or contract attorneys who are working under the direct supervision of outside counsel, and Professional Vendors,

(c) One attorney who is an employee of a party to this action employed that is responsible for this case and identified to the Designating Party prior to disclosure of Confidential Material ("Identified In-House Counsel") and Identified In-House Counsel's legal assistants and secretaries working under the direct supervision of Identified In-House Counsel, provided that each Identified In-House Counsel has signed the Confidentiality Agreement and Undertaking attached as Exhibit A;

(d) Experts, as defined in Paragraph 2.9, who are expressly engaged by outside counsel to provide expert testimony in this matter or to assist in discovery and/or preparation of this action for trial, with disclosure only to the extent necessary to perform the work, and provided that they sign the Confidentiality Agreement and Undertaking attached as Exhibit A, but only in accordance with the procedures and limitations set forth in Paragraph 6;

(e) Any person that is an author, addressee or recipient of the document or thing and there is provable indicia of that fact exists, and provided access is limited to only that particular document or thing, unless otherwise authorized by the Court or stipulated by the parties, provided that each said person has signed the Confidentiality Agreement and Undertaking attached as Exhibit A, and the obligation on each said person to maintain the confidentiality of materials designated as CONFIDENTIAL pursuant to this Order shall be deemed continuing; and

(f) Any other person as to whom the Producing Party agrees in writing in advance of any disclosure.

**5. Disclosure Of Materials Designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Discovery materials designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY shall be maintained in confidence by the Receiving Party and may be disclosed only to the following persons:

(a) The Court and its officers;

(b) Outside counsel of record, employees of outside counsel working under the direct supervision of outside counsel, and Professional Vendors working under a confidentiality agreement with outside counsel;

(c) Experts, as defined in Paragraph 2.9, who are expressly engaged by outside counsel to provide expert testimony in this matter or to assist in discovery and/or preparation of this action for trial, with disclosure only to the extent necessary to perform the work, and provided that they sign the Confidentiality Agreement and Undertaking attached as Exhibit A, but only in accordance with the procedures and limitations set forth in Paragraph 6; and

(d) Any other person as to whom the Producing Party agrees in writing in advance of any disclosure.

**6. Identification Of Persons Receiving Protected Materials**

Any person described in Paragraphs 4(d) or 5(c) shall be identified to the other Party in writing (with a copy of the disclosure sent to all other Parties or any affected non-parties) before any CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material is shown to him or her.

To qualify as an Expert who may have access to CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material, each of the following criteria must be satisfied before any Protected Materials may be disclosed:

(a) The proposed Expert must be identified as a potential Expert to whom the Party intends to disclose confidential materials, and satisfy the requirements of Paragraph 4(d) and 5(c). The identification shall provide the person's

(i) name;

(ii) business affiliation, and title, if any;

(iii) business address; and

(iv) for Experts described in Paragraphs 4(d) and 5(c),

(a) resume or curriculum vitae; and

(b) if not included in the curriculum vitae, a summary of the person's employment history for the past five years and description of every current or previous employment or consulting relationship for the past four years.

(b) The proposed Expert shall be made aware of the provisions of this Order, and shall agree to be bound by it as signified by signing a copy of the undertaking annexed at Exhibit A.

(c) The proposed Expert shall not work with or for a Party in any non-litigation capacity, including but not limited to patent prosecution, licensing, consulting, product design, product development, product planning, or marketing.

(d) The proposed Expert shall neither be nor have been previously engaged by the opposing party in the past five years and still be under an obligation to preserve that party's confidential information.

The Party whose information is sought to be disclosed shall have ten calendar (10) days from the receipt of the identification to object to the disclosure, stating the reasons for the objection. If an objection is timely made, there shall be no disclosure of the CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material until the issue is resolved either by the parties or by Court order. The 10-day time period shall not begin until complete disclosures are made pursuant to Paragraph 6(a).

The persons receiving CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material are prohibited from disclosing it to any other person, except in conformance with this Order. The exchange of undertakings signed by the persons described in Paragraphs 4(d) and

5(c) shall not constitute a waiver of the attorney-client, attorney work-product, or any other privilege and shall not subject consultants who are not designated as testifying experts to discovery except to confirm compliance with this Order.

**7. Designation and Review of Source Code**

A Party's source code is presumed to be designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. To facilitate the review of source code, the parties agree to the following procedure to ensure the necessary protections for each Party's source code:

(a) Source code for review will be loaded onto a review computer or computers stripped of all functionalities but for those necessary to conduct the review.

(b) The review computer or computers will be made available for the Receiving Party's inspection either at the Producing Party's outside counsel's offices, or at another location mutually agreed upon by the parties.

(c). The Receiving Party shall provide at least forty-eight (48) hours notice to the Producing Party of its intent to inspect the source code review computer or computers. The Producing Party, however, shall consider requests with less than forty-eight (48) hours notice in good faith and make reasonable efforts to accommodate such requests.

(d) The Producing Party will provide a printer connected to the review computer or computers for the Receiving Party to print hard copies of source code. Printed hard copies of the source code are subject to certain further restriction and procedures:

(i) The Receiving Party will print the desired hard copies of source code and provide the hard copies to the Producing Party for marking with the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation and producing to the Receiving Party. The Producing Party shall provide the marked hard copies to the Receiving Party with five calendar days (5) days of the source code inspection. The Producing Party, however, shall consider requests to produce hard copies in less than five (5) days in good faith and make reasonable efforts to accommodate such requests. Receiving Party will pay for the production set of printed source code.

