UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AUTHENTEC, INC., a Delaware Corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>ATRUA TECHNOLOGIES, INC., a California<br>Corporation,<br><br>                    Defendant. | Case No. C08-01423 PJH<br><br>**[PROPOSED] PROTECTIVE ORDER** |
| ATRUA TECHNOLOGIES, INC., a California<br>Corporation,<br><br>                    Counterclaimant,<br><br>          v.<br><br>AUTHENTEC, INC., a Delaware Corporation,<br><br>                    CounterDefendant. | |

1.    **Purpose**

       This Protective Order is entered into pursuant to Federal Rule of Civil Procedure 26(c) to govern the parties' handling of materials and information disclosed or received in connection with this action. The parties are or may be competitors and believe that disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted.

2.    **Definitions**

       2.1    **Party**: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel, including their support staff.

371673674v1

1    2.2    **Disclosure or Discovery Material**: all items or information, regardless of the medium

2 or manner generated, stored, or maintained, including without limitation documents, things, pleadings,

3 interrogatory responses, responses to requests for admissions, deposition testimony, responses to third-

4 party subpoenas, and any other disclosure or discovery generated or produced in this litigation,

5 including all information revealed by or contained in the disclosure or discovery.

6    2.3    **Receiving Party**: a Party that receives Disclosure or Discovery Material from a

7 Producing Party.

8    2.4    **Producing Party**: a Party or non-party that produces Disclosure or Discovery Material

9 in this action.

10    2.5    **Designating Party**: a Party or non-party that designates information or items that it

11 produces in disclosures or responses to discovery as CONFIDENTIAL or HIGHLY-CONFIDENTIAL

12 – OUTSIDE COUNSEL'S EYES ONLY.

13    2.6    **Protected Material**: any Disclosure or Discovery Material that is designated

14 CONFIDENTIAL or HIGHLY-CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY.

15    2.7    **HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY Information**:

16 any Disclosure or Discovery Material of any type, kind or character that is designated as HIGHLY

17 CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY by any of the Receiving or Producing

18 Party. In designating information as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES

19 ONLY, a party will make designations only as to that information that it in good faith believes contains

20 HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY information, meaning any

21 HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY Disclosure or Discovery

22 Material that a Producing Party believes should not be disclosed to any Party or to any employee of the

23 Receiving Party, subject to the provisions of this Order.

24    HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY information includes

25 without limitation:

26    (i)    proprietary research and/or development information and specifications or

27 future product plans;

28    (ii)    trade secrets;

371673674v1

1          (iii)    source code;

2          (iv)    proprietary commercial information, including business and financial

3    information; and,

4          (v)    any other extremely sensitive non-public information that the disclosure of

5    which is likely to have the effect of causing significant competitive harm to the Disclosing Party or

6    party from which the information was obtained.

7          Nothing shall be regarded as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES

8    ONLY or CONFIDENTIAL information if it is information that:

9          (i) is in the public domain at the time of disclosure, as evidenced by a written

10   document;

11          (ii)    becomes part of the public domain through no fault of the other Party, as

12   evidenced by a written document;

13          (iii)    was in the Receiving Party's rightful and lawful possession at the time of

14   disclosure, as evidenced by a written document; or

15          (iv)    is lawfully received by the Receiving Party from a third party at a later

16   date without restriction as to disclosure, provided the third party has the right to make the disclosure to

17   the Receiving Party.

18          2.8    **CONFIDENTIAL Information:** any Disclosure or Discovery Material of any type,

19   kind or character that is designated as CONFIDENTIAL by any of the Receiving or Producing Party.

20   In designating information as CONFIDENTIAL, a party will make designations only as to that

21   information that it in good faith believes contains CONFIDENTIAL information.

