1  Henry C. Bunsow (SBN 60707)
   bunsowh@howrey.com
2  Denise M. De Mory (SBN 168076)
   demoryd@howrey.com
3  Matthew F. Greinert (SBN 239492)
   greinertm@howrey.com
4  HOWREY LLP
   525 Market Street, Suite 3600
5  San Francisco, California  94105
   Telephone:  (415) 848-4900
6  Facsimile:  (415) 848-4999

7  Elizabeth Hoult Fontaine (SBN 207557)
   fontainee@howrey.com
8  HOWREY LLP
   4 Park Plaza, Suite 1700
9  Irvine, California  92614
   Telephone:  (949) 721-6900
10 Facsimile:  (949) 721-6910

11 Attorneys for Plaintiff
   AUTHENTEC, INC.

12                          UNITED STATES DISTRICT COURT

13                         NORTHERN DISTRICT OF CALIFORNIA

14                               SAN FRANCISCO DIVISION

15

| AuthenTec, Inc., a Delaware corporation, | Case No. 3:08-CV-1423 PJH |
|---|---|
| Plaintiff, | **PLAINTIFF AUTHENTEC, INC.'S OPPOSITION TO ATRUA'S MOTION FOR ORDER SHORTENING TIME FOR HEARING ON MOTION FOR ENTRY OF PROTECTIVE ORDER AND MOTION TO COMPEL PRODUCTION OF SOURCE CODE** |
| vs. | |
| Atrua Technologies, Inc., a California corporation, | |
| Defendant. | |
| | Judge:   Hon. Phyllis J. Hamilton |
| AND RELATED COUNTERCLAIMS | Date:            October 1, 2008<br>Requested Date: September 10, 2008<br>Time:            9:00 a.m.<br>Ctrm:            Courtroom 3, 17th Floor |

**HOWREY LLP**

Case No.  3: 08-CV-1423 PJH
OPP TO ATRUA'S MTN FOR ORD SHORTENING TIME
FOR HEARING ON MOTION
DM_US:21415401_1

## I. Introduction

Atrua's request to hear a motion for a protective order and to compel on shortened time is based on several demonstrably false assertions and should be denied. Atrua falsely alleges that the lack of a protective order has prevented AuthenTec from producing source code that Atrua suddenly needs immediately to prepare its case. In reality, however, the AuthenTec source code production is not due until October 8, 2008 – after Atrua's protective order motion and frivolous motion to compel would be heard on regular time. Atrua was reminded of this hours before it filed (Ex. 1[1]), but Atrua proceeded undeterred by the true facts, which are undisputed in its motion.[2] Second, although Atrua claims to need source code for its "infringement contentions," in reality, Atrua served its infringement contentions on August 8, 2008 and is well aware that claim construction and further litigation of its patent claims will not occur until some time after April 1, 2009 (the date set for construction of two of AuthenTec's patents). Third, Atrua also knows that although it has no obligation to do so, AuthenTec has already offered to make its source code available for review rendering its motion, and certainly the request to expedite, moot. Finally, Atrua was also advised in advance of requesting a very expedited briefing schedule that counsel for AuthenTec is on vacation this week, but Atrua filed its motion anyway.[3]

Worse yet, Atrua—not AuthenTec—is the party that has failed to timely produce source code. Pursuant to newly adopted Patent Local Rule 3-2(e), Atrua was required to produce source code with

---

[1] All exhibits are attached to the Declaration of Denise M. De Mory In Support of Plaintiff AuthenTec, Inc.'s Opposition to Atrua's Motion for Order Shortening Time for Hearing on Motion for Entry of Protective Order and Motion to Compel Production ("De Mory Decl.").

[2] Because Atrua knows that AuthenTec's source code production is not yet due, neither Atrua's motion to expedite nor the protective order motion indicate the date on which Atrua alleges the AuthenTec code should have been produced or the grounds for compelling production. In fact, Atrua asserted for the *first time* that it allegedly had an "urgent need" for the code at 12:36 a.m. on the day it filed.

