1   Henry C. Bunsow (SBN 60707)
    bunsowh@howrey.com
2   Denise M. De Mory (SBN 168076)
    demoryd@howrey.com
3   Matthew F. Greinert (SBN 239492)
    greinertm@howrey.com
4   HOWREY LLP
    525 Market Street, Suite 3600
5   San Francisco, California  94105
    Telephone:  (415) 848-4900
6   Facsimile:  (415) 848-4999

7   Elizabeth Hoult Fontaine (SBN 207557)
    fontainee@howrey.com
8   HOWREY LLP
    4 Park Plaza, Suite 1700
9   Irvine, California  92614
    Telephone:  (949) 721-6900
10  Facsimile:  (949) 721-6910

11  Attorneys for Plaintiff
    AUTHENTEC, INC.

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14                SAN FRANCISCO DIVISION

15

16  AuthenTec, Inc., a Delaware corporation,      Case No. 3:08-CV-1423 PJH

17              Plaintiff,                         **DECLARATION OF DENISE M. DE MORY
                                                   IN SUPPORT OF PLAINTIFF
18        vs.                                      AUTHENTEC, INC.'S OPPOSITION TO
                                                   ATRUA'S MOTION FOR ORDER
19  Atrua Technologies, Inc., a California         SHORTENING TIME FOR HEARING ON
    corporation,                                   MOTION FOR ENTRY OF PROTECTIVE
                                                   ORDER AND MOTION TO COMPEL
20              Defendant.                         PRODUCTION OF SOURCE CODE**

21                                                 Judge:   Hon. Phyllis J. Hamilton

22                                                 Date:            October 1, 2008
    AND RELATED COUNTERCLAIMS                      Requested Date:  September 10, 2008
23                                                 Time:            9:00 a.m.
                                                   Ctrm:            Courtroom 3, 17th Floor
24

25

26

27

28

HOWREY LLP

Case No.  3: 08-CV-1423 PJH
DE MORY DECL. ISO OPP TO ATRUA'S MTN FOR ORD
SHORTENING TIME FOR HEARING ON MOTION
DM_US:21419123_1

I, Denise M. De Mory, declare as follows:

1.    I am an attorney at law, admitted to practice law in the State of California, and a partner in the law firm of Howrey LLP.  I am counsel for Defendant AuthenTec, Inc.  I have personal knowledge of the facts contained in this declaration, and if called upon to do so, I could and would testify competently thereto.

2.    Attached as Exhibit 1 is a true and correct copy of a letter from me to Mr. J. James Li dated August 21, 2008.

3.    On August 4, 2008, I sent Mr. J. James Li, counsel for Atrua, an e-mail attaching a draft of AuthenTec's proposed protective order.

4.    Attached as Exhibit 2 is a true and correct copy of a Stipulated Protective Order entered in *Synopsys, Inc. v. Ricoh Co.*, C03-02289-MJJ (EMC) (N.D. Cal. 2004), containing even stricter source code review provisions than those proposed by AuthenTec in this case.

5.    On August 7, 2008, Mr. J. James Li and I communicated via e-mail concerning the production due the following day with Infringement Contentions.  We agreed that the lack of a protective order would not impede the parties' abilities to comply with their obligations under the Patent Local Rules.  During the course of the communications with Mr. Li, I also raised an issue with regard to Atrua's production of source code and suggested that Atrua could make it available for review at Mr. Li's office.  Attached as Exhibit 3 is a true and correct copy of an e-mail chain between Mr. Li and me ending on August 7, 2008 concerning source code review procedures.

6.    On August 11, 2008, I spoke via telephone with Mr. Li.  During the call we discussed issues related to the protective order and discussed different potential options for the source code review procedure.  One option Atrua raised concerned provision of the source code to an escrow provider.  I agreed to consider the option if provided more information.  Atrua has not provided any additional information requested.

7.    Attached as Exhibit 4 is a true and correct copy of a letter from Mr. J. James Li to me dated August 11, 2008.

HOWREY LLP

Case No.  3: 08-CV-1423 PJH
DE MORY DECL. ISO OPP TO ATRUA'S MTN FOR ORD
SHORTENING TIME FOR HEARING ON MOTION
DM_US:21419123_1

8.      On August 12, 2008, Atrua returned a redlined version of the proposed protective order that deleted AuthenTec's source code review provision and replaced it with a variation of Atrua's current proposal.  On August 14, 2008, I sent a redlined version of the protective order back to Atrua.

9.      On Friday, August 15, 2008, I requested a proposed time for a meet and confer on the following Monday.  Attached as Exhibit 5 is a true and correct copy of the e-mail chain between Mr. Li and me ending on August 15, 2008 with my request for a proposed time.  I received no response from Mr. Li during business hours on Monday, so then requested a call for Tuesday.  Although Mr. Li and I exchanged messages on Tuesday and Wednesday, we were unable to speak directly.

10.     On Wednesday, August 20, 2008, I requested a proposed time for a call.  Attached as Exhibit 6 is a true and correct copy of my e-mail to Mr. Li containing my request.

Executed in the State of Hawaii on August 25, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
            */s/Denise M. De Mory*
            Denise M. De Mory

# EXHIBIT 1



525 Market Street
Suite 3600
San Francisco, CA 94105-2708
www.howrey.com

**Denise M. De Mory**
Partner
**T** 415.848.4983
**F** 415.848.4999
demoryd@howrey.com
File 00474.0004.000000

August 21, 2008

**VIA EMAIL**

J. James Li, Esq.
GREENBERG TRAURIG, LLP
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303

      **Re:**    *AuthenTec Inc. v. Atrua Technologies, Inc.*;
            **Case No. 08-CV-1423 PJH**

Dear Jim:

      I write in response to your email sent at 12:36 a.m. today. Please be advised that the motions you describe in your email lack merit, are improper, and premature. We will move for costs and fees if you file the motions.

      In the first instance, your source code was required to be produced with your infringement contentions on August 8, but you have not yet produced it in any form. You had an obligation to produce your code on August 8 because if you contend that products you sell practice your asserted patent, the currently applicable Local Rules (which you did not follow) require you to produce documents sufficient to show the structure and operation of the claimed invention in your product. Your patent relates to image processing, which is undoubtedly implemented in software in the products you contend practice the asserted claims. Notwithstanding this, you have failed to produce the code or any other products that describe the function and operation of these features in your products, and thus, you have violated the Local Rules. Moreover, your contentions otherwise fail to comply with current applicable rules. We could simply move to strike your contentions and/or have grounds to immediately move to compel, but we have brought this to your attention first, and remain willing to discuss these issues.