(ii) Any copy made from any hard copy shall be labeled with a number and the Receiving Party shall keep a log of all copies created and of all persons with access to each copy.

(iii) The source code, in any format, shall not be distributed via electronic means but only sent via courier.

(e) At the conclusion of this litigation, all copies of source code shall be collected and accounted for and then destroyed, or returned to the Producing Party, at the Producing Party's option.

**8. Inadvertent Production**

Inadvertent production of material subject to the attorney-client privilege, work product immunity or other applicable privilege or immunity shall not constitute a waiver of any privilege or immunity provided that the producing party notifies the Receiving Party in writing promptly after discovery of inadvertent production. Inadvertently produced material shall be returned immediately to the Producing Party upon request. No use shall be made of the material during a deposition or at trial, nor shall the material be shown to anyone who has not already been given access to it after the request for its return. If the parties are unable to reach an agreement within ten (10) days of notice as to the disposition of the material, either the Producing Party or Receiving Party may seek relief from the Court. Any such request for relief must be brought within thirty (30) days of the request to return the inadvertently produced material, unless agreement can be reached extending the time period. The Receiving Party shall not disclose material for which a claim of privilege or immunity is made pursuant to this paragraph until after the expiration of the time period to seek relief has expired, or if relief has been sought, until full disposition of the issue by the Court application, including appeals.

**9. Inadvertant Disclosure.**

In the event of any disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material, other than in the manner authorized by this Order, counsel for the Party responsible for the disclosure shall immediately notify counsel of the Party who produced the material of all of the pertinent facts, and make every effort to prevent further unauthorized disclosure by, among other things, retrieving all disclosed material and copies of materials and making good faith efforts to have all unauthorized persons to whom disclosure was made sign the Confidentiality Agreement and Undertaking attached as Exhibit A. This provision does not prevent the Party whose materials were wrongly disclosed from seeking additional relief.

**10. Inadvertent Failure To Designate**

No designation of documents, including the papers served and/or filed in this case, as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information shall be effective unless there is placed or affixed on the material the following legend prior to its production: CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY. In the event that a Producing Party inadvertently fails to stamp or otherwise designate a document or other information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the time of its production, it may be corrected by written notification to opposing counsel accompanied by copies of the previously-produced copies marked with the appropriate confidentiality designation. The Receiving Party shall make a reasonable effort to substitute the new copies for the previous copies, including but not limited to recalling any copies from any Expert and substituting correct copies. Opposing counsel and the opposing party shall not be responsible for any otherwise proper actions it took with respect to the information before receiving notice of the designation.

**11. Designation Of Testimony**

Portions of testimony given at a deposition or hearing, including exhibits, may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY by an appropriate statement on the record at the time of the giving of the testimony, or upon review of the transcript by counsel for the Party whose CONFIDENTIAL material or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material was given or otherwise produced at the deposition. Review by counsel shall occur within thirty (30) days after counsel's receipt of the transcript and shall occur as follows: counsel shall designate and list on a separate piece of paper the numbers of the pages and the numbers of the lines of the transcript containing CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material and shall mail copies of this list to counsel for all parties so that it may be affixed to the face of the transcript and also to each copy. During this thirty (30) day review period the entire deposition transcript, including exhibits, shall be deemed HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material. If there is no statement on the record designating any portion of the transcript as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, and if no designation is made within the thirty (30) day review period, the transcript shall be

considered as containing no CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material, except for designations inadvertently omitted, which may be corrected by written notification as set forth in Paragraph 9.

**12. Use Of Disclosure or Discovery Materials**

All Disclosure or Discovery Material, whether or not designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, shall be used solely in connection with this litigation and shall not be used for any business, commercial, competitive, personal or other purpose, including patent prosecution or product design and development. Counsel of record and the parties shall take reasonable steps necessary to maintain CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information in confidence and prevent persons from using, disclosing, or recording the CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information for any other purpose.

**13. Storage Of Protected Materials**

All CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material shall be stored under the direct control of outside counsel of record or persons approved under the provisions of Paragraphs 4 and 5 of this Order who shall maintain the information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of the material as is exercised by the Receiving Party with respect to its own proprietary information, but no less than a reasonable standard of due and proper care, and shall be responsible for preventing any disclosure of the material, except in accordance with the terms of this Order.

**14. Disposition Of Protected Materials Upon Termination Of Case**

After a final, non-appealable termination of this case, receiving outside counsel may retain copies of the pleadings, correspondence, and depositions, and may retain documents, things, copies, and samples to the extent they include or reflect receiving attorney's work product. All other CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material produced by a Party, and all copies, shall be returned to the Producing Party, or counsel of record for the Receiving Party shall certify in writing that the material has been destroyed. The obligation to return

materials includes all materials, including any copy or derivative work product, that have been provided to any Expert. No Expert or Professional Vendor shall retain any CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY materials, or copies or derivative materials thereof, of an opposing party or non-party after the termination of this case. The obligation on outside counsel to maintain the confidentiality of materials designated as CONFIDENTIAL and HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY pursuant to this Order shall be deemed continuing.