22          CONFIDENTIAL information is that which has not been made known to the general public,

23   but that does not fall into any category described in section 2.7(a) above CONFIDENTIAL

24   information includes without limitation personal information of an employee that the Party or non-

25   party, or any predecessor in interest to a Party or non-party, regards as confidential; non-public

26   technical, business, or financial information that does not have the effect of causing significant

27   competitive harm to the Disclosing Party or party from which the information was obtained. .

28          Nothing shall be regarded as CONDIFENTIAL if it is information that:

371673674v1

1           (i)     is in the public domain at the time of disclosure, as evidenced by a written

2 document;

3           (ii)    becomes part of the public domain through no fault of the other Party, as

4 evidenced by a written document;

5           (iii)   was in the Receiving Party's rightful and lawful possession at the time of

6 disclosure, as evidenced by a written document; or

7           (iv)   is lawfully received by the Receiving Party from a third party at a later date

8 without restriction as to disclosure, provided the third party has the right to make the disclosure to the

9 Receiving Party.

10     2.9    **Expert**:  a person retained by a Party or its counsel to serve as an expert witness,

11 independent consultant, or provide other litigation support in this action.

12     2.10   **Professional Vendors**:  persons or entities that provide litigation support services,

13 including for example and without limitation, photocopying, videotaping, translating, preparing

14 exhibits or demonstrations, and organizing, storing, retrieving data in any form or medium, and

15 including their employees and subcontractors.

16 **3.**    **Designating Protected Material**

17     Each Party or non-party that designates information or items for protection under this Order

18 must take care to limit any designations to specific material that qualifies under the appropriate

19 standards.  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

20 shown to be clearly unjustified, or that have been made for an improper purpose, for example, to

21 unnecessarily encumber or retard the case development process, or to impose unnecessary expenses

22 and burdens on other parties, expose the Designating Party to sanctions.

23     If it comes to a Party's or a non-party's attention that information or items that it designated for

24 protection do not qualify for protection at all, or do not qualify for the level of protection initially

25 asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the

26 mistaken designation.

27 **4.**    **Disclosure of Materials Designated CONFIDENTIAL**

28     Disclosure or Discovery Material designated CONFIDENTIAL shall be maintained in

371673674v1

1   confidence by the Receiving Party and may be disclosed only to the following **Qualified Persons**:

2           a.   the management of Parties, including their respective corporate executives and Board of

3   Directors, as well as any other employees of the Parties necessary for the review and handling of the

4   materials;

5           b.   the Court (and any appellate court), including court personnel, jurors, and alternate

6   jurors;

7           c.   court reporters and videographers recording depositions or hearings;

8           d.   counsel to the parties in this litigation, and the paralegal, clerical, secretarial, and other

9   persons employed or engaged by any such counsel, as well as outside litigation support services (such

10  as copying, imaging, coding, and graphic consultants);

11          e.   Subject to the provisions of Section 6 herein, independent consultants or experts (as

12  well as their staff, stenographic, and clerical employees whose duties and responsibilities require

13  access to such materials), retained by counsel of record in this Action for purposes of this Action only,

14  who are not current employees of any party to this litigation, or any direct competitor of any party to

15  this litigation;

16          f.   witnesses and their counsel to the extent such documents are relevant to their testimony;

17  and

18          g.   such other persons as hereafter may be authorized by the Court upon motion or by the

19  parties upon stipulation.

20  **5.      Disclosure Of Materials Designated HIGHLY CONFIDENTIAL – OUTSIDE**

21  **COUNSEL'S EYES ONLY**

22          Discovery materials designated as HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S

23  EYES ONLY shall be maintained in confidence by the Receiving Party and may be disclosed only to

24  the following persons:

25          (a)    The Court and its officers;

26          (b)    Outside counsel of record, employees of outside counsel working under the direct

27  supervision of outside counsel, and Professional Vendors working under a confidentiality agreement

28  with outside counsel;

[PROPOSED] PROTECTIVE ORDER

371673674v1

1    (c)    Experts, as defined in Paragraph 2.9, who are expressly engaged by outside counsel to

2  provide expert testimony in this matter or to assist in discovery and/or preparation of this action for

3  trial, with disclosure only to the extent necessary to perform the work, and provided that they sign the

4  Confidentiality Agreement and Undertaking attached as Exhibit A, but only in accordance with the

5  procedures and limitations set forth in Paragraph 6; and

6    (d)    Any other person as to whom the Producing Party agrees in writing in advance of any

7  disclosure.