[3] The first draft of the protective order was circulated on August 4, 2008, just two weeks before the instant motion was filed. To date, only one brief telephonic meet and confer has occurred regarding the protective order. Correspondence reflects that the parties were still involved in active discussions when Atrua unilaterally declared an impasse. This course of conduct does not bode well for this case.

its infringement contentions on August 8, 2008.[4]  Rather than accept AuthenTec's offer to work toward a resolution of this issue, or to make its code available for review in its offices under the terms proposed by AuthenTec, Atrua instead opted to waste party and judicial resources pursuing this completely unnecessary motion apparently to deflect attention from its own failure to comply with the rules.  The motion to expedite should be denied in its entirety, the motion for a protective order should be denied as premature pending further meet and confer, and Atrua should be ordered to pay fees to deter further unnecessary motion practice.

## II.     Factual Background

On August 4, 2008, just 14 days before Atrua filed its Motion based on its self-declared impasse, AuthenTec sent Atrua a draft PO. (De Mory Decl., ¶3).  In the draft PO, AuthenTec proposed a "review computer" procedure.[5]   Similar procedures are regularly followed both in the Northern District of California and in other courts throughout the country.  *See* Ex. 2, ¶23 at p. 9-11, entered in *Synopsys, Inc. v. Ricoh Co.*, C03-02289-MJJ (EMC) (N.D. Cal. 2004);[6] *Polycom, Inc. v. Codian, Ltd.*, No. 2:05CV520, 2007 U.S. Dist. LEXIS 4293, at *10-13 (E.D. Tex. Jan. 22, 2007) (denying motion to compel production of source code in native format at location other than defendant's place of business); *GM Networks Ltd. v. E-Gold Ltd.,* 01 Civ. 9621 (RMB)(DFE), 2002 U.S. Dist. LEXIS 9957, at *8 (S.D.N.Y. May 17, 2002) (finding review of source code computer at counsel's office and printing of code for exhibits reasonable and without invasion of attorney work product privilege);

---

[4] Rather than reflexively engaging in motion practice, AuthenTec raised this issue with Atrua and has offered to discuss it on several occasions.  Instead of discussing this issue, within days of the issue being raised, Atrua manufactured the alleged impasse and "urgent need" that precipitated this motion.

[5] The proposal sets forth a procedure wherein a computer containing the source code is made available for Atrua's review at AuthenTec's counsel's office, or at another location mutually agreed upon by the parties. (Dkt. No. 41-2 at 8.)  A printer would be provided to allow Atrua to print pages of interest, which would then be labeled with a production number and produced to Atrua to allow use of the source code in depositions and as exhibits. (*See id.*)  Greenberg Traurig's Silicon Valley office, where its counsel Mr. Li works, is literally a stone's throw away from Howrey's office where AuthenTec has offered to provide access to the source code computer; the two buildings are separated by a driveway.  Thus, any claims of unreasonable burden in having to review the computer at Howrey's office should be dismissed, and any work product issues can be resolved, and in any event, do not outweigh the extraordinary need to protect source code.

[6] An unsigned copy is attached because the signed copy is illegible.

*Adobe Sys., Inc. v. Macromedia, Inc.*, CV No. 00-473 (JFF), 2001 U.S. Dist. LEXIS 18630, at *3 (D. Del. Nov. 5, 2001) (ordering production of printed copies of source code to protect against intentional or inadvertent access by persons not a party to the litigation).