      In contrast, our source code production relating to your infringement contentions is not due until October 8 with our invalidity contentions. In accordance with Patent Local Rule 3-4: "With the 'Invalidity Contentions,' the party opposing a claim of patent infringement shall produce or make available for inspection and copying: **(a)** Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) chart." You pointed to our code in your 3.1(c) chart. We do not have an obligation to produce our code until October 8 with our invalidity contentions. Thus,

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON  LOS ANGELES
MADRID  MUNICH  NEW YORK  NORTHERN VIRGINIA  PARIS  SALT LAKE CITY  SAN FRANCISCO  TAIPEI  WASHINGTON, DC

DM_US:21412830_1

your proposed motion to compel, and in particular the request that the motion be heard on an expedited schedule, is frivolous in view of these rules.

Your only other possible argument regarding production of the source code might be that we should produce the source code in response to your document requests. However, a motion to compel based on this argument would be frivolous as well. Most significantly, although we served a document request asking for documents sufficient to show the structure and operation of your devices (with which you have not yet complied), you did not serve a similar request. Thus, you cannot even argue at this point that these documents should have been produced in response to your document requests. Even if you could, however, any such argument would also lack merit. To refresh your recollection, your August 15 e-mail made the following proposal with regard to document production in response to document requests: "Let's shoot for a target date we both will produce responsive documents, a kind of document exchange date. How about Sept. 17, approximately a month from now?" It is disingenuous for you to now threaten to move to compel anything prior to the date on which you personally have requested that we produce documents. Finally, your "urgent need" contention is particularly egregious in view your suggestion that the document production not even begin until one month from now. Moreover, claim construction for your patent will not even begin until after April 9, 2009. Simply put, there is no justification for bringing the motion described, particularly on shortened time.

Even though we have no obligation to make our source code available yet, we have collected the code and could make it available for review as early as tomorrow in our East Palo Alto office or our DC office provided, however, that you also make your code available for review at the same time in your East Palo Alto office. Given that the code is currently available for review under the very reasonable condition that you produce your overdue code, any motion to compel is moot. Indeed, the code is available for your review long before it is required to be available under any circumstances.

Given that our production is not due until October 8, I am sure we can work out the issues we are having regarding the format in which it should be produced before then. In the event that we actually reach an impasse, I suggest a joint letter to avoid undue burden to the Court. As we discussed, we are also still investigating alternatives to the review computer, and you in fact indicated that you were going to propose an escrow company, which you never did.

Please also note that I am on vacation with my family next week, and thus, the schedule you propose is unworkable in any regard. Finally, as I indicated in my e-mail to you yesterday, I am available Friday morning to meet and confer about your failure to comply with the Patent Local Rules as well as the other issues in the protective order. I look forward to promptly resolving issues regarding your failure to comply with the Patent Local Rules.

Finally, on a separate note, your letter of August 11 did not contain a complete list of the document requests that you agreed to clarify. The missing requests are Nos. 9, 10 and 27. Moreover, you still owe us the letter clarifying the requests identified in your August 11 letter. We also suggested on the August 11 meet and confer call that you provide us with electronic search terms. If you intend to accept our suggestion, depending on what you provide, even if we

J. James Li, Esq.
August 21, 2008
Page 3

fully agree to the terms, it is going to take some time to complete the searches, review the results, and produce the documents. Thus, while we will work toward your September 17 proposed date with regard to document production and will continue our rolling production, we cannot commit to completing our production by that date. Please let me know what time you want to talk tomorrow morning.

Very truly yours,

Denise M. De Mory

DMD:plk

# EXHIBIT 2

1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9                     SAN FRANCISCO DIVISION

10

11    _____
      SYNOPSYS, INC.,                    )
12                                       )    CASE NO. C03-02289-MJJ (EMC)
                          Plaintiff,     )
13                                       )    **[PROPOSED] STIPULATED PROTECTIVE**
               vs.                       )    **ORDER**
14                                       )
      RICOH COMPANY, LTD.,               )
15                                       )
                          Defendant.     )
16    _____   )

17        1.  All Confidential Information produced or exchanged in the course of this litigation shall

18    be used solely for the purpose of preparation and trial of this litigation and for no other purpose

19    whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

20        2.  "Confidential Information," as used herein, means any information of any type, kind or

21    character that is designated as "Confidential" by any of the supplying or receiving parties, whether it be

22    a document, information contained in a document, information revealed during a deposition, information

23    revealed in an interrogatory answer or otherwise.  In designating information as "Confidential," a party

24    will make such designation only as to that information that it in good faith believes contains

25
26    "Confidential Information."

27        3.  (a) "Confidential Information" includes, but is not limited to, (i) proprietary technical

28

1

information and specifications, (ii) trade secrets (iii) confidential know-how, and (iv) proprietary business and financial information and any other non-public information, the disclosure of which is likely to have the effect of causing significant competitive harm to the disclosing party or party from which the information was obtained. Nothing in this paragraph shall be construed to limit the description of "Confidential Information" set forth in paragraph 2.

(b) Nothing shall be regarded as "Confidential Information" if it is information that:

(i) is in the public domain at the time of disclosure, as evidenced by a written document;

(ii) becomes part of the public domain through no fault of the other party, as evidenced by a written document;

(iii) was in the receiving party's rightful and lawful possession at the time of disclosure, as evidenced by a written document; or

(iv) is lawfully received by the receiving party from a third party at a later date without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

4. "Qualified Persons," as used herein means:

(a) To the Court and its officers and staff, including court reporters;

(b) Outside attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

(c) Outside experts, consultants, advisors or investigators (collectively referred to hereafter as "experts") who have signed an undertaking pursuant to paragraph 5 but only after compliance with the provisions of paragraph 5 below;

(d) To non-party support services including, but not limited to, court reporters, outside copy services, document imaging and database services, design services who have signed confidentiality agreements, jury consultants who have signed confidentiality agreements, mock jurors who have signed confidentiality agreements, and language translators who have signed confidentiality agreements

2

(including support staff) as may be reasonably necessary in connection with the preparation or conduct of this action;

(e) Anyone to whom the parties consent in writing; and

(f) If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice and opportunity to be heard to all parties.