**15. Filing Protected Materials With The Court**

No CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material shall be filed in public record of this action except as provided for by this paragraph. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. All material designated in accordance with the terms of this Order that is filed with the Court, and any pleadings, motions, or other papers filed with the Court disclosing any Protected Material, shall be filed in a sealed envelope and kept under seal by the Clerk of this Court until further order of the Court. Where possible only CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY portions of filings with the Court shall be filed under seal. To facilitate compliance with this order by the Clerk's office, material filed under the designation CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY shall be contained in a sealed envelope bearing the designation on its front face. In addition, the envelope shall bear the caption of the case for docketing purposes, and shall state that it is filed under the terms of this Order.

**16. Examining Witnesses On Protected Materials**

Notwithstanding any other provision of this Order, a Party, present employee of a Party, or Expert of a Party may be examined and may testify concerning all CONFIDENTIAL and HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information produced by that Party; and non-parties may be examined in deposition and may testify concerning any document containing CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information of a Producing Party where it clearly and obviously appears on the face of the document or from other documents or testimony to have been prepared by, received by, known by, or communicated to the

non-party. Counsel for the Producing Party at the deposition may object that prior to showing the document to a non-party, the non-party must sign the Confidentiality Agreement and Undertaking attached as Exhibit A.

**17. Consent To Jurisdiction**

Each person who receives any CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material in accordance with any provision of this Order hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceeding relating to the performance under, compliance with, or violation of, this Order.

**18. In Camera Treatment Of Protected Materials**

The parties will confer, and then apply to the Court, regarding the procedures to be used for the in-camera treatment at any trial, hearing or other proceeding of CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material. In no event will any CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY materials be disclosed in any hearing, trial or other proceeding without at least ten (10) days written notice to the Designating Party that the Receiving Party intends to disclose the materials, so that the Designating Party may take appropriate steps to limit the public disclosure of its information.

**19. Designation Of Non-Party Confidential Information**

The provisions of this Order shall be available for application to non-parties who are required to produce confidential information in response to a subpoena, and who in good faith believe that the responsive material contains confidential information. Any non-party who produces documents or other information in connection with this litigation may designate the documents or information produced as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

**20. Subpoena By Other Courts Or Agencies**

If a third party, another court, or agency orders the production of documents or information designated for protection under this Order, the Party shall promptly notify the Producing Party who designated the material of the order or subpoena so that the Producing Party may take steps to ensure its confidential information is protected.

**21. Challenging Designations**

A party may challenge the propriety of a designation of material as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY. A Party, or aggrieved entity permitted by the Court to intervene for the purpose, shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude a subsequent challenge. In the event that any Party to this litigation, or aggrieved entity permitted by the Court to intervene for the purpose, has a good faith disagreement at any stage of these proceedings with the designation of any information as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or the designation of any person as a Qualified Person, the parties shall first try to resolve the dispute on an informal basis.

A Party that elects to initiate a challenge to a Designating Party's confidentiality designation or a Qualified Person must do so in good faith and must begin the process by directly conferring with counsel for the Designating Party. Written meet and confer alone is insufficient. In conferring regarding a confidentiality designation, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis of the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

If the dispute cannot be resolved during the meet and confer process, the challenging Party may file a noticed motion with the Court for an order invalidating or modifying the designation to which the moving party objects. The motion should identify with particularity the specific document or information that the challenging Party believes was improperly designated and state with particularity and detail the factual and legal grounds on which the challenging party disagrees with the designation. The restricted status of the information will remain unless and until the Court rules on the motion and determines that the information is not entitled to its designated status. In connection with the motion, the Designating Party bears the burden of proof to show good cause for the document to have the protection claimed by the Designating Party.

If the Designating Party is unsuccessful at maintaining the original designation of Protected Material after being challenged, and is ordered by the Court to de-designate material originally designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, the Designating Party shall pay the reasonable fees and costs incurred by the Receiving Party in litigating the challenge to the Designating Party's designations.

**22. Scope**

The protections conferred by this Order cover all Protected Material, including any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**22. Duration**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**23. Exceptions**

This Order shall not prevent or prejudice any Party from applying to the Court for relief from or modification to this Order or for further or additional protection protective orders. Likewise, the parties may agree to a modification of this Order subject to the Court's approval.

This Order has no effect on and shall not apply to a Party's use or disclosure of its own confidential information for any purpose.

**24. Modifications**

Any Party may at any time seek modification of this Order or may challenge the propriety of a designation, by agreement, or failing agreement, by motion to the Court, pursuant to the federal and local rules.

After notice to the parties, this Court retains the right to modify this Order without agreement of the parties.

**25. Agreement To Be Bound**

The parties agree to be bound by the terms of the Order prior to and after entry by the Court.

IT IS SO STIPULATED.

Dated: July __, 2008

HOWREY LLP

By: ______________________________
Denise M. De Mory
Attorneys for Plaintiff
AUTHENTEC, INC.