8  **6.    Identification Of Persons Receiving Protected Materials**

9    Any person described in Paragraphs 4(d) or 5(c) shall be identified to the other Party in writing

10  (with a copy of the disclosure sent to all other Parties or any affected non-parties) before any

11  CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY material is

12  shown to him or her.

13    To qualify as an Expert who may have access to CONFIDENTIAL or HIGHLY

14  CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY material, each of the following criteria

15  must be satisfied before any Protected Materials may be disclosed:

16    (a)    The proposed Expert must be identified as a potential Expert to whom the Party intends

17  to disclose confidential materials, and satisfy the requirements of Paragraph 4(d) and 5(c).  The

18  identification shall provide the person's

19        (i) name;

20        (ii) business affiliation, and title, if any;

21        (iii) business address; and

22        (iv) for Experts described in Paragraphs 4(d) and 5(c),

23            (a)    resume or curriculum vitae; and

24            (b)    if not included in the curriculum vitae, a summary of the person's

25  employment history for the past five years and description of every current or previous employment or

26  consulting relationship for the past four years.

27        (c)    The proposed Expert shall be made aware of the provisions of this Order,

28  and shall agree to be bound by it as signified by signing a copy of the undertaking annexed at

371673674v1

1   Exhibit A.

2           (d)    The proposed Expert shall not work with or for a Party in any non-
3   litigation capacity, including but not limited to patent prosecution, licensing, consulting, product
4   design, product development, product planning, or marketing.

5           (e)    The proposed Expert shall neither be nor have been previously engaged
6   by the opposing party in the past five years and still be under an obligation to preserve that party's
7   confidential information.

8           The Party whose information is sought to be disclosed shall have ten calendar (10) days from
9   the receipt of the identification to object to the disclosure, stating the reasons for the objection.  If an
10  objection is timely made, there shall be no disclosure of the CONFIDENTIAL or HIGHLY
11  CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY material until the issue is resolved either
12  by the parties or by Court order.  The 10-day time period shall not begin until complete disclosures are
13  made pursuant to Paragraph 6(a).

14          The persons receiving CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE
15  COUNSEL'S EYES ONLY material are prohibited from disclosing it to any other person, except in
16  conformance with this Order.  The exchange of undertakings signed by the persons described in
17  Paragraphs 4(d) and 5(c) shall not constitute a waiver of the attorney-client, attorney work-product, or
18  any other privilege and shall not subject consultants who are not designated as testifying experts to
19  discovery except to confirm compliance with this Order.

20  **7.    Designation and Review of Source Code**

21          A Party's source code is presumed to be designated HIGHLY CONFIDENTIAL – OUTSIDE
22  COUNSEL'S EYES ONLY.  To facilitate the review of source code, the parties agree to the following
23  procedure to ensure the necessary protections for each Party's source code:

24          (a)    Source code shall be produced on a flash memory drive or external hard drive (the
25  "Drive"), hand delivered in a sealed envelope to the Office for the Receiving Party's counsel of record.
26  The Drive shall be labeled "SOURCE CODE:  HIGHLY CONFIDENTIAL—ATTORNEY'S EYES
27  ONLY" and with an appropriate production number.

28          (b)    Upon receiving the Drive, the counsel of record of the Receiving Party shall

[PROPOSED] PROTECTIVE ORDER

371673674v1

1 | immediately store it in a company safe of the counsel's firm and may take the drive out of the safe only

2 | for the purpose of uploading the source code onto a computer.