On August 8, 2008, infringement contentions were due. The parties agreed that the lack of a protective order would not impede their ability to comply with their obligations under the rules. (De Mory Decl., ¶5, Ex. 3.) AuthenTec served its contentions in compliance with the new Patent Local Rules adopted effective March 1, 2008.[7] In particular, AuthenTec served with its contentions thousands of pages of documents relating to the structure, function, and operation of its own products which it claims practice its asserted patents as required by new Patent Local Rule 3-2(e). Atrua also served its infringement contentions.[8] Atrua's infringement contentions accuse AuthenTec source code as the instrumentality that practices the asserted claims. Accordingly, pursuant to Patent Local Rule 3-4(a), AuthenTec must produce its source code with its October 8, 2008 invalidity contentions. Given that AuthenTec's source code production is not due until after Atrua's motion can be heard on regular time there is no reason to expedite and Atrua's motion to compel is completely frivolous.[9]

On August 11, 2008, the parties held the only telephonic meet and confer that has occurred regarding the protective order. (Id., ¶6.) Atrua sent a letter dated August 11, 2008 memorializing the meet and confer and stating that "[t]he parties agree to provide their proposals to each other in writing and meet and confer again on the issue." (Ex. 4.) Atrua raised an escrow option during the call, which AuthenTec agreed to consider, but Atrua provided no further follow-up. (De Mory Decl., ¶6.)

---

[7] AuthenTec's contentions were served subject to a motion to supplement because AuthenTec had not, and still has not, received any discovery from Atrua regarding its products.

[8] Atrua's contentions, however, did not comply with the new Patent Local Rules. With regard to the instant issues, Atrua did not produce or make available for review its source code or other documents as required by the rules.

[9] The only other conceivable argument Atrua could make is that source code should be produced in response to its document requests. Knowing, however, that the code would be produced pursuant to the Patent Local Rules, Atrua did not serve a request asking for the code or other technical documents, other than manuals, relating to AuthenTec's products. And, even if it could argue the code was responsive to some document request, Atrua itself has not produced a single document in response to AuthenTec's earlier served requests, and has, in fact, proposed a September 17, 2008 mutual exchange of documents, further undercutting its newly manufactured "urgency" claims.

Atrua returned its first redlined version of the PO on August 12, and AuthenTec returned a redlined version on August 14. (Id., ¶8.) On August 15, 2008, the parties exchanged e-mails regarding the draft PO. AuthenTec requested a proposed time for a Monday call. (Id., ¶9, Ex. 5.) After receiving no response during business hours on Monday, AuthenTec requested a Tuesday call. (Id.) The parties were unable to connect on Tuesday and Wednesday despite calls to each other. (Id.) At the end of the day Wednesday, AuthenTec's counsel again requested a specific time for a call. (Id., ¶10, Ex. 6.) Atrua's counsel did not respond, instead sending an e-mail at 12:36 a.m. asserting for the *first time* that AuthenTec's source code production was urgent. AuthenTec responded in full to Atrua's threat to file the instant motion at 1:21 p.m. the same day informing Atrua of the ill-conceived nature of its threatened motion. (Ex. 1.) AuthenTec also explained that even though it was not even yet under an obligation to produce its source code, it had the code ready for review and would make it available provided that Atrua made its overdue code available for review.[10] (Id.) AuthenTec also advised Atrua's counsel that the proposed non-urgent motion would interfere with counsel's vacation. (Id.) Atrua provided no response, but instead several hours later filed the instant motions, which do not even address the issues raised in AuthenTec's letter.

**III.    Argument**

Atrua's protective order motion and motion to compel should not even be before this Court, but even if they were proper, there is certainly no need to accelerate the resolution of them. AuthenTec's source code production is not due until October 8, 2008. Atrua already served its infringement contentions on August 8, 2008. To the extent that the source code has relevance to the mediation, the mediation is not scheduled to occur for over two months, and Atrua will have AuthenTec's source code in the normal course weeks before the mediation. Exchange of preliminary claim constructions are not due for over two and a half months and claim construction and further litigation of Atrua's patent is not even scheduled at this point, and will not occur until some point after April of 2009. Thus, Atrua's claims of substantial harm and prejudice if it does not immediately receive source code

---

[10] As a point of clarification, the source code computer offered for Atrua's review contains approximately 20 GB of data rather than 100 GB referenced by Atrua in its motion.