5.    Prior to the disclosure of any "Confidential Information" to any expert under Paragraph 4(c), counsel for the Party seeking to make the disclosure shall: (i) deliver a copy of this Protective Order as entered to such person, explain its terms to such person, and secure the signature of such person on a written undertaking in the form attached hereto as Exhibit A, and (ii) transmit by facsimile and mail to counsel for the other Parties a copy of the signed Exhibit A, accompanied by a curriculum vitae, at least ten (10) calendar days before any "Confidential Information" designated under this Protective Order is to be disclosed to the signator. The curriculum vitae should identify the general area(s) of expertise of the expert, provide a brief job history, specify all employment, expert or consulting engagements by the expert within the past five (5) years, and state all present or prior relationships between the expert and any entity directly or indirectly involved in this litigation or providing an indemnity to any such entity, its subsidiaries or its affiliates. Any Party may object to the proposed disclosure to an expert within the ten (10) calendar day period following the transmittal of Exhibit A and the curriculum vitae, by stating specifically in writing the reasons why the Party believes such expert should not receive designated "Confidential Information." If during that ten (10) calendar day period a Party makes such a written objection, there shall be no disclosure of "Confidential Information" to the expert absent mutual agreement of the Parties, waiver of the objection as stated below, or further order of the Court. After a Party objects to the proposed disclosure to an expert, the objecting Party shall move, by noticed motion or by ex parte application, for an order that disclosure not be made to such expert within five (5) business days following the date that the objection is made, or the Party's objection shall be deemed waived and disclosure may be made to the expert. The burden shall be on the

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. C03-2289 MJJ (EMC)

objecting Party to establish why the disclosure should not be made. Each Party shall maintain a file of all such signed copies of Exhibit A. However, it shall not be necessary for administrative, secretarial or clerical personnel working for such Qualified Person to sign a written undertaking.

6.    (a) Documents produced in this action may be designated by any party or parties as "Confidential" by marking each page of the document(s) with the designation "Confidential."

(b) In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

(c) If the document is not in paper form, the producing person or entity shall use other such reasonable means as necessary to identify clearly the document or information as "Confidential."

7.    Discovery responses or other litigation materials may be designated by any party or parties as "Confidential" by marking each page of the response with the designation "Confidential."

8.    The designation of information disclosed during a deposition as "Confidential" shall be made either by a statement on the record at the deposition or within twenty (20) calendar days after receipt by counsel of a copy of the deposition transcript. Such designation will be applied to only those portions of the deposition transcript that include a specific question and response or series of questions and responses containing "Confidential Information." The deposition transcript shall be printed in consecutive pages (whether or not some pages are designated as "Confidential") with a marking on the cover of the deposition transcript indicating the "Confidential" designation contained therein. Unless previously designated otherwise, all deposition transcripts shall be treated as "Confidential" in their entirety prior to the end of the twenty (20) calendar day period following receipt by counsel of a copy of the deposition transcript.

9.    "Confidential Information" shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except that nothing herein is intended to prevent individuals who are in-house counsel or a member of the professional legal department of the Parties

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. C03-2289 MJJ (EMC)

from having access to pleadings, briefs and exhibits or declarations filed with the Court and expert reports, including exhibits that are designated as "Confidential."

      10. (a) Documents to be inspected shall be treated as "Confidential" although such documents need not be marked as "Confidential" prior to inspection. At the time of copying for the receiving parties, any documents containing "Confidential Information" shall be stamped prominently "Confidential" by the producing party.

      (b) Nothing herein shall prevent disclosure beyond the terms of this Order if each party designating the information as "Confidential" consents to such disclosure or if the Court, after notice to all effected parties, orders such disclosures. Nothing herein shall prevent any counsel of record from utilizing "Confidential Information" in the examination or cross- examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential Information," irrespective of which party produced such information. Nothing herein shall prevent any counsel of record from utilizing "Confidential Information" in the examination or cross-examination of any person who is a current or former officer, director or employee of the party so designating the information as "Confidential" or of the party that produced the information or of a related entity.

      11. If a party inadvertently discloses any document or thing containing information that it deems confidential without designating it as "Confidential," the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing, and the receiving party and all Qualified Persons possessing such information shall thereafter treat the information as "Confidential" under this Order. To the extent such information may have been disclosed to persons other than Qualified Persons described in this document, the receiving party shall make every reasonable effort to retrieve the information promptly from such persons and to avoid any further disclosure to and by such persons.

      12. A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

1    Nor will the failure to object be construed as an admission that any particular "Confidential

2    Information" contains or reflects currently valuable trade secrets or confidential commercial

3    information. In the event that any party to this litigation disagrees at any stage of these proceedings with

4    the designation by the designating party of any information as "Confidential," or the designation of any

5    person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an

6    informal basis, such as production of redacted copies. If the parties are unsuccessful in informally

7    resolving any disputes regarding the designation of any document or information as "Confidential," the

8    Court shall resolve all such disputes. It shall be the burden of the party making any designation to

9    establish that the information so designated is "Confidential" within the meaning of this Protective

10   Order. The "Confidential Information" that is the subject of the dispute shall be treated as originally

11   designated pending resolution of the dispute.

12

13          13. The parties may, by written stipulation filed and approved by the Court, amend this

14   Order, and any party may seek an order of this Court modifying this Protective Order. The parties agree

15   to meet and confer prior to seeking to modify this Protective Order. In addition, the Court may modify

16   this Protective Order in the interest of justice or otherwise at the Court's discretion.

17          14. In the event a party wishes to use any "Confidential Information" in any affidavits, briefs,

18   memoranda of law, or other papers filed with the Court in this litigation, such "Confidential

19   Information" used therein shall be filed under seal with the Court. In addition to placing documents in a

20   sealed envelope with instructions that the document is filed pursuant to the Stipulated Protective Order

21   and that the envelope is not to be opened absent further order of the Court, the envelope should be

22   labeled to identify the title of the case, the case number, and the title of the document.

23

24          15. The Clerk of this Court is directed to maintain under seal all documents and transcripts of

25   deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal

26   with the Court in this litigation that have been designated, in whole or in part, as "Confidential" by a

27   party to this action.

28

6

16. If a Party intends to offer into evidence or otherwise disclose in open court any "Confidential Information" designated by another person or entity, counsel for such Party shall notify the designating person or entity that the Party intends to disclose "Confidential Information" in open court prior to the disclosure, so that the designating person or entity may confer with the Court concerning appropriate procedures for protecting its "Confidential Information."