Dated: July __, 2008

GREENBERG TAURIG, LLP

By: ______________________________
J. James Li
Attorneys for Defendant
ATRUA TECHNOLOGIES, INC.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:______________________

______________________________
HON. PHYLLIS J. HAMILTON
UNITED STATES DISTRICT JUDGE

HOWREY LLP

-16-

Case No. C 08-1423 PJH
STIPULATED PROTECTIVE ORDER
DM_US:21327633_1

**DRAFT – FOR DISCUSSION PURPOSES ONLY**

**Exhibit A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AuthenTec, Inc., a Delaware corporation,<br>Plaintiff,<br>vs.<br>Atrua Technologies, Inc., a California corporation,<br>Defendant. | Case No. C 08-1423-PJH<br>**CONFIDENTIALITY AGREEMENT AND UNDERTAKING** |

1. I am familiar with and agree to be bound by the terms of the Stipulated Protective Order in the above-captioned *AuthenTec, Inc. v. Atrua Technologies, Inc.* litigation pending in the United States District Court for the Northern District of California.

2. I will only make copies or notes concerning documents designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY as are necessary to enable me to render assistance in connection with this litigation, and all copies and notes shall be preserved in a separate file maintained as confidential and marked for return or destruction upon the completion of this litigation under the terms of the Stipulated Protective Order in this case.

3. I will not intentionally reveal the contents of CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY material to any unauthorized person.

4. I will not intentionally use CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY material for any purpose other than in connection with this action.

5. By signing below, I hereby acknowledge:

(a) that I have read and understand the terms of the Stipulated Protective Order and this Confidentiality Agreement and Undertaking,

(b) that I agree to be bound by the terms of each, and

(c) that I consent to the jurisdiction of the Court for enforcement of this Confidentiality Agreement and Undertaking.

EXECUTED this _____ day of ____________________, 200__.

______________________________
Signature

______________________________
Printed Name

______________________________
Affiliation

______________________________
Street Address

______________________________
City, State, Zip Code

**EXHIBIT B**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

AuthenTec, Inc., a Delaware corporation,

Plaintiff,

vs.

Atrua Technologies, Inc., a California corporation,

Defendant.

Case No. C 08-1423-PJH

**STIPULATED PROTECTIVE ORDER**

**1. Purpose**

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff and Counter-Defendant AuthenTec, Inc. ("AuthenTec") and Defendant and Counterclaimant Atrua Technologies, Inc. ("Atrua") jointly submit this Stipulated Protective Order to govern the parties' handling of materials and information disclosed or received in connection with this action. The parties are or may be competitors and believe that disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Each of the parties has made a showing that good cause exists to believe that public disclosure and/or unfettered disclosure of confidential information to the other party will result in prejudice or competitive harm. Each of the parties accordingly believes that it will serve its interests and the interests of justice to conduct discovery and proceedings pursuant to a protective order under Federal Rule of Civil Procedure 26(c).

Deleted: s

Deleted: orporated

**2.    Definitions**

2.1    **Party:** any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel, including their support staff.

2.2    **Disclosure or Discovery Material:** all items or information, regardless of the medium or manner generated, stored, or maintained, including without limitation documents, things, pleadings, interrogatory responses, responses to requests for admissions, deposition testimony, responses to third-party subpoenas, and any other disclosure or discovery generated or produced in this litigation, including all information revealed by or contained in the disclosure or discovery.

2.3    **Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

2.4    **Producing Party:** a Party or non-party that produces Disclosure or Discovery Material in this action.

2.5    **Designating Party:** a Party or non-party that designates information or items that it produces in disclosures or responses to discovery as CONFIDENTIAL or HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY.

2.6    **Protected Material:** any Disclosure or Discovery Material that is designated CONFIDENTIAL or HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY.

2.7    **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information:** any Disclosure or Discovery Material of any type, kind or character that is designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by any of the Receiving or Producing Party. In designating information as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, a party will make designations only as to that information that it in good faith believes contains HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information, meaning any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Disclosure or Discovery Material that a Producing Party believes should not be disclosed to any Party or to any employee of the Receiving Party, subject to the provisions of this Order.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information includes without limitation:

(i) proprietary research and/or development information and specifications or future product plans;

(ii) trade secrets;

(iii) personal information of an employee that the Party or non-party, or any predecessor in interest to a Party or non-party, regards as confidential; and

(iv) source code;

(v) proprietary commercial information, including business and financial information; and,

(vi) any other extremely sensitive non-public information that has not been disclosed to third-parties, the disclosure of which is likely to create a substantial risk of injury or have the effect of causing significant competitive harm to the Disclosing Party or party from which the information was obtained.

Nothing shall be regarded as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information if it is information that:

(i) is in the public domain at the time of disclosure, as evidenced by a written document;

(ii) becomes part of the public domain through no fault of the other Party, as evidenced by a written document;

(iii) was in the Receiving Party's rightful and lawful possession at the time of disclosure, as evidenced by a written document; or

(iv) is lawfully received by the Receiving Party from a third party at a later date without restriction as to disclosure, provided the third party has the right to make the disclosure to the Receiving Party.

2.8 **CONFIDENTIAL Information:** any Disclosure or Discovery Material of any type, kind or character that is designated as CONFIDENTIAL by any of the Receiving or Producing Party. In designating information as CONFIDENTIAL, a party will make designations only as to that information that it in good faith believes contains CONFIDENTIAL information.

Deleted:

CONFIDENTIAL information is that which has not been made known to the general public, but that does not fall into any category described in section 2.7(a) above CONFIDENTIAL information includes without limitation non-public technical, business, or financial information, including but not limited to technical, business, or financial information that has been communicated to customers or potential customers (such as manuals, programming guides, data sheets, released product specifications, and pricing information).