3 |     (c)    The source code may be uploaded to one laptop computer (the "Computer").  The make,

4 | model, serial number, and custodian of the Computer shall be provided to the Producing Party in

5 | writing within 3 days of the uploading.  Other than the authorized uploading, no additional copies of

6 | the source code may be made without a written authorization of the Producing Party.  The Receiving

7 | Party's counsel should exercise utmost diligence to safeguard the Computer and limit its access

8 | according to Section 5 above.

9 |     (d)    The Drive shall be kept in a company safe of the Receiving Party's counsel of record

10 | until the end of the case and returned to the Producing Party's counsel of record by hand delivery in a

11 | sealed envelope at the end of the case.  At the end of the case, the source code uploaded onto the

12 | Computer should be irreversibly erased, including its elimination from the "Waste Basket" or "Recycle

13 | Bin" (or any equivalent folder for deleted files) of the computer.

14 |     (e)    The Receiving Party's counsel of record shall file a Declaration of Compliance with

15 | Protective Order under oath before this Court within 10 days of the return and deletion of the source

16 | code at the end of the case, expressly stating the compliance with subsection (b) through (d).

17 | **8.**    **Inadvertent Production**

18 |     Inadvertent production of material subject to the attorney-client privilege, work product

19 | immunity or other applicable privilege or immunity shall not constitute a waiver of any privilege or

20 | immunity provided that the producing party notifies the Receiving Party in writing promptly after

21 | discovery of inadvertent production.  Inadvertently produced material shall be returned immediately to

22 | the Producing Party upon request.  No use shall be made of the material during a deposition or at trial,

23 | nor shall the material be shown to anyone who has not already been given access to it after the request

24 | for its return.  If the parties are unable to reach an agreement within ten (10) days of notice as to the

25 | disposition of the material, either the Producing Party or Receiving Party may seek relief from the

26 | Court.  Any such request for relief must be brought within thirty (30) days of the request to return the

27 | inadvertently produced material, unless agreement can be reached extending the time period.  The

28 | Receiving Party shall not disclose material for which a claim of privilege or immunity is made

[PROPOSED] PROTECTIVE ORDER

371673674v1

1  pursuant to this paragraph until after the expiration of the time period to seek relief has expired, or if

2  relief has been sought, until full disposition of the issue by the Court application, including appeals.

3  **9.     Inadvertent Disclosure.**

4          In the event of any disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE

5  COUNSEL'S EYES ONLY material, other than in the manner authorized by this Order, counsel for

6  the Party responsible for the disclosure shall immediately notify counsel of the Party who produced the

7  material of all of the pertinent facts, and make every effort to prevent further unauthorized disclosure

8  by, among other things, retrieving all disclosed material and copies of materials and making good faith

9  efforts to have all unauthorized persons to whom disclosure was made sign the Confidentiality

10  Agreement and Undertaking attached as Exhibit A.  This provision does not prevent the Party whose

11  materials were wrongly disclosed from seeking additional relief.

12  **10.    Inadvertent Failure To Designate**

13          No designation of documents, including the papers served and/or filed in this case, as

14  CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY

15  information shall be effective unless there is placed or affixed on the material the following legend

16  prior to its production: CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S

17  EYES ONLY. In the event that a Producing Party inadvertently fails to stamp or otherwise designate a

18  document or other information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE

19  COUNSEL'S EYES ONLY" at the time of its production, it may be corrected by written notification

20  to opposing counsel accompanied by copies of the previously-produced copies marked with the

21  appropriate confidentiality designation.  The Receiving Party shall make a reasonable effort to

22  substitute the new copies for the previous copies, including but not limited to recalling any copies from

23  any Expert and substituting correct copies.  Opposing counsel and the opposing party shall not be

24  responsible for any otherwise proper actions it took with respect to the information before receiving

25  notice of the designation.