1  lack merit.  In any event, AuthenTec has already offered to make its source code available for review
2  provided only that Atrua produce its overdue code.   Thus, if Atrua's need was really urgent, it could
3  and should have expended its resources producing its code and reviewing AuthenTec's code – not
4  wasting AuthenTec's and the Court's resources filing this Motion.
5        Atrua's failure to properly meet and confer before filing its motions is also disturbing from the
6  perspective of future interactions between the parties and the Court.  Moreover, its failure to
7  adequately meet and confer provides ample basis for denying the motions outright.  *See Use Techno*
8  *Corp. v. Kenko USA, Inc.*, C-06-02754 EDL, 2007 U.S. Dist. LEXIS 80006 (N.D. Cal. Oct. 18, 2007).
9  At 12:36 a.m. on Thursday, August 21, Atrua unilaterally declared an impasse, and paid lip service to
10 initiating a meet and confer via only the email.  AuthenTec sent a letter in response at 1:21 p.m. the
11 same day.  With no further communication, Atrua filed its motion about six hours later.  This scant
12 exchange did not meet the requirements of Civil L.R. 37-1(a).  *See id.* at *5 ("where Defendants waited
13 until the final day to file a motion to compel before attempting to meet and confer, leaving one
14 message for one of Plaintiffs' attorneys before filing the motion several hours later does not satisfy the
15 basic meet and confer requirement.")  For this reason alone, the motions should be denied.

16 **IV.    Conclusion**

17       For the foregoing reasons, Atrua's motions should be denied.

18 Dated:  August 25, 2008                          Respectfully submitted,

19                                                  HOWREY LLP

20

21
                                                   By:     */s/Denise M. De Mory*
22                                                         Denise M. De Mory
                                                   Attorneys for Plaintiff
23                                                 AUTHENTEC, INC.

24

25

26

27

28

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AuthenTec, Inc., a Delaware corporation,<br><br>        Plaintiff,<br><br>   vs.<br><br>Atrua Technologies, Inc., a California corporation,<br><br>        Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 3:08-CV-1423 PJH<br><br>**[PROPOSED] ORDER DENYING DEFENDANT ATRUA TECHNOLOGIES, INC.'S MOTION FOR ORDER SHORTENING TIME FOR HEARING ON ATRUA'S MOTION FOR ENTRY OF PROTECTIVE ORDER AND MOTION TO COMPEL PRODUCTION OF SOURCE CODE AND DENYING DEFENDANT ATRUA TECHNOLOGIES, INC.'S MOTION FOR ENTRY OF PROTECTIVE ORDER AND MOTION TO COMPEL PRODUCTION OF SOURCE CODE**<br><br>Judge:  Hon. Phyllis J. Hamilton<br><br>Date:               October 1, 2008<br>Requested Date:  September 10, 2008<br>Time:             9:00 a.m.<br>Ctrm:             Courtroom 3, 17th Floor |

**HOWREY LLP**

Case No. 3:08-CV-1423 PJH
[PROPOSED] ORDER DENYING MTN TO SHORTEN
TIME FOR HEARING AND MTN TO COMPEL

DM_US:21419719_1

This matter comes before the Court on the Motion of Defendant Atrua Technologies, Inc. ("Atrua") to Shorten Time for Hearing on Motion for Entry of Protective Order and to Compel Production of Source Code. The Court, having reviewed and considered the parties' respective briefing and arguments in this matter and all relevant factual statements therein, hereby:

DENIES Atrua's Motion to Shorten Time for Hearing on Motion for Entry of Protective Order and to Compel Production of Source Code.

DENIES Atrua's Motion for Entry of Protective Order and to Compel Production of Source Code.

IT IS SO ORDERED

DATED: _____

_____
United States Magistrate Judge

HOWREY LLP

Case No. 3:08-CV-1423 PJH
[PROPOSED] ORDER DENYING MTN TO SHORTEN
TIME FOR HEARING AND MTN TO COMPEL

-1-

DM_US:21419719_1