17. In the event any person or party that has possession, custody, or control of any information designated as "Confidential" pursuant to the terms of this Protective Order receives a subpoena or other process or order to produce such information, such person or party shall notify by mail within five (5) business days of the Party's receipt of the request, the counsel for the party or persons claiming confidential treatment of the documents sought by such subpoenas or other process or order, shall furnish such counsel with a copy of said subpoena or other process or order, and shall cooperate with respect to any procedure sought to be pursued by the party whose interests may be affected. The party asserting the "Confidential" treatment shall have the burden of defending against such subpoena, process or order.  The person or party receiving the subpoena or process or order shall be entitled to comply with it except: (a) to the extent the party asserting the "Confidential" treatment is successful in obtaining an order modifying or quashing it; and (b) in complying with the process or order shall, at a minimum, seek to obtain "Confidential" treatment of the "Confidential Information" before producing it in the other proceeding or action.

18. If the discovery process calls for the production of information that a Party or Non-Party does not wish to produce because the Party or Non-Party believes its disclosure would breach an agreement with another person or entity to maintain such information in confidence, the disclosing Party or Non-Party promptly shall give written notice to the other person or entity that its information is subject to discovery in this litigation, and shall provide such person or entity with a copy of this Protective Order. When such written notice is given to the person or entity, the disclosing Party or Non-Party will advise the potential receiving Party that such notice has been given.  The person or entity

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. C03-2289 MJJ (EMC)

whose information may be subject to discovery shall have ten (10) business days from receipt of the written notice in which to seek relief from the Court, if the person or entity so desires.  If the ten (10) business days elapse without the person or entity seeking relief from the Court, the requested information shall be produced in accordance with the terms of this Protective Order.

19. In the event that additional persons or entities become Parties, none of such Parties' counsel, experts or consultants retained to assist said counsel, shall have access to "Confidential Information" produced by or obtained from any other producing person or entity until said Party has executed and filed with the Court its agreement to be fully bound by this Protective Order.

20. This Protective Order shall apply to the parties and any non-party from whom discovery may be sought and who desires protection for the discovery sought.  Thus, any non- party requested or required to produce or disclose information in this proceeding, through subpoena or otherwise, may designate such information pursuant to the terms of this Protective Order.

21. (a) Nothing herein requires disclosure of information, documents or things which the disclosing entity contends is protected from disclosure by the attorney-client privilege or the work-product exception.  Nothing herein shall preclude any party from moving this Court for an order directing the disclosure of such information, documents or things.

(b) In the event that any privileged attorney-client or work product documents or things are inadvertently produced for inspection and/or provided, the disclosing party shall identify such documents or things within five (5) days of when it discovers that the privileged materials were inadvertently produced for inspection and/or provided, and either (1) copies shall not be provided, or (2) if copies have already been provided, all copies in the receiving party's possession shall be promptly returned (and not relied upon) by the receiving party. Nothing in this paragraph shall prevent the receiving party from contending that the identified materials are not privileged, that the material was not inadvertently produced, or that privilege was waived for reasons other than mere inadvertent production of the material.

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. C03-2289 MJJ (EMC)

22. Within ninety (90) days after conclusion of this litigation and any and all appeals thereof, any document and all reproductions of "Confidential" documents produced by a party that are in the possession of any Qualified Person shall be returned to the producing party or, with the consent of the producing party, destroyed. If destroyed, counsel for the receiving party shall certify to counsel for the producing party compliance with this paragraph within fourteen (14) calendar days of such destruction. Outside counsel for each party may maintain in its files one copy of all material produced as well as all materials filed with or otherwise presented to the Court, deposition and trial transcripts, and work product (regardless of whether such materials contain or refer to "Confidential" materials). If counsel retains such materials, the materials which contain Confidential Information shall be accessible only by Qualified Persons defined in paragraph 4(b) above. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation including any subsequent appeals or later proceedings, except that (a) there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders. The Court shall retain jurisdiction to enforce the performance of said obligations.

23. (a) At the election of the Producing Party, a Receiving Party's access to a Producing Party's discoverable source code may be limited to inspection of the code at a secured facility provided by the Producing Party. Such inspection may be conducted only by persons identified in advance by the Receiving Party on a list of "Qualified Inspecting Personnel" which may include:

(1) the Receiving Party's Outside Counsel of record in this action; and

(2) up to three Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order (Exhibit A) and who have been approved pursuant to the "Procedures for Approving Disclosure of 'CONFIDENTIAL' information of Items to 'Experts'" as set forth in paragraph 5.

9

1          (b)     The following provisions relate to Synopsys' provision of access to the Source

2 Code for versions of its commercial products:

3          (1)     Synopsys will make available a closed room at its facility in Bethesda,

4 Maryland for use by Ricoh's Qualified Inspecting Personnel. The room will be set aside

5 for the exclusive use of Ricoh's Qualified Inspecting Personnel and will not be used by

6 Synopsys or any other party when Ricoh's Qualified Inspecting Personnel are not present.

7 The room will be available for a minimum of twelve weeks. After twelve weeks, and

8 after consultation with Ricoh, Synopsys may close the facility pursuant to the procedures

9 described in paragraph 4 below. If the facility is closed, Synopsys agrees to make the

10 source code available for inspection under similar procedures at another date prior to the

11 close of expert discovery.

12          (2)     Synopsys will equip the closed room with a private phone if a phone jack

13 is already available in the room, a stand-alone, non-networked, computer and high-speed

14 printer. The computer will be loaded with copies of the source code to be produced and

15 utilities required to review the code.  The source code shall include the code which is

16 used by Synopsys and no notes, comments, or any segments shall be removed before

17 being made available.  The computer will be equipped with the text editors available in a

18 standard Unix distribution, suitable for use in editing the source code.  Synopsys will

19 assist Ricoh in loading software that Ricoh may require for analysis of the source code.

20 The computer shall also be loaded with a complete distribution of the Synopsys software

21 that is fully operable and executable.

22          (3)     Ricoh may print copies of a reasonable subset of the source code for the

23 Synopsys products at issue. Any printing done at the secure facility will be done

24 exclusively on paper supplied by Synopsys. Synopsys may elect to place preprinted

25 confidential designations on the margins of the paper. Ricoh's Qualified Inspecting

26 Personnel are not to bring blank paper into the closed room except for the purpose of

27 making handwritten notes. Synopsys will initially supply Ricoh with 5,000 pages of

28

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. C03-2289 MJJ (EMC)

paper for use with the printer. This figure is based on the estimate that 5,000 pages should be sufficient to print approximately 5% of the source code for Design Compiler. If at any time, Ricoh believes that additional printing and paper is required, Ricoh may submit additional requests for paper to Synopsys with a general statement of the basis of the request.  Synopsys will respond within one week to any such request. If the parties are unable to come to agreement after conferral, the matter may be presented to the Court. In evaluating requests for paper, the relevant standard to be applied is that Ricoh should be allowed to print hardcopies of a reasonable subset of the Synopsys source code and that what is reasonable shall be evaluated in light of relevance of the code to Ricoh's allegations and Synopsys' interest in preventing release in hardcopy of more than a fraction of its source code.