Nothing shall be regarded as CONDIFENTIAL if it is information that:

(i) is in the public domain at the time of disclosure, as evidenced by a written document;

(ii) becomes part of the public domain through no fault of the other Party, as evidenced by a written document;

(iii) was in the Receiving Party's rightful and lawful possession at the time of disclosure, as evidenced by a written document; or

(iv) is lawfully received by the Receiving Party from a third party at a later date without restriction as to disclosure, provided the third party has the right to make the disclosure to the Receiving Party.

2.9 **Expert:** a person retained by a Party or its counsel to serve as an expert witness, independent consultant, or provide other litigation support in this action.

2.10 **Professional Vendors:** persons or entities that provide litigation support services, including for example and without limitation, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, retrieving data in any form or medium, and including their employees and subcontractors.

**3. Designating Protected Material**

Each Party or non-party that designates information or items for protection under this Order must take care to limit any designations to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose, for example, to

unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties, expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

**4. Disclosure of Materials Designated CONFIDENTIAL**

Disclosure or Discovery Material designated CONFIDENTIAL shall be maintained in confidence by the Receiving Party and may be disclosed only to the following **Qualified Persons**:

a. the Parties;

b. the Court (and any appellate court), including court personnel, jurors, and alternate jurors;

c. court reporters and videographers recording depositions or hearings who have signed the "ACKNOWLEDGEMENT" attached hereto as Exhibit A;

d. counsel to the parties in this litigation, and the paralegal, clerical, secretarial, and other persons employed or engaged by any such counsel, as well as outside litigation support services (such as copying, imaging, coding, and graphic consultants);

e. Subject to the provisions of Section 6 herein, independent consultants or experts (as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials), retained by counsel of record in this Action for purposes of this Action only, who are not current employees of any party to this litigation, or any direct competitor of any party to this litigation;

f. witnesses and their counsel to the extent such documents are relevant to their testimony; and

g. such other persons as hereafter may be authorized by the Court upon motion or by the parties upon stipulation.

**Deleted:** (a) .

**Formatted:** Bullets and Numbering

**Formatted:** List2, Tabs: Not at 1"

**Deleted:** The Court and its officers;¶ <#>(b) . Outside counsel of record, employees of outside counsel or contract attorneys who are working under the direct supervision of outside counsel, and Professional Vendors, ¶ <#>(c) . One attorney who is an employee of a party to this action employed that is responsible for this case and identified to the Designating Party prior to disclosure of Confidential Material ("Identified In-House Counsel") and Identified In-House Counsel's legal assistants and secretaries working under the direct supervision of Identified In-House Counsel, provided that each Identified In-House Counsel has signed the Confidentiality Agreement and Undertaking attached as Exhibit A;¶ <#>(d) . Experts, as defined in Paragraph 2.9, who are expressly engaged by outside counsel to provide expert testimony in this matter or to assist in discovery and/or preparation of this action for trial, with disclosure only to the extent necessary to perform the work, and provided that they sign the Confidentiality Agreement and Undertaking attached as Exhibit A, but only in accordance with the procedures and limitations set forth in Paragraph 6;¶ <#>(e) . Any person that is an author, addressee or recipient of the document or thing and there is provable indicia of that fact exists, and provided access is limited to only that particular document or thing, unless otherwise authorized by the Court or stipulated by the parties, provided that each said person has signed the Confidentiality Agreement and Undertaking attached as Exhibit A, and the obligation on each said person to maintain the confidentiality of materials designated as CONFIDENTIAL pursuant to this Order shall be deemed continuing; and¶ (f) . Any other person as to whom the Producing Party agrees in writing in advance of any disclosure.

**5. Disclosure Of Materials Designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Discovery materials designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY shall be maintained in confidence by the Receiving Party and may be disclosed only to the following persons:

(a) The Court and its officers;

(b) Outside counsel of record, employees of outside counsel working under the direct supervision of outside counsel, and Professional Vendors working under a confidentiality agreement with outside counsel;

(c) Experts, as defined in Paragraph 2.9, who are expressly engaged by outside counsel to provide expert testimony in this matter or to assist in discovery and/or preparation of this action for trial, with disclosure only to the extent necessary to perform the work, and provided that they sign the Confidentiality Agreement and Undertaking attached as Exhibit A, but only in accordance with the procedures and limitations set forth in Paragraph 6; and

(d) Any other person as to whom the Producing Party agrees in writing in advance of any disclosure.

**6. Identification Of Persons Receiving Protected Materials**

Any person described in Paragraphs 4(d) or 5(c) shall be identified to the other Party in writing (with a copy of the disclosure sent to all other Parties or any affected non-parties) before any CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material is shown to him or her.

To qualify as an Expert who may have access to CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material, each of the following criteria must be satisfied before any Protected Materials may be disclosed:

(a) The proposed Expert must be identified as a potential Expert to whom the Party intends to disclose confidential materials, and satisfy the requirements of Paragraph 4(d) and 5(c). The identification shall provide the person's

(i) name;

(ii) business affiliation, and title, if any;

(iii) business address; and

(iv) for Experts described in Paragraphs 4(d) and 5(c),

(a) resume or curriculum vitae; and

(b) if not included in the curriculum vitae, a summary of the person's employment history for the past five years and description of every current or previous employment or consulting relationship for the past four years.