26  **11.    Designation Of Testimony**

27          Portions of testimony given at a deposition or hearing, including exhibits, may be designated as

28  CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY by an

371673674v1

1  appropriate statement on the record at the time of the giving of the testimony, or upon review of the

2  transcript by counsel for the Party whose CONFIDENTIAL material or HIGHLY CONFIDENTIAL -

3  OUTSIDE COUNSEL'S EYES ONLY material was given or otherwise produced at the deposition.

4  Review by counsel shall occur within thirty (30) days after counsel's receipt of the transcript and shall

5  occur as follows: counsel shall designate and list on a separate piece of paper the numbers of the pages

6  and the numbers of the lines of the transcript containing CONFIDENTIAL or HIGHLY

7  CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY material and shall mail copies of this list

8  to counsel for all parties so that it may be affixed to the face of the transcript and also to each copy.

9  During this thirty (30) day review period the entire deposition transcript, including exhibits, shall be

10  deemed HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY material.  If there is no

11  statement on the record designating any portion of the transcript as CONFIDENTIAL or HIGHLY

12  CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY, and if no designation is made within the

13  thirty (30) day review period, the transcript shall be considered as containing no CONFIDENTIAL or

14  HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY material, except for designations

15  inadvertently omitted, which may be corrected by written notification as set forth in Paragraph 9.

16  **12.     Use Of Disclosure or Discovery Materials**

17         All Disclosure or Discovery Material, whether or not designated CONFIDENTIAL or

18  HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY, shall be used solely in

19  connection with this litigation and shall not be used for any business, commercial, competitive,

20  personal or other purpose, including patent prosecution or product design and development.  Counsel

21  of record and the parties shall take reasonable steps necessary to maintain CONFIDENTIAL or

22  HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY information in confidence and

23  prevent persons from using, disclosing, or recording the CONFIDENTIAL or HIGHLY

24  CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY information for any other purpose.

25  **13.     Storage Of Protected Materials**

26         All CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY

27  material shall be stored under the direct control of outside counsel of record or persons approved under

28  the provisions of Paragraphs 4 and 5 of this Order who shall maintain the information in a secure and

371673674v1

1  safe area and shall exercise the same standard of due and proper care with respect to the storage,

2  custody, use and/or dissemination of the material as is exercised by the Receiving Party with respect to

3  its own proprietary information, but no less than a reasonable standard of due and proper care, and

4  shall be responsible for preventing any disclosure of the material, except in accordance with the terms

5  of this Order.

6  **14.    Disposition Of Protected Materials Upon Termination Of Case**

7       After a final, non-appealable termination of this case, receiving outside counsel may retain

8  copies of the pleadings, correspondence, and depositions, and may retain documents, things, copies,

9  and samples to the extent they include or reflect receiving attorney's work product. All other

10  CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY material

11  produced by a Party, and all copies, shall be returned to the Producing Party, or counsel of record for

12  the Receiving Party shall certify in writing that the material has been destroyed. The obligation to

13  return materials includes all materials, including any copy or derivative work product, that have been

14  provided to any Expert. No Expert or Professional Vendor shall retain any CONFIDENTIAL or

15  HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY materials, or copies or

16  derivative materials thereof, of an opposing party or non-party after the termination of this case. The

17  obligation on outside counsel to maintain the confidentiality of materials designated as

18  CONFIDENTIAL and HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY pursuant

19  to this Order shall be deemed continuing.