(4)    Ricoh will be permitted to send individuals from the list of Qualified Inspecting Personnel to participate in and/or witness the closing of the secured facility. Before closing of the facility, Ricoh's representatives may provide a list of procedures that they wish to perform to ensure that any electronic record of their use of the machine has been erased.

(c)    The Receiving Party will provide the Producing Party with a copy of its list of "Qualified Inspecting Personnel" no later than 5 business days before any person on the list attempts to access the secured facility. The Receiving Party may revise the list to add or remove individuals, provided that no more than a total of three Experts are ever provided with access to the source code during the entire course of the litigation absent an agreement by the parties or a Court Order to expand this number.

(d)    Any notes taken or any other information created by Outside Counsel or the experts of the Receiving Party at or based on any inspection of the source code shall be treated as "CONFIDENTIAL" under this Protective Order.

24. This Order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. C03-2289 MJJ (EMC)

1   "Confidential Information" produced or exchanged herein; provided, however, that in rendering such

2   advice and otherwise communicating with his client, the attorney shall not disclose the specific contents

3   of any 'Confidential Information" produced by another party herein, which disclosure would be contrary

4   to the terms of this Protective Order.

5          25. The Court shall retain jurisdiction to enforce the terms of this order for six (6) months

6   after the final termination of this action.

7   Dated:  March 23, 2004                    HOWREY SIMON ARNOLD & WHITE, LLP

8

9

10                                           /s/  Christopher L. Kelley
                                             Teresa M. Corbin, Esq.
11                                           Christopher Kelley, Esq.
                                             Erik K. Moller, Esq.
12                                           Attorneys for Plaintiff SYNOPSYS, INC.
                                             301 Ravenswood Avenue
13                                           Menlo Park, CA 94025
                                             Telephone: (650) 463-8100
14                                           Facsimile: (650) 463-8400

15

16  Dated:  March 23, 2004                    DICKSTEIN SHAPIRO MORIN & OSHINSKY, LLP

17                                           /s/   Kenneth W. Brothers
                                             Kenneth W. Brothers, Esq. (*pro hac vice*)
18                                           Attorneys for Defendant  RICOH COMPANY, LTD.
                                             2101 L Street NW
19                                           Washington, DC  20037
                                             Telephone:  (202) 785-9700
20                                           Facsimile:  (202) 887-0689

21

22                                        **ORDER**

23
       **SO ORDERED** this _____ day of _____, 2004.
24

25
                                           _____
26                                         Magistrate Judge Edward M. Chen

27

28

    [PROPOSED] STIPULATED PROTECTIVE ORDER                    12
    CASE NO. C03-2289 MJJ (EMC)

1

2          EXHIBIT A

3

4          UNITED STATES DISTRICT COURT
           NORTHERN DISTRICT OF CALIFORNIA
5          SAN FRANCISCO DIVISION

6   _____
                                    )
7   SYNOPSYS, INC.,                 )    **CASE NO. C03-2289-MJJ (EMC)**
                                    )
8                 Plaintiff,        )
                                    )
9          vs.                      )
                                    )
10  RICOH COMPANY, LTD.,            )
                                    )
11  _____Defendant._____)

12                 <u>UNDERTAKING</u>

13
          My name is _____. I hereby acknowledge that I have been provided with a
14  copy of, have read, and am fully familiar with, the terms of the Stipulated Protective Order entered in
    this action on_____, 2004. I agree to be bound by, and to comply fully with, the terms of the
15  Stipulated Protective Order. I agree not to disclose or disseminate any "Confidential Information," as
    defined by the Stipulated Protective Order, except as permitted therein.
16

17        I hereby submit myself to the jurisdiction of the United States District Court for the Northern
    District of California, San Francisco Division in connection with the enforcement of the Stipulated
18  Protective Order.

19        Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United
    States of America that the foregoing is true and correct.  Executed on _____, 2004.
20

21                              _____

22

23

24

25

26

27

28

# EXHIBIT
# 3

**From:**    DeMory, Denise

**Sent:**    Thursday, August 07, 2008 12:53 PM

**To:**      lij@gtlaw.com; Greinert, Matthew; Fontaine, Elizabeth; Kasenenko, Peter

**Cc:**      henleyr@gtlaw.com; hoggem@gtlaw.com; MaheshwariS@gtlaw.com; mcbrayerb@gtlaw.com; perezdj@gtlaw.com

**Subject:** RE: PO and Rog Responses

Jim,

I do not believe that we have any source code issues with regard to our production tomorrow, so this will not impede our production in view of the discussion in the patent local rules regarding confidentiality. I assume you may have source code issues if you intend to claim that your products practice any claims of the 168 patent. If that is the case, it is fine for you to make it available for electronic review in your office.

Also, our addressee list for these meet and confer communications is: me, Matt, and Elizabeth with a cc to Peter.

Regards,

Denise

---

**From:** lij@gtlaw.com [mailto:lij@gtlaw.com]
**Sent:** Thursday, August 07, 2008 12:13 PM
**To:** DeMory, Denise; Greinert, Matthew; Fontaine, Elizabeth; Bunsow, Henry; Kasenenko, Peter
**Cc:** henleyr@gtlaw.com; hoggem@gtlaw.com; MaheshwariS@gtlaw.com; mcbrayerb@gtlaw.com; perezdj@gtlaw.com
**Subject:** RE: PO and Rog Responses

Denise, are you going to produce documents this Friday in light of PO issue. If not, we will withhold our production, too. Let me know. -Jim

---

**From:** DeMory, Denise [mailto:DeMoryD@howrey.com]
**Sent:** Thursday, August 07, 2008 12:08 PM
**To:** Li, James (Shld-SV-IP/Tech); Greinert, Matthew; Fontaine, Elizabeth; Bunsow, Henry; Kasenenko, Peter
**Cc:** Henley, Regina L. (Secy-SV-IP/Tech); Hogge, Mark L. (Shld-DC-IP/Tech/LT); Maheshwari, Shailendra (Assoc-DC-IP/Tech); McBrayer, Barbara (Para-DC-IP/Tech); Perez, David (Assoc-SV-IP/Tech)
**Subject:** RE: PO and Rog Responses

Jim,

It was exactly the same issue. We are happy to send you the protective order, which is silent as to this issue. After agreeing to the protective order, we litigated this issue and prevailed on only having to provide the code on the review computer in our office. We also handled the depositions without issue. In some cases, we sent the review computer to the deposition site. In other cases, the other side was able to use print outs that were provided pursuant to the procedure in section 7.