(b) The proposed Expert shall be made aware of the provisions of this Order, and shall agree to be bound by it as signified by signing a copy of the undertaking annexed at Exhibit A.

(c) The proposed Expert shall not work with or for a Party in any non-litigation capacity, including but not limited to patent prosecution, licensing, consulting, product design, product development, product planning, or marketing.

(d) The proposed Expert shall neither be nor have been previously engaged by the opposing party in the past five years and still be under an obligation to preserve that party's confidential information.

The Party whose information is sought to be disclosed shall have ten calendar (10) days from the receipt of the identification to object to the disclosure, stating the reasons for the objection. If an objection is timely made, there shall be no disclosure of the CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material until the issue is resolved either by the parties or by Court order. The 10-day time period shall not begin until complete disclosures are made pursuant to Paragraph 6(a).

The persons receiving CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material are prohibited from disclosing it to any other person, except in conformance with this Order. The exchange of undertakings signed by the persons described in Paragraphs 4(d) and 5(c) shall not constitute a waiver of the attorney-client, attorney work-product, or any other privilege and shall not subject consultants who are not designated as testifying experts to discovery except to confirm compliance with this Order.

**7. Designation and Review of Source Code**

A Party's source code is presumed to be designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. To facilitate the review of source code, the parties agree to the following procedure to ensure the necessary protections for each Party's source code:

(a) Source code shall be produced on a flash memory drive or external hard drive (the "Drive"), hand delivered in a sealed envelope to the Office for the Receiving Party's counsel of record. The Drive shall be labeled "SOURCE CODE: HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY" and with an appropriate production number.

(b) Upon receiving the Drive, the counsel of record of the Receiving Party shall immediately store it in a company safe of the counsel's firm and may take the drive out of the safe only for the purpose of uploading the source code onto a computer.

(c) The source code may be uploaded to one laptop computer (the "Computer"). The make, model, serial number, and custodian of the Computer shall be provided to the Producing Party in writing within 3 days of the uploading. Other than the authorized uploading, no additional copies of the source code may be made without a written authorization of the Producing Party. The Receiving Party's counsel should exercise utmost diligence to safeguard the Computer and limit its access according to Section 5 above.

(d) The Drive shall be kept in a company safe of the Receiving Party's counsel of record until the end of the case and returned to the Producing Party's counsel of record by hand delivery in a sealed envelope at the end of the case. At the end of the case, the source code uploaded onto the Computer should be irreversibly erased, including its elimination from the "Waste Basket" or "Recycle Bin" (or any equivalent folder for deleted files) of the Computer.

(e) The Receiving Party's counsel of record shall file a Declaration of Compliance with Protective Order under oath before this Court within 10 days of the return and deletion of the source code at the end of the case, expressly stating the compliance with subsection (b) through (d).

**8. Inadvertent Production**

Inadvertent production of material subject to the attorney-client privilege, work product immunity or other applicable privilege or immunity shall not constitute a waiver of any privilege or

Deleted: for review will be loaded onto a review computer or computers stripped of all functionalities but for those necessary to conduct the review.¶
(b) The review computer or computers will be made available for the Receiving Party's inspection either at the Producing Party's outside counsel's offices, or at another location mutually agreed upon by the parties. ¶
(c). The Receiving Party shall provide at least forty-eight (48) hours notice to the Producing Party of its intent to inspect the source code review computer or computers. The Producing Party, however, shall consider requests with less than forty-eight (48) hours notice in good faith and make reasonable efforts to accommodate such requests.¶
(d) The Producing Party will provide a printer connected to the review computer or computers for the Receiving Party to print hard copies of source code. Printed hard copies of the source code are subject to certain further restriction and procedures:¶
(i) The Receiving Party will print the desired hard copies of source code and provide the hard copies to the Producing Party for marking with the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation and producing to the Receiving Party. The Producing Party shall provide the marked hard copies to the Receiving Party with five calendar days (5) days of the source code inspection. The Producing Party, however, shall consider requests to produce hard copies in less than five (5) days in good faith and make reasonable efforts to accommodate such requests. Receiving Party will pay for the production set of printed source code. ¶
(ii) Any copy made from any hard copy shall be labeled with a number and the Receiving Party shall keep a log of all copies created and of all persons with access to each copy.¶
(iii) The source code, in any format, shall not be distributed via electronic means but only sent via courier.¶
(e). At the conclusion of this litigation, all copies of source code shall be collected and accounted for and then destroyed, or returned to the Producing Party, at the Producing Party's option.

immunity provided that the producing party notifies the Receiving Party in writing promptly after discovery of inadvertent production. Inadvertently produced material shall be returned immediately to the Producing Party upon request. No use shall be made of the material during a deposition or at trial, nor shall the material be shown to anyone who has not already been given access to it after the request for its return. If the parties are unable to reach an agreement within ten (10) days of notice as to the disposition of the material, either the Producing Party or Receiving Party may seek relief from the Court. Any such request for relief must be brought within thirty (30) days of the request to return the inadvertently produced material, unless agreement can be reached extending the time period. The Receiving Party shall not disclose material for which a claim of privilege or immunity is made pursuant to this paragraph until after the expiration of the time period to seek relief has expired, or if relief has been sought, until full disposition of the issue by the Court application, including appeals.