20  **15.    Filing Protected Materials With The Court**

21       No CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY

22  material shall be filed in public record of this action except as provided for by this paragraph. A Party

23  that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. All

24  material designated in accordance with the terms of this Order that is filed with the Court, and any

25  pleadings, motions, or other papers filed with the Court disclosing any Protected Material, shall be

26  filed in a sealed envelope and kept under seal by the Clerk of this Court until further order of the

27  Court. Where possible only CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE

28  COUNSEL'S EYES ONLY portions of filings with the Court shall be filed under seal. To facilitate

1  compliance with this order by the Clerk's office, material filed under the designation

2  CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY shall be

3  contained in a sealed envelope bearing the designation on its front face. In addition, the envelope shall

4  bear the caption of the case for docketing purposes, and shall state that it is filed under the terms of this

5  Order.

6  **16.    Examining Witnesses On Protected Materials**

7          Notwithstanding any other provision of this Order, a Party, present employee of a Party, or

8  Expert of a Party may be examined and may testify concerning all CONFIDENTIAL and HIGHLY

9  CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY information produced by that Party; and

10  non-parties may be examined in deposition and may testify concerning any document containing

11  CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY

12  information of a Producing Party where it clearly and obviously appears on the face of the document or

13  from other documents or testimony to have been prepared by, received by, known by, or

14  communicated to the non-party. Counsel for the Producing Party at the deposition may object that

15  prior to showing the document to a non-party, the non-party must sign the Confidentiality Agreement

16  and Undertaking attached as Exhibit A.

17  **17.    Consent To Jurisdiction**

18          Each person who receives any CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE

19  COUNSEL'S EYES ONLY material in accordance with any provision of this Order hereby agrees to

20  subject himself/herself to the jurisdiction of this Court for the purpose of any proceeding relating to the

21  performance under, compliance with, or violation of, this Order.

22  **18.    In Camera Treatment Of Protected Materials**

23          The parties will confer, and then apply to the Court, regarding the procedures to be used for the

24  in-camera treatment at any trial, hearing or other proceeding of CONFIDENTIAL or HIGHLY

25  CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY material. In no event will any

26  CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY materials

27  be disclosed in any hearing, trial or other proceeding without at least ten (10) days written notice to the

28  Designating Party that the Receiving Party intends to disclose the materials, so that the Designating

1  Party may take appropriate steps to limit the public disclosure of its information.

2  **19.    Designation Of Non-Party Confidential Information**

3  The provisions of this Order shall be available for application to non-parties who are required
4  to produce confidential information in response to a subpoena, and who in good faith believe that the
5  responsive material contains confidential information.  Any non-party who produces documents or
6  other information in connection with this litigation may designate the documents or information
7  produced as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES
8  ONLY.

9  **20.    Subpoena By Other Courts Or Agencies**

10  If a third party, another court, or agency orders the production of documents or information
11  designated for protection under this Order, the Party shall promptly notify the Producing Party who
12  designated the material of the order or subpoena so that the Producing Party may take steps to ensure
13  its confidential information is protected.

14  **21.    Challenging Designations**

15  A party may challenge the propriety of a designation of material as CONFIDENTIAL or
16  HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY.  A Party, or aggrieved entity
17  permitted by the Court to intervene for the purpose, shall not be obligated to challenge the propriety of
18  a designation at the time made, and a failure to do so shall not preclude a subsequent challenge.  In the
19  event that any Party to this litigation, or aggrieved entity permitted by the Court to intervene for the
20  purpose, has a good faith disagreement at any stage of these proceedings with the designation of any
21  information as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES
22  ONLY, or the designation of any person as a Qualified Person, the parties shall first try to resolve the
23  dispute on an informal basis.

24  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation or
25  a Qualified Person must do so in good faith and must begin the process by directly conferring with
26  counsel for the Designating Party.  Written meet and confer alone is insufficient.  In conferring
27  regarding a confidentiality designation, the challenging Party must explain the basis for its belief that
28  the confidentiality designation was not proper and must give the Designating Party an opportunity to

1  review the designated material, to reconsider the circumstances, and, if no change in designation is

2  offered, to explain the basis of the chosen designation.  A challenging Party may proceed to the next

3  stage of the challenge process only if it has engaged in this meet and confer process first.