Regards,

Denise

**From:** lij@gtlaw.com [mailto:lij@gtlaw.com]
**Sent:** Thursday, August 07, 2008 12:04 PM
**To:** Greinert, Matthew; DeMory, Denise; Fontaine, Elizabeth; Bunsow, Henry; Kasenenko, Peter
**Cc:** henleyr@gtlaw.com; hoggem@gtlaw.com; MaheshwariS@gtlaw.com; mcbrayerb@gtlaw.com; perezdj@gtlaw.com
**Subject:** RE: PO and Rog Responses

Matt, can you send us the protected order in that case? This document does not really fit our situation as Denise initially claimed.

Denise, although I will be able to tell you more after I see the protective order in the Atmel case, just based on the order Matt sent me, your proposal does not pass the muster. The court ordered that you must provide a secure site (physical or virtual) for the other side "to **readily and conveniently** inspect, review, test, analyze and manipulate the native format of the source code." Having to go to your office with three day advance notice is not ready and convenient access. What if we are in a deposition and we need to access the code? I know you are confident in your position, so are we.

In any event, we are not bound by the order. We think we have very good reason to oppose your proposal. We will meet and confer. We have some counter proposal for you to consider, such as limiting the copy of the source code to two designated computers with limited access, etc, which we used in a past case.

Jim

---

**From:** Greinert, Matthew [mailto:GreinertM@howrey.com]
**Sent:** Thursday, August 07, 2008 11:50 AM
**To:** Li, James (Shld-SV-IP/Tech); DeMory, Denise; Fontaine, Elizabeth; Bunsow, Henry; Kasenenko, Peter
**Cc:** Henley, Regina L. (Secy-SV-IP/Tech); Hogge, Mark L. (Shld-DC-IP/Tech/LT); Maheshwari, Shailendra (Assoc-DC-IP/Tech); McBrayer, Barbara (Para-DC-IP/Tech); Perez, David (Assoc-SV-IP/Tech)
**Subject:** RE: PO and Rog Responses

Jim,

I have attached the order in the Atmel v. AuthenTec case.

Regards,

Matt

---

**From:** lij@gtlaw.com [mailto:lij@gtlaw.com]
**Sent:** Thursday, August 07, 2008 11:38 AM
**To:** DeMory, Denise; Fontaine, Elizabeth; Greinert, Matthew; Bunsow, Henry; Kasenenko, Peter
**Cc:** henleyr@gtlaw.com; hoggem@gtlaw.com; MaheshwariS@gtlaw.com; mcbrayerb@gtlaw.com; perezdj@gtlaw.com
**Subject:** RE: PO and Rog Responses

Thanks. We can talk about this issue on Monday, too, if you send us the order soon.

---

**From:** DeMory, Denise [mailto:DeMoryD@howrey.com]
**Sent:** Thursday, August 07, 2008 11:31 AM
**To:** Li, James (Shld-SV-IP/Tech); Fontaine, Elizabeth; Greinert, Matthew; Bunsow, Henry; Kasenenko, Peter
**Cc:** Henley, Regina L. (Secy-SV-IP/Tech); Hogge, Mark L. (Shld-DC-IP/Tech/LT); Maheshwari, Shailendra (Assoc-DC-IP/Tech); McBrayer, Barbara (Para-DC-IP/Tech); Perez, David (Assoc-SV-IP/Tech)
**Subject:** RE: PO and Rog Responses

Jim,

It was contested in the Atmel v. AuthenTec case. I will send you the order at some point today.

Regards,

Denise

---

**From:** lij@gtlaw.com [mailto:lij@gtlaw.com]
**Sent:** Thursday, August 07, 2008 11:28 AM
**To:** DeMory, Denise; Fontaine, Elizabeth; Greinert, Matthew; Bunsow, Henry; Kasenenko, Peter
**Cc:** henleyr@gtlaw.com; hoggem@gtlaw.com; MaheshwariS@gtlaw.com; mcbrayerb@gtlaw.com;
perezdj@gtlaw.com
**Subject:** RE: PO and Rog Responses

Denise:

I have litigated many software case myself, and I have so far not had a stringent restriction like you proposed. I don't know the background of Judge Laporte's decision. Was it contested? Yes, please send me that order. We cannot accept the condition that we have to go to your place to review it. The balance of burden is significantly in favor of us. We feel strongly about this issue and will litigate it if necessary.  -Jim

---

**From:** DeMory, Denise [mailto:DeMoryD@howrey.com]
**Sent:** Thursday, August 07, 2008 11:02 AM
**To:** Li, James (Shld-SV-IP/Tech); Fontaine, Elizabeth; Greinert, Matthew; Bunsow, Henry; Kasenenko, Peter
**Cc:** Henley, Regina L. (Secy-SV-IP/Tech); Hogge, Mark L. (Shld-DC-IP/Tech/LT); Maheshwari, Shailendra (Assoc-DC-IP/Tech); McBrayer, Barbara (Para-DC-IP/Tech); Perez, David (Assoc-SV-IP/Tech)
**Subject:** RE: PO and Rog Responses

Jim,

We will respond to your letter tomorrow and meet and confer on Monday the 11th at 11 a.m.

With regard to the protective order, this was not a procedure created for this case. We have used this procedure several times in other cases in the Northern District of California. It protects the client's interest in one of their most valuable assets while at the same time enabling opposing counsel adequate access to the information they need for the case. In this case, it is particularly convenient because we will be making it available right across the courtyard from you. We successfully obtained an order from Judge Laporte for this type of production last year in the Atmel v. AuthenTec case and a similar procedure was approved by Judge Jenkins in the Synopsys case. I can provide those orders if you like. This has also been approved or ordered in other cases as well. Burden to the receiving party (albeit minimal in this case) is not the only consideration here -- and we feel confident that this issue will be resolved in our favor.

Regards,

Denise

---

**From:** lij@gtlaw.com [mailto:lij@gtlaw.com]
**Sent:** Wednesday, August 06, 2008 9:53 AM
**To:** DeMory, Denise; Fontaine, Elizabeth; Greinert, Matthew; Bunsow, Henry; Kasenenko, Peter
**Cc:** henleyr@gtlaw.com; hoggem@gtlaw.com; lij@gtlaw.com; MaheshwariS@gtlaw.com; mcbrayerb@gtlaw.com;
perezdj@gtlaw.com
**Subject:** PO and Rog Responses

Denise:

As we agreed yesterday, you will respond in writing on Friday the 8th to my letter dated August 4 regarding the interrogatory responses and we will meet and confer on Monday the 11th.