**9. Inadvertant Disclosure.**

In the event of any disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material, other than in the manner authorized by this Order, counsel for the Party responsible for the disclosure shall immediately notify counsel of the Party who produced the material of all of the pertinent facts, and make every effort to prevent further unauthorized disclosure by, among other things, retrieving all disclosed material and copies of materials and making good faith efforts to have all unauthorized persons to whom disclosure was made sign the Confidentiality Agreement and Undertaking attached as Exhibit A. This provision does not prevent the Party whose materials were wrongly disclosed from seeking additional relief.

**10. Inadvertent Failure To Designate**

No designation of documents, including the papers served and/or filed in this case, as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information shall be effective unless there is placed or affixed on the material the following legend prior to its production: CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY. In the event that a Producing Party inadvertently fails to stamp or otherwise designate a document or other information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the time of its production, it may be corrected by written notification to opposing counsel accompanied by copies

of the previously-produced copies marked with the appropriate confidentiality designation. The Receiving Party shall make a reasonable effort to substitute the new copies for the previous copies, including but not limited to recalling any copies from any Expert and substituting correct copies. Opposing counsel and the opposing party shall not be responsible for any otherwise proper actions it took with respect to the information before receiving notice of the designation.

**11. Designation Of Testimony**

Portions of testimony given at a deposition or hearing, including exhibits, may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY by an appropriate statement on the record at the time of the giving of the testimony, or upon review of the transcript by counsel for the Party whose CONFIDENTIAL material or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material was given or otherwise produced at the deposition. Review by counsel shall occur within thirty (30) days after counsel's receipt of the transcript and shall occur as follows: counsel shall designate and list on a separate piece of paper the numbers of the pages and the numbers of the lines of the transcript containing CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material and shall mail copies of this list to counsel for all parties so that it may be affixed to the face of the transcript and also to each copy. During this thirty (30) day review period the entire deposition transcript, including exhibits, shall be deemed HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material. If there is no statement on the record designating any portion of the transcript as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, and if no designation is made within the thirty (30) day review period, the transcript shall be considered as containing no CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material, except for designations inadvertently omitted, which may be corrected by written notification as set forth in Paragraph 9.

**12. Use Of Disclosure or Discovery Materials**

All Disclosure or Discovery Material, whether or not designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, shall be used solely in connection with this litigation and shall not be used for any business, commercial, competitive, personal or other purpose, including patent prosecution or product design and development. Counsel of record and the

parties shall take reasonable steps necessary to maintain CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information in confidence and prevent persons from using, disclosing, or recording the CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information for any other purpose.

**13. Storage Of Protected Materials**

All CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material shall be stored under the direct control of outside counsel of record or persons approved under the provisions of Paragraphs 4 and 5 of this Order who shall maintain the information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of the material as is exercised by the Receiving Party with respect to its own proprietary information, but no less than a reasonable standard of due and proper care, and shall be responsible for preventing any disclosure of the material, except in accordance with the terms of this Order.

**14. Disposition Of Protected Materials Upon Termination Of Case**

After a final, non-appealable termination of this case, receiving outside counsel may retain copies of the pleadings, correspondence, and depositions, and may retain documents, things, copies, and samples to the extent they include or reflect receiving attorney's work product. All other CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material produced by a Party, and all copies, shall be returned to the Producing Party, or counsel of record for the Receiving Party shall certify in writing that the material has been destroyed. The obligation to return materials includes all materials, including any copy or derivative work product, that have been provided to any Expert. No Expert or Professional Vendor shall retain any CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY materials, or copies or derivative materials thereof, of an opposing party or non-party after the termination of this case. The obligation on outside counsel to maintain the confidentiality of materials designated as CONFIDENTIAL and HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY pursuant to this Order shall be deemed continuing.

**15. Filing Protected Materials With The Court**

No CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material shall be filed in public record of this action except as provided for by this paragraph. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. All material designated in accordance with the terms of this Order that is filed with the Court, and any pleadings, motions, or other papers filed with the Court disclosing any Protected Material, shall be filed in a sealed envelope and kept under seal by the Clerk of this Court until further order of the Court. Where possible only CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY portions of filings with the Court shall be filed under seal. To facilitate compliance with this order by the Clerk's office, material filed under the designation CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY shall be contained in a sealed envelope bearing the designation on its front face. In addition, the envelope shall bear the caption of the case for docketing purposes, and shall state that it is filed under the terms of this Order.

**16. Examining Witnesses On Protected Materials**

Notwithstanding any other provision of this Order, a Party, present employee of a Party, or Expert of a Party may be examined and may testify concerning all CONFIDENTIAL and HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information produced by that Party; and non-parties may be examined in deposition and may testify concerning any document containing CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information of a Producing Party where it clearly and obviously appears on the face of the document or from other documents or testimony to have been prepared by, received by, known by, or communicated to the non-party. Counsel for the Producing Party at the deposition may object that prior to showing the document to a non-party, the non-party must sign the Confidentiality Agreement and Undertaking attached as Exhibit A.

**17. Consent To Jurisdiction**

Each person who receives any CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material in accordance with any provision of this Order hereby agrees to

subject himself/herself to the jurisdiction of this Court for the purpose of any proceeding relating to the performance under, compliance with, or violation of, this Order.