4      If the dispute cannot be resolved during the meet and confer process, the challenging Party may

5  file a noticed motion with the Court for an order invalidating or modifying the designation to which the

6  moving party objects.  The motion should identify with particularity the specific document or

7  information that the challenging Party believes was improperly designated and state with particularity

8  and detail the factual and legal grounds on which the challenging party disagrees with the designation.

9  The restricted status of the information will remain unless and until the Court rules on the motion and

10  determines that the information is not entitled to its designated status.  In connection with the motion,

11  the Designating Party bears the burden of proof to show good cause for the document to have the

12  protection claimed by the Designating Party.

13      If the Designating Party is unsuccessful at maintaining the original designation of Protected

14  Material after being challenged, and is ordered by the Court to de-designate material originally

15  designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES

16  ONLY, the Designating Party shall pay the reasonable fees and costs incurred by the Receiving Party

17  in litigating the challenge to the Designating Party's designations.

18  **22.    Scope**

19      The protections conferred by this Order cover all Protected Material, including any information

20  copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus

21  testimony, conversations, or presentations by parties or counsel to or in court or in other settings that

22  might reveal Protected Material.

23  **22.    Duration**

24      Even after the termination of this litigation, the confidentiality obligations imposed by this

25  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

26  otherwise directs.

27  **23.    Exceptions**

28      This Order shall not prevent or prejudice any Party from applying to the Court for relief from

1  or modification to this Order or for further or additional protection protective orders.  Likewise, the
2  parties may agree to a modification of this Order subject to the Court's approval.
3      This Order has no effect on and shall not apply to a Party's use or disclosure of its own
4  confidential information for any purpose.

5  **24.    Modifications**

6      Any Party may at any time seek modification of this Order or may challenge the propriety of a
7  designation, by agreement, or failing agreement, by motion to the Court, pursuant to the federal and
8  local rules.

9      After notice to the parties, this Court retains the right to modify this Order without agreement
10  of the parties.

11  **25.    Agreement To Be Bound**

12      The parties agree to be bound by the terms of the Order prior to and after entry by the Court.

13      **IT IS SO ORDERED.**

14

15  Dated:_____        _____
                                            HON. PHYLLIS J. HAMILTON
16                                          UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] PROTECTIVE ORDER
371673674v1

# Exhibit A

## UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| AUTHENTEC, INC., a Delaware Corporation,<br><br>       Plaintiff,<br><br>     v.<br><br>ATRUA TECHNOLOGIES, INC., a California Corporation,<br><br>       Defendant. | Case No. C08-01423 PJH<br><br>**CONFIDENTIALITY AGREEMENT AND UNDERTAKING** |

ATRUA TECHNOLOGIES, INC., a California Corporation,

       Counterclaimant,

     v.

AUTHENTEC, INC., a Delaware Corporation,

       CounterDefandant.

1.     I am familiar with and agree to be bound by the terms of the Stipulated Protective Order in the above-captioned *AuthenTec, Inc. v. Atrua Technologies, Inc.* litigation pending in the United States District Court for the Northern District of California.

2.     I will only make copies or notes concerning documents designated CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY as are necessary to enable me to render assistance in connection with this litigation, and all copies and notes shall be preserved in a separate file maintained as confidential and marked for return or destruction upon the completion of this litigation under the terms of the Stipulated Protective Order in this case.

3.     I will not intentionally reveal the contents of CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material to any unauthorized person.

4.     I will not intentionally use CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material for any purpose other than in connection with this action.

371673674v1

5.     By signing below, I hereby acknowledge:

(a) that I have read and understand the terms of the Stipulated Protective Order and this Confidentiality Agreement and Undertaking,

(b) that I agree to be bound by the terms of each, and

(c) that I consent to the jurisdiction of the Court for enforcement of this Confidentiality Agreement and Undertaking.

EXECUTED this _____ day of _____, 200__.

_____
Signature

_____
Printed Name

_____
Affiliation

_____
Street Address

_____
City, State, Zip Code

371673674v1