Regarding the draft protective order, before we start editing, we want to first discuss with you a major issue. We do not want the special provisions for source code (i.e., Sec. 7). Source codes should be produced in their native format on a CDROM or other storage media. The disks bearing the source code should be labeled attorneys' eyes only and with a single bates number for each disk (such as AUT00001). The receiving party may print the desired sections of the source code with the attorneys' eyes only label and additional bates numbers such as AUT00001-001.

The special section you proposed is too burdensome to the receiving party. If you have ever reviewed a complicated source code, you know it's a lot of works. Going to the other side's office to do it and printing only limited numbers of pages is just not workable. More importantly, the special section is nothing but a distrust of the opposing counsel's professional ethics. The source code will be labeled attorneys' eyes only. If AuthenTec produces its source code to Atrua, only GT's lawyers and professionals as well as our expert witness can access the code. Violation of the protective order carries severe penalty including civil and criminal contempt. With this much deterrence, we certainly trust Howrey to handle Atrua's source code. Why can GT get the same respect from Howrey?

With these reasons, we strongly oppose the source code provision. Section 7 should be removed altogether. Let's first try to reach a consensus on this issue. I look forward to your response on this matter.

Regards,

Jim

J. James Li, Ph.D.
Shareholder
Greenberg Traurig, LLP
Silicon Valley Office
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303
email: lij@gtlaw.com
Direct Dial: 650.289.7877
Direct FAX: 650.462.7877
website: www.gtlaw.com

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

-------------------------------------------------------------------------------------------------------
This email and any attachments contain information from the law firm of Howrey LLP, which may be
confidential and/or privileged. The information is intended to be for the use of the individual or entity
named on this email. If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the contents of this email is prohibited. If you receive this email in error,
please notify us by reply email immediately so that we can arrange for the retrieval of the original
documents at no cost to you. We take steps to remove metadata in attachments sent by email, and any
remaining metadata should be presumed inadvertent and should not be viewed or used without our expre
permission. If you receive an attachment containing metadata, please notify the sender immediately and
replacement will be provided. Howrey LLP consists of two separate limited liability partnerships, one
formed in the United States (Howrey US) and one formed in the United Kingdom (Howrey UK). Howre
registered in England and Wales under number OC311537 and regulated by the Solicitors Regulation A
(http://www.sra.org.uk/code-of-conduct.page). Howrey's London and Paris offices are operated as part o
Howrey UK. A list of the partners of Howrey UK is available for inspection at its registered office: 22
Tudor Street, London EC4Y 0AY. A consolidated list of all Howrey US and Howrey UK attorneys and
jurisdictions where they are authorized to practice and/or are registered can be obtained by contacting
emailrequest@howrey.com.
-------------------------------------------------------------------------------------------------------

# EXHIBIT
# 4

# Greenberg Traurig

Jing James Li, Ph.D.
Tel. 650.289.7877
Fax. 650.462.7877
lij@gtlaw.com

August 11, 2008

VIA EMAIL

Denise M. De Mory
Howrey LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Email: demoryd@howrey.com

Re:     *AuthenTec, Inc. v. Atrua Technologies, Inc.*, Case No. C08-1423-PJH

Dear Denise:

I write to summarize today's meet and confer regarding various discovery issues.

Interrogatory Responses

AuthenTec will supplement its responses to Atrua's Interrogatory Nos. 1-4, 7, and 8. In the event that AuthenTec relies on FRCP 33(d) in its response to an interrogatory, AuthenTec will provide the bates numbers of the documents that contain the responses to the interrogatory. AuthenTec will provide the supplemental responses no later than August 25, 2008.

Document Requests

Atrua will provide a clarification in writing to Request Nos. 1, 16, 20, 22, 23, 30, 32, 34, 35, 39, 41, and 43.

Protection Order re Source Code

During the meet and confer, the parties could not agree on any special provision regarding source code protection. The parties agree to provide their proposals to each other in writing and meet and confer again on the issue.

Very truly yours,

J. James Li

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
BRUSSELS*
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY, CA
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO*
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
ZURICH

*Strategic Alliance
Tokyo Office/Strategic Alliance

www.gtlaw.com

# EXHIBIT
# 5

**From:** DeMory, Denise

**Sent:** Friday, August 15, 2008 12:20 PM

**To:** lij@gtlaw.com

**Cc:** MaheshwariS@gtlaw.com; henleyr@gtlaw.com; hoggem@gtlaw.com; Greinert, Matthew; Fontaine, Elizabeth; perezdj@gtlaw.com

**Subject:** RE: Draft Protective Order - AuthenTec Ver 2.doc

Jim,

As you know, we have already started our document production.  We produced over 10,000 pages with our contentions (only some of which was required to be produced per the patent local rules) and will continue our production on a rolling basis.   At this point, we are waiting for futher clarification on your document requests, and thus, cannot agree to a completion date.

The new patent local rules required you to produce source code last week, and as you have pointed out to me, those rules provide that the production will be outside counsel attorneys eyes only.  At a minimum, you could and should have made it available for review in your office.  However, as I said, we are willing to discuss the local rule isssues, and based on Judge Hamilton's comments during the CMC regarding the patnet local rules, I think she will be agreeable to whatever agreement we reach.

As long as you are not withholding documents pending resolution of the protective order issues, I am fine with trying to reach a resolution on the source code issues.

Take a look at the local rule issue I raised, and let's talk this afternoon or Monday about the that issue and the question posed in my e-mail below regarding what will be designated as Confidential.  Let me know what day/time works for you.

Regards,

Denise

**From:** lij@gtlaw.com [mailto:lij@gtlaw.com]
**Sent:** Friday, August 15, 2008 12:13 PM
**To:** DeMory, Denise
**Cc:** MaheshwariS@gtlaw.com; henleyr@gtlaw.com; hoggem@gtlaw.com; Greinert, Matthew; Fontaine, Elizabeth; perezdj@gtlaw.com
**Subject:** RE: Draft Protective Order - AuthenTec Ver 2.doc

Denise:

No, we are not withholding anything because of the pending protective order.  We are in the process of reviewing documents collected from our client for production.  I hope you are doing the same thing. Let's shoot for a target date we both will produce responsive documents, a kind of document exchange date. How about Sept. 17, approximately a month from now?