**18. In Camera Treatment Of Protected Materials**

The parties will confer, and then apply to the Court, regarding the procedures to be used for the in-camera treatment at any trial, hearing or other proceeding of CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material. In no event will any CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY materials be disclosed in any hearing, trial or other proceeding without at least ten (10) days written notice to the Designating Party that the Receiving Party intends to disclose the materials, so that the Designating Party may take appropriate steps to limit the public disclosure of its information.

**19. Designation Of Non-Party Confidential Information**

The provisions of this Order shall be available for application to non-parties who are required to produce confidential information in response to a subpoena, and who in good faith believe that the responsive material contains confidential information. Any non-party who produces documents or other information in connection with this litigation may designate the documents or information produced as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

**20. Subpoena By Other Courts Or Agencies**

If a third party, another court, or agency orders the production of documents or information designated for protection under this Order, the Party shall promptly notify the Producing Party who designated the material of the order or subpoena so that the Producing Party may take steps to ensure its confidential information is protected.

**21. Challenging Designations**

A party may challenge the propriety of a designation of material as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY. A Party, or aggrieved entity permitted by the Court to intervene for the purpose, shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude a subsequent challenge. In the event that any Party to this litigation, or aggrieved entity permitted by the Court to intervene for the purpose, has a good faith disagreement at any stage of these proceedings with the designation of any

information as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or the designation of any person as a Qualified Person, the parties shall first try to resolve the dispute on an informal basis.

A Party that elects to initiate a challenge to a Designating Party's confidentiality designation or a Qualified Person must do so in good faith and must begin the process by directly conferring with counsel for the Designating Party. Written meet and confer alone is insufficient. In conferring regarding a confidentiality designation, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis of the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

If the dispute cannot be resolved during the meet and confer process, the challenging Party may file a noticed motion with the Court for an order invalidating or modifying the designation to which the moving party objects. The motion should identify with particularity the specific document or information that the challenging Party believes was improperly designated and state with particularity and detail the factual and legal grounds on which the challenging party disagrees with the designation. The restricted status of the information will remain unless and until the Court rules on the motion and determines that the information is not entitled to its designated status. In connection with the motion, the Designating Party bears the burden of proof to show good cause for the document to have the protection claimed by the Designating Party.

If the Designating Party is unsuccessful at maintaining the original designation of Protected Material after being challenged, and is ordered by the Court to de-designate material originally designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, the Designating Party shall pay the reasonable fees and costs incurred by the Receiving Party in litigating the challenge to the Designating Party's designations.

**22. Scope**

The protections conferred by this Order cover all Protected Material, including any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus

testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**22. Duration**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**23. Exceptions**

This Order shall not prevent or prejudice any Party from applying to the Court for relief from or modification to this Order or for further or additional protection protective orders. Likewise, the parties may agree to a modification of this Order subject to the Court's approval.

This Order has no effect on and shall not apply to a Party's use or disclosure of its own confidential information for any purpose.

**24. Modifications**

Any Party may at any time seek modification of this Order or may challenge the propriety of a designation, by agreement, or failing agreement, by motion to the Court, pursuant to the federal and local rules.

After notice to the parties, this Court retains the right to modify this Order without agreement of the parties.

**25. Agreement To Be Bound**

The parties agree to be bound by the terms of the Order prior to and after entry by the Court.

IT IS SO STIPULATED.

Dated: July __, 2008

HOWREY LLP

By: ______________________________
Denise M. De Mory
Attorneys for Plaintiff
AUTHENTEC, INC.

Dated: July __, 2008

GREENBERG TAURIG, LLP

By: ______________________________
J. James Li
Attorneys for Defendant
ATRUA TECHNOLOGIES, INC.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:________________________

______________________________
HON. PHYLLIS J. HAMILTON
UNITED STATES DISTRICT JUDGE

**DRAFT – FOR DISCUSSION PURPOSES ONLY**

**Exhibit A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

AuthenTec, Inc., a Delaware corporation,

Plaintiff,

vs.

Atrua Technologies, Inc., a California corporation,

Defendant.

Case No. C 08-1423-PJH

**CONFIDENTIALITY AGREEMENT AND UNDERTAKING**

1. I am familiar with and agree to be bound by the terms of the Stipulated Protective Order in the above-captioned *AuthenTec, Inc. v. Atrua Technologies, Inc.* litigation pending in the United States District Court for the Northern District of California.

2. I will only make copies or notes concerning documents designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY as are necessary to enable me to render assistance in connection with this litigation, and all copies and notes shall be preserved in a separate file maintained as confidential and marked for return or destruction upon the completion of this litigation under the terms of the Stipulated Protective Order in this case.

3. I will not intentionally reveal the contents of CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY material to any unauthorized person.

4. I will not intentionally use CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY material for any purpose other than in connection with this action.

5. By signing below, I hereby acknowledge:

(a) that I have read and understand the terms of the Stipulated Protective Order and this Confidentiality Agreement and Undertaking,

(b) that I agree to be bound by the terms of each, and

(c) that I consent to the jurisdiction of the Court for enforcement of this Confidentiality Agreement and Undertaking.

EXECUTED this _____ day of ___________________, 200__.

Signature

Printed Name

Affiliation

Street Address

City, State, Zip Code

HOWREY LLP

Case No. C 08-1423 PJH -2-
STIPULATED PROTECTIVE ORDER – CONFIDENTIALITY AGREEMENT & UNDERTAKING

DM_US:21327633_1