No, we have never provided AuthenTec's confidential documents to Atrua, except for the infringement contentions which you have expressly authorized us to do.

I will check your contention regarding the local rules and get back to you.  In any event, why should we produce source code when the parties have not agreed to a source code protection provision.  That shows the need that we should get the source code provision into the PO as soon as possible.  All other documents the parties have

no problem producing with a pending PO. So there is no need to rush a PO that does not cover the source code. We need to get the PO done right the first time we do it. Let's not forget it's you who first put the source code provision into the PO, not us.

Jim

---

**From:** DeMory, Denise [mailto:DeMoryD@howrey.com]
**Sent:** Friday, August 15, 2008 11:45 AM
**To:** Li, James (Shld-SV-IP/Tech)
**Cc:** dperez@gtlaw.com; Maheshwari, Shailendra (Assoc-DC-IP/Tech); Henley, Regina L. (Secy-SV-IP/Tech); Hogge, Mark L. (Shld-DC-IP/Tech/LT); Greinert, Matthew; Fontaine, Elizabeth
**Subject:** RE: Draft Protective Order - AuthenTec Ver 2.doc

Jim,

With regard to the disclosure of confidential information, what types of materials (concrete examples) do you believe fall into the Confidential category?

With reagrd to source code, I do not think it is worth hanging up the protective order on the source code issue. We can always do it as an order, and as you know, your patent will not even be construed until some point after April of 2009. Thus, I do not believe that there is any reasoanble argument that you not having it for a few weeks while we resolve this issue is interfering with your case preparation. In fact, if there is any prejudice here it is to AuthenTec. You were supposed to produce your source code with your infringement contentions given that you claim that your products practice the 168 patent. In fact, we need to set up a call to discuss your contentions. It appears that you served your contentions subject to the old patent local rules, not the rules that became effective on March 1, 2008. While we might consider agreeing to follow the old rules, at this point, you have not complied with your obligations under the new rules. Let me know when you are available to discuss this.

Finally, please answer the questions posed in my last two e-mails. Are you withholding documents pending resolution of the protective order issues? (If not, when are you going to begin producing responsive documents?) And, did you share AuthenTec confidential documents with your client?

Regards,

Denise

---

**From:** lij@gtlaw.com [mailto:lij@gtlaw.com]
**Sent:** Friday, August 15, 2008 10:45 AM
**To:** DeMory, Denise
**Cc:** dperez@gtlaw.com; MaheshwariS@gtlaw.com; henleyr@gtlaw.com; hoggem@gtlaw.com; Greinert, Matthew; Fontaine, Elizabeth
**Subject:** RE: Draft Protective Order - AuthenTec Ver 2.doc

Denise:

We cannot agree that the confidential materials are limited to in-house counsel. As you know, Atrua does not have an in-house counsel. So this would severely handicap Atrua's case preparation. We propose that we add a third tier: "Confidential--In-House Counsel's Eyes Only" which was used extensively in the old days but rarely used these days. Frankly, we don't think the third tier is necessary. For information that involves our trade secrets, we don't want AuthenTec's in-house counsel to access. For other confidential information, if it can be

shown to the in-House counsel it can also be shown to AuthenTec's management, which renders the third tier unnecessary. However, as a compromise, if AuthenTec wants, we will agree to add the third tier.

Regarding the issue of the source code, we still think we need to put the source code provision in the protective order. That's the only way to ensure the protection of the source code. Also, we don't want to be handicapped if AuthenTec drags its feet later in entering the source code agreement. As you know, our infringement case is heavily relied on AuthenTec's source code production. We want the code now or as soon as it can be produced. In light of these facts, we propose that we try to agree on a source code protection provision now.

So please make your counter proposal to our proposed PO on the two issues based on our comments. If you cannot make any further changes to your proposed PO, also please let us know.

Jim

_____

**From:** DeMory, Denise [mailto:DeMoryD@howrey.com]
**Sent:** Thursday, August 14, 2008 6:16 PM
**To:** Li, James (Shld-SV-IP/Tech)
**Cc:** dperez@gtlaw.com; Maheshwari, Shailendra (Assoc-DC-IP/Tech); Henley, Regina L. (Secy-SV-IP/Tech); Hogge, Mark L. (Shld-DC-IP/Tech/LT); Greinert, Matthew; Fontaine, Elizabeth
**Subject:** Draft Protective Order - AuthenTec Ver 2.doc

Jim,

Attached please find a revised draft protective order. We have accepted all of your changes, and then redlined with our changes. Please note that: (1) we will not agree that all confidential information can go to the parties; and (2) we have deleted the provisions relating to software and indicated that these issues would be resolved by a separate agreement of the parties to keep things moving forward. We note that you have not yet produced any documents responsive to your document requests. Please advise if the protective order is holding you up. We will agree to treat all materials as outside counsel only until we agree on a protective order and expect that you will begin your document production in view of this agreement.

Regards,

Denise

<<Draft Protective Order - AuthenTec Ver 2.doc>>

--------------------------------------------------------------------------------------------------------
This email and any attachments contain information from the law firm of Howrey LLP, which may be confidential and/or privileged. The information is intended to be for the use of the individual or entity named on this email. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this email is prohibited. If you receive this email in error, please notify us by reply email immediately so that we can arrange for the retrieval of the original documents at no cost to you. We take steps to remove metadata in attachments sent by email, and any remaining metadata should be presumed inadvertent and should not be viewed or used without our express permission. If you receive an attachment containing metadata, please notify the sender immediately and replacement will be provided. Howrey LLP consists of two separate limited liability partnerships, one formed in the United States (Howrey US) and one formed in the United Kingdom (Howrey UK). Howrey registered in England and Wales under number OC311537 and regulated by the Solicitors Regulation Au (http://www.sra.org.uk/code-of-conduct.page). Howrey's London and Paris offices are operated as part c

Howrey UK. A list of the partners of Howrey UK is available for inspection at its registered office: 22 Tudor Street, London EC4Y 0AY. A consolidated list of all Howrey US and Howrey UK attorneys and jurisdictions where they are authorized to practice and/or are registered can be obtained by contacting emailrequest@howrey.com.

-----------------------------------------------------------------------------------------------------------

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above. If you are not the intended recipient,  you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

# EXHIBIT
# 6

**From:**        DeMory, Denise
**Sent:**         Wednesday, August 20, 2008 5:40 PM
**To:**            lij@gtlaw.com
**Subject:**      Call

Jim,

I left you a message this afternoon, but did not hear back from you.  I am leaving now and am out tomorrow, but available Friday morning.  Can we set a time to talk?

Denise