1  J. JAMES LI (SBN 202855)
   *lij@gtlaw.com*
2  DAVID J. PEREZ (SBN 238136)
   *perezdj@gtlaw.com*
3  GREENBERG TRAURIG, LLP
   1900 University Avenue, Fifth Floor
4  East Palo Alto, California 94303
   Telephone: (650) 328-8500
5  Facsimile: (650) 328-8508

6  MARK L. HOGGE (*Pro Hac Vice*)
   *hoggem@gtlaw.com*
7  SHAILENDRA K. MAHESHWARI (*Pro Hac Vice*)
   *maheshwaris@gtlaw.com*
8  GREENBERG TRAURIG, LLP
   2101 L Street, N. W., Suite 1000
9  Washington, D.C. 20037
   Telephone: (202) 331-3100
10 Facsimile: (202) 331-3101

11 Attorneys for Defendant and Counterclaimant,
   ATRUA TECHNOLOGIES, INC.
12

13     UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

14                         SAN FRANCISCO DIVISION

15

16 AUTHENTEC, INC., a Delaware Corporation,        Case No. C08-01423 PJH

17                    Plaintiff,
                                                   **SUPPLEMENTAL DECLARATION OF**
18          v.                                     **J. JAMES LI IN SUPPORT OF ATRUA'S**
                                                   **MOTION TO SHORTEN TIME**
19 ATRUA TECHNOLOGIES, INC., a California
   Corporation,                                    [NO HEARING REQUIRED]
20
                     Defendant.
21

22 ATRUA TECHNOLOGIES, INC., a California
   Corporation,
23
                     Counterclaimant,
24
            v.
25 AUTHENTEC, INC., a Delaware Corporation,

26                   CounterDefendant.

27

28

I, J. James Li, further state and declare:

1. On August 21, 2008, Atrua filed its Motion for Entry of Protective Order and to Compel Production of Source Code and the companion Motion to Shorten Time and supporting papers. On August 25, 2008, AuthenTec filed its Opposition to the Motion to Shorten Time. By this Declaration, I set forth the facts to correct AuthenTec's misrepresentations of related issues in its Opposition.

2. Contrary to AuthenTec's false claims, the source code has been a subject of request for production since July 2, 2008 when Atrua propounded its First Set of Request for Production, a true and correct copy of which is attached as Exhibit A. There are several Requests directly or indirectly asking for source code. Request No. 18 asks for "all documents relating to the '168 patent." See Ex. A at pg. 4. AuthenTec has never disputed the fact that its source code is closely related to the '168 patent, which is the software patent asserted by Atrua against AuthenTec. Request No. 41 asks for "all documents relating to swipe or sweep fingerprint sensor." *Id.* at pg. 6. Again, there was never any dispute that the source code at issue is one of the most important part of AuthenTec's sweep fingerprint sensors. In fact, AuthenTec has never denied the high relevancy of the source code to this case, as shown by its admission that it will produce the source code under the local rule. I have repeatedly told AuthenTec that it cannot use the local rules to stifle Atrua's document production request. *See* Pat. L.R. 2-5. AuthenTec should have produced the source code on August 1, 2008 in response to Atrua's document requests. Now, almost a month later, AuthenTec is still trying to stop this Court from granting Atrua's modest expedition request.

3. Just before Atrua was to file its motions on August 21, 2008, it became aware of the letter by Ms. De Mory which proposed to make the source code available for inspection in her office. The center of contention in Atrua's motion for entry of protective order, however, is that such access is not acceptable because it will inevitably disclose Atrua's attorney work product. Hence, we did not consider De Mory's offer actually addressing any of these issues. It certainly does not address the urgency of entering a protective order in this case to allow the litigants' free and ready access to source code and other confidential information. In our view, the protective provision on source code must be settled before any substantive progress can be made on the discovery of the case. It is also

1  Atrua's view that, because AuthenTec is offering the kind of access that it proposes in the protective

2  order Atrua has rejected, it should not be a reason to delay the resolution of this all important issue.

3      4.    More importantly, Ms. De Mory has never mentioned any prejudice to AuthenTec to

4  expedite the motion for entry of protective order. As Atrua stated in it's motion, it has been nearly

5  five months since the filing of the complaint and yet we still do not have a protective order in place.

6  Accelerating the motion for entry of protective order is beneficial to both parties. To date Atrua has

7  not produced its source code, although it is more than ready to do so, because of the unsettled issues

8  of source code protection. Since this motion does not prejudice AuthenTec and it benefits both

9  parties and the entire case, Atrua cannot fathom why AuthenTec is fighting an all-out battle in an

10  attempt to stop this mutually beneficial order shortening time.

11      5.    AuthenTec also misrepresented the parties' meet and confer process. During the

12  parties meet and confer by telephone on August 5, 2008, there was never any sign that AuthenTec

13  was willing to do anything other than force Atrua to review the documents in their office and on their

14  computer system. In subsequent email communications, both sides made it clear that their positions

15  were irreconcilable. Attached as Exhibit B, C, D are true and correct copies of email

16  communications between Ms. De Mory and myself. When Atrua proposed its counter proposal on

17  August 12, 2008, which is the subject of the motion for entry of protective order, instead of

18  addressing the source code provision, AuthenTec simply deleted it, to which Atrua voiced its

19  disagreement. See Ex. B at pg. 3.

20      6.    At approximately the same time that the parties met and conferred on the source code

21  issue, there were also many other discovery issues pending. As far as Atrua is concerned, the parties

22  have reached the impasse on the source code issue. The only reason that Atrua did not immediately

23  file a motion to compel was because it was waiting to address the issue together with other discovery

24  matters. When it appeared that there was no chance that the parties could resolve the other matters

25  quickly enough, Atrua decided to move for the protective order issue first because of its urgency.

26      7.    AuthenTec also misrepresented the issues for the last meet and confer that the parties

27  failed to connect on. As shown by Exhibit B at pg. 1, the issues that Ms. De Mory wanted to meet

28  and confer on have nothing to do with how to craft a source code protection provision. She wanted to

1   discuss a document production date and applicable local rules, only mentioning source code

2   protection in passing.  *Id.*  At that point, the parties have made it clear to each other that their

3   positions are irreconcilable.  Whether the parities met and conferred on some newly emerged issues,

4   has nothing to do with this motion.  In recounting the parties' final attempt to meet and confer, Ms.

5   De Mory also conveniently neglected to mention that I was the one who called her in the morning of

6   Wednesday, August 19, 2008 and left her a message asking her to call me to speak about whatever

7   issues she wanted to discuss.  I waited in my office until noon on that day and did not receive a call

8   from De Mory.  When I was in a meeting in the afternoon, I learned that she left me a voicemail

9   message which I did not have a chance to return until late that night.

10       8.      In any event, there was no sign that any further meet and confer on this issue would

11  have been fruitful.  AuthenTec has not provided any assurances that it would produce the source code

12  to Atrua in any fashion, other than inspection under stringent conditions, which makes it impossible

13  that the parties could reach an agreement on the issue.  Further meet and confer on the issue only

14  means further waste of time and delay on this important matter.  Even in its Opposition papers,

15  AuthenTec insists that it has all the legal justification not to do what Atrua has been requesting of

16  them.  Thus, it is a complete misrepresentation on AuthenTec's part to suggest to this Court that there

17  is a possibility that the parties might have entered an agreement on the issue.  Certainly AuthenTec is

18  arguing this very position in its Opposition regarding the source code production.  Until today,

19  AuthenTec has not offered any proposal that has a chance of providing the kind of access that Atrua

20  requires.  In our view, AuthenTec is simply abusing the meet and confer requirement to delay this

21  Court's decision on Atrua's legitimate request.

22

23       I declare under penalty of perjury under the laws of the State of California and the United

24  States that the foregoing is true and correct, and that this declaration was executed on August 26,

25  2008, at East Palo Alto, California.

26                                          /s/
                                    _____
27                                          J. JAMES LI

28

SUPPL. DECLARATION OF J. JAMES LI IN SUPPORT OF MOTION TO SHORTEN TIME

**EXHIBIT A**

1    J. JAMES LI (SBN 202855)
     lij@gtlaw.com
2    DAVID J. PEREZ (SBN 238136)
     perezdj@gtlaw.com
3    GREENBERG TRAURIG, LLP
     1900 University Avenue, Fifth Floor
4    East Palo Alto, California 94303
     Telephone: (650) 328-8500
5    Facsimile: (650) 328-8508

     MARK L. HOGGE  (Pro Hac Vice)
     hoggem@gtlaw.com
     SHAILENDRA K. MAHESHWARI  (Pro Hac Vice)
     maheshwaris@gtlaw.com
     GREENBERG TRAURIG, LLP
     2101 L Street, N. W., Suite 1000
     Washington, D.C. 20037
     Telephone: (202) 331-3100
     Facsimile:  (202) 331-3101

6    Attorneys for Defendant,
7    ATRUA TECHNOLOGIES, INC.

8

9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13

| | |
|---|---|
| 14  AUTHENTEC, INC., a Delaware Corporation,<br>Plaintiff,<br><br>15<br><br>16  v.<br><br>17  ATRUA TECHNOLOGIES, INC., a California<br>Corporation,<br><br>18              Defendant. | Case No. C08-01423 PJH<br><br>**ATRUA TECHNOLOGIES, INC.'S FIRST<br>SET OF REQUEST FOR PRODUCTION<br>OF DOCUMENTS AND THINGS** |
| 19 | |
| 20  ATRUA TECHNOLOGIES, INC., a California<br>Corporation,<br><br>21              Counterclaimant,<br><br>22  v.<br><br>23  AUTHENTEC, INC., a Delaware Corporation,<br>                CounterDefendant. | |

24

25

26

27

28   .

1       Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant and

2  Counterclaimant Atrua Technologies, Inc. ("Atrua" or "Defendant") hereby requests Plaintiff and

3  Counter-defendant AuthenTec, Inc. ("AuthenTec" or "Plaintiff"), produce and permit inspection of

4  the documents and things described in more detail below ("Document Requests"), within thirty (30)

5  days of service at the offices of Greenberg Traurig, LLP, 2101 L Street, NW, Washington, DC

6  20037.

7  <center>**DEFINITIONS AND INSTRUCTIONS**</center>

8       The definitions and instructions set forth in Atrua's First Set of Interrogatories are

9  incorporated herein by reference.

10 <center>**REQUESTS**</center>

11

12     1.    All documents relating to any examination or investigation of any AuthenTec's

13 Accused Product.

14     2.    All documents relating to any examination or investigation of any Atrua's Accused

15 Product.

16     3.    All communications between You and Atrua related to AuthenTec's Patents-in-Suit or

17 AuthenTec's Accused Product.

18     4.    All communications between You and Atrua related to the '168 patent or Atrua's

19 

20 Accused Product.

21     5.    All documents relating to any communications by AuthenTec to any Patent Examiner

22 or other person explaining, describing and/or arguing the validity or novelty of AuthenTec designs

23 over the Prior Art.

24     6.    All documents relating to the past and present locations and addresses of the Named

25 Inventors.

26

27     7.    All manuals, brochures, drawings, specifications, or other product literature relating to

28 AuthenTec's Accused Products.

<center>2</center>

Case No. C08-1423 PJH

DEFENDANT ATRUA TECHNOLOGIES, INC.'S FIRST SET OF DOCUMENT REQUESTS TO PLAINTIFF AUTHENTEC, INC.

8.    All audited financial statements from the year of first sale of any of AuthenTec's products covered by the Patents-In-Suit, to the present.

9.    All documents concerning business plans for commercialization of the Patents-In-Suit or which mention or concern the Patents-In-Suit, including but not limited to strategic planning reports, market research reports, business forecasts, financial plans, production plans, sales plans, competitor analysis and sales projections.

10.    All documents concerning business plans for commercialization of AuthenTec's commercial products covered by AuthenTec's Patents-in-Suit, including but not limited to strategic planning reports, market research reports, business forecasts, financial plans, production plans, sales plans, competitor analysis and sales projections.

11.    All documents concerning when the AuthenTec's commercial product was launched into the U.S. market.

12.    All documents relating to AuthenTec's sales by units of products covered by the Patents-In-Suit.

13.    All documents relating to investigations, analyses, tests or studies conducted by AuthenTec, and/or on AuthenTec's behalf, regarding whether the Accused Products infringe the '248, '439, '526, '679, and/or '804 patents, including, but not limited to, advice of counsel opinions and prior art collections.

14.    All documents relating in any way to AuthenTec's affirmative defenses in AuthenTec's Reply to Defendant Atrua Technologies, Inc.'s Counterclaims and AuthenTec's Cross-Claims.

15.    All documents relating to AuthenTec's Patents-in-Suit, including but not limited to communications, memoranda, invention disclosures, inventor notebooks, license agreements, assignment agreements, and other contracts.

16.   All documents related to any Agreement between AuthenTec and a Third Party related to the AuthenTec's Accused Products.

17.   All documents related to any Agreement between AuthenTec and a Third Party related to the Atrua's Accused Products.

18.   All documents related to the '168 patent.

19.   All documents relating to the prosecution of any patents or patent applications AuthenTec owns or has been assigned that cover AuthenTec's Accused Products, including, but not limited to, file histories and inventor's notebooks.

20.   All documents relating to AuthenTec's patenting or licensing strategy.

21.   All documents and things relating to any tests or studies performed by AuthenTec on any of Atrua's products.

22.   All documents relating to strategies formulated by AuthenTec to design AuthenTec's Accused Products, and all documents relating to the identity of persons with knowledge of such actions or strategies.

23.   All documents relating to any changes, modifications or enhancements made to the design of the Accused Products, including, but not limited to, all specification sheets, communications between Participants, Participants' notebooks, Participants' files, drawings and/or sketches.

24.   All documents relating to products or designs other than AuthenTec's that were used, tested or referred to in designing AuthenTec's Accused Products.

25.   All documents relating to communications between Atrua and AuthenTec regarding AuthenTec's Accused Products, or any derivative part thereof.

26.   All documents relating to communications between Atrua and AuthenTec regarding Atrua's Accused Products, or any derivative part thereof.

27.    All documents relating to communications within AuthenTec, or between AuthenTec and any Third Party regarding the AuthenTec's and Atrua's Accused Products, or any derivative part thereof.

28.    All documents sufficient to identify each supplier, Customer, purchaser, reseller and distributor of AuthenTec's Accused Products.

29.    All documents relating to AuthenTec's audited financial statements beginning from the year of the first sale of any Accused Products to the present.

30.    All documents relating to AuthenTec's internal financial statements beginning from the year of the first sale of AuthenTec's Accused Products to the present.

31.    All documents relating to AuthenTec's sales by dollars of AuthenTec's Accused Products, including documents sufficient to determine total revenue, costs, gross and net profit of AuthenTec's Accused Products.

32.    All documents relating to the sale or offer to sell of AuthenTec's Accused Products by or to any Third Party (This request is intended to include, without limitation, transactional documents, vendor agreements, purchase orders and invoices, sales reports, royalty reports and estimates or projections of sales, as well as correspondence, memoranda and plans that refer to actual or projected sales, catalogs, price lists, advertisements and other promotional materials).

33.    Documents sufficient to show AuthenTec's organizational structure and the identities of the managerial individuals related to the research, development, testing, manufacturing, marketing, distribution, importation, and licensing of any product or method that AuthenTec makes or practices, or has made or practiced, that You contend is covered by any of the Patents-in-Suit.

34.    All documents related to AuthenTec's first use of any product or method about which You are aware that comes within the scope of such asserted claims sold or used by any entity within the United States.

35.     All documents or things that reflect the most advanced physical embodiment of any invention claimed in any of the Patents-in-Suit that existed on or before the priority dates of AuthenTec's Patents-in-Suit.

36.     All documents or things that reflect any experimental use or secret or confidential demonstration of a device or method within any claim of any of AuthenTec's Patents-in-Suit.

37.     All documents relating to any potential contention that an invention of AuthenTec's Patents-in-Suit satisfied any of the objective non-obviousness factors, including a long-felt need, failures by others to solve similar problems, a surprise result, and commercial success having causal nexus with a claimed invention.

38.     All documents supporting AuthenTec's affirmative defenses stated in AuthenTec's Reply at 7:18-8:27.

39.     All documents and things relating to AuthenTec's marketing of fingerprint sensor products, including presentations, specifications, design bids, sample products, emails and other correspondences.

40.     All documents relating to Atrua.

41.     All documents relating to swipe or sweep fingerprint sensor.

42.     All documents related to the Related Litigations.

43.     All documents related to the Related Applications.

44.     All documents consulted or referenced in connections with answers to Atrua's First Set of Interrogatories served in this case.

1   Dated: July 2, 2008                       GREENBERG TRAURIG, LLP

2

3

4                             By: /s/ J. James Li
                               James Li

5                                Attorneys for
                               ATRUA TECHNOLOGIES, INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT ATRUA TECHNOLOGIES, INC.'S FIRST SET OF DOCUMENT REQUESTS TO PLAINTIFF AUTHENTEC, INC.

1

**PROOF OF SERVICE**

2    I, Regina L. Henley, declare that I am a citizen of the United States, over the age of eighteen
years and not a party to the within action. I am an employee of GREENBERG TRAURIG, LLP,
3    and my business address is 1900 University Avenue, Fifth Floor, East Palo Alto, CA 94303. On
July 2, 2008, I served the following documents:

4

**ATRUA TECHNOLOGIES, INC.'S FIRST SET OF REQUEST FOR PRODUCTION OF**
5    **DOCUMENTS AND THINGS**

6    ☒    **(BY MESSENGER PERSONAL SERVICE).** I caused delivery of such
envelope by hand via courier service to the offices of the addressee.
7

8

| Henry C. Bunsow | Counsel for Plaintiff |
|---|---|
| Denise M. DeMory | AuthenTech, Inc. |
| HOWREY LLP | |
| 525 Market Street, Ste. 3600 | |
| San Francisco, CA 94105 | |
| Tel:   (415) 848-4900 | |
| Fax:   (415) 848-4999 | |

9

10

11

12

13    I am readily familiar with the business practice of my place of employment in respect to the
collection and processing of correspondence, pleadings and notices for mailing with United States
14    Postal Service/Express Mail, Federal Express and other overnight mail services. The foregoing
sealed envelope was placed for collection and mailing this date consistent with the ordinary
15    business practice of my place of employment, so that it will be picked up this date with postage
thereon fully prepaid at East Palo Alto, California, in the ordinary course of such business.

16    I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct. Executed on July 2, 2008, at East Palo Alto, California.

17

18                                      */s/ Regina L. Henley*
                                           Regina L. Henley

19

20

21

22

23

24

25

26

27

28

DEFENDANT ATRUA TECHNOLOGIES, INC.'S FIRST SET OF DOCUMENT REQUESTS TO PLAINTIFF AUTHENTEC, INC.

**EXHIBIT B**

## Li, James (Shld-SV-IP/Tech)

| | |
|---|---|
| **From:** | Li, James (Shld-SV-IP/Tech) |
| **Sent:** | Monday, August 18, 2008 4:17 PM |
| **To:** | 'demoryd@howrey.com' |
| **Cc:** | Maheshwari, Shailendra (Assoc-DC-IP/Tech); Henley, Regina L. (Secy-SV-IP/Tech); Hogge, Mark L. (Shld-DC-IP/Tech/LT); 'GreinertM@howrey.com'; 'fontaineE@howrey.com'; Perez, David (Assoc-SV-IP/Tech) |
| **Subject:** | Re: Draft Protective Order - AuthenTec Ver 2.doc |

Tomorrow will work for me.   Jim
--Sent from my handheld device--
J. James Li, Shareholder
Greenberg Traurig LLP

----- Original Message -----
From: DeMory, Denise <DeMoryD@howrey.com>
To: DeMory, Denise <DeMoryD@howrey.com>; Li, James (Shld-SV-IP/Tech)
Cc: Maheshwari, Shailendra (Assoc-DC-IP/Tech); Henley, Regina L. (Secy-SV-IP/Tech); Hogge,
Mark L. (Shld-DC-IP/Tech/LT); Greinert, Matthew <GreinertM@howrey.com>; Fontaine,
Elizabeth <FontaineE@howrey.com>; Perez, David (Assoc-SV-IP/Tech)
Sent: Mon Aug 18 15:58:42 2008
Subject: RE: Draft Protective Order - AuthenTec Ver  2.doc

Jim,

Please let me know when you are available to discuss the issues set forth below.   I am
leaving for the day today but can generally be available tomorrow.

Regards,

Denise

_____

From: DeMory, Denise
Sent: Friday, August 15, 2008 12:20 PM
To: lij@gtlaw.com
Cc: MaheshwariS@gtlaw.com; henleyr@gtlaw.com; hoggem@gtlaw.com; Greinert, Matthew;
Fontaine, Elizabeth; perezdj@gtlaw.com
Subject: RE: Draft Protective Order - AuthenTec Ver 2.doc

Jim,

As you know, we have already started our document production.  We produced over 10,000
pages with our contentions (only some of which was required to be produced per the patent
local rules) and will continue our production on a rolling basis.   At this point, we are
waiting for futher clarification on your document requests, and thus, cannot agree to a
completion date.

The new patent local rules required you to produce source code last week, and as you have
pointed out to me, those rules provide that the production will be outside counsel
attorneys eyes only.  At a minimum, you could and should have made it available for review
in your office.  However, as I said, we are willing to discuss the local rule isssues, and
based on Judge Hamilton's comments during the CMC regarding the patnet local rules, I
think she will be agreeable to whatever agreement we reach.

As long as you are not withholding documents pending resolution of the protective order
issues, I am fine with trying to reach a resolution on the source code issues.

Take a look at the local rule issue I raised, and let's talk this afternoon or Monday
about the that issue and the question posed in my e-mail below regarding what will be
designated as Confidential.  Let me know what day/time works for you.

Regards,

Denise

---

From: lij@gtlaw.com [mailto:lij@gtlaw.com]
Sent: Friday, August 15, 2008 12:13 PM
To: DeMory, Denise
Cc: MaheshwariS@gtlaw.com; henleyr@gtlaw.com; hoggem@gtlaw.com; Greinert, Matthew;
Fontaine, Elizabeth; perezdj@gtlaw.com
Subject: RE: Draft Protective Order - AuthenTec Ver 2.doc

Denise:

No, we are not withholding anything because of the pending protective order.  We are in
the process of reviewing documents collected from our client for production.  I hope you
are doing the same thing.  Let's shoot for a target date we both will produce responsive
documents, a kind of document exchange date.  How about Sept. 17, approximately a month
from now?

No, we have never provided AuthenTec's confidential documents to Atrua, except for the
infringement contentions which you have expressly authorized us to do.

I will check your contention regarding the local rules and get back to you.  In any event,
why should we produce source code when the parties have not agreed to a source code
protection provision.  That shows the need that we should get the source code provision
into the PO as soon as possible.  All other documents the parties have no problem
producing with a pending PO.  So there is no need to rush a PO that does not cover the
source code.  We need to get the PO done right the first time we do it.  Let's not forget
it's you who first put the source code provision into the PO, not us.

Jim

---

From: DeMory, Denise [mailto:DeMoryD@howrey.com]
Sent: Friday, August 15, 2008 11:45 AM
To: Li, James (Shld-SV-IP/Tech)
Cc: dperez@gtlaw.com; Maheshwari, Shailendra (Assoc-DC-IP/Tech); Henley, Regina L. (Secy-
SV-IP/Tech); Hogge, Mark L. (Shld-DC-IP/Tech/LT); Greinert, Matthew; Fontaine, Elizabeth
Subject: RE: Draft Protective Order - AuthenTec Ver 2.doc

Jim,

With regard to the disclosure of confidential information, what types of materials
(concrete examples) do you believe fall into the Confidential category?

With reagrd to source code, I do not think it is worth hanging up the protective order on
the source code issue.  We can always do it as an order, and as you know, your patent will
not even be construed until some point after April of 2009.  Thus, I do not believe that
there is any reasoanble argument that you not having it for a few weeks while we resolve
this issue is interfering with your case preparation.  In fact, if there is any prejudice
here it is to AuthenTec.  You were supposed to produce your source code with your
infringement contentions given that you claim that your products practice the 168 patent.
In fact, we need to set up a call to discuss your contentions.  It appears that you served
your contentions subject to the old patent local rules, not the rules that became
effective on March 1, 2008.  While we might consider agreeing to follow the old rules, at
this point, you have not complied with your obligations under the new rules.  Let me know
when you are available to discuss this.

Finally, please answer the questions posed in my last two e-mails.  Are you withholding
documents pending resolution of the protective order issues?  (If not, when are you going
to begin producing responsive documents?)  And, did you share AuthenTec confidential

documents with your client?

Regards,

Denise

---

From: lij@gtlaw.com [mailto:lij@gtlaw.com]
Sent: Friday, August 15, 2008 10:45 AM
To: DeMory, Denise
Cc: dperez@gtlaw.com; MaheshwariS@gtlaw.com; henleyr@gtlaw.com; hoggem@gtlaw.com;
Greinert, Matthew; Fontaine, Elizabeth
Subject: RE: Draft Protective Order - AuthenTec Ver 2.doc


Denise:

We cannot agree that the confidential materials are limited to in-house counsel.  As you
know, Atrua does not have an in-house counsel.  So this would severely handicap Atrua's
case preparation.  We propose that we add a third tier: "Confidential--In-House Counsel's
Eyes Only" which was used extensively in the old days but rarely used these days.
Frankly, we don't think the third tier is necessary.  For information that involves our
trade secrets, we don't want AuthenTec's in-house counsel to access.  For other
confidential information, if it can be shown to the in-House counsel it can also be shown
to AuthenTec's management, which renders the third tier unnecessary.  However, as a
compromise, if AuthenTec wants, we will agree to add the third tier.

Regarding the issue of the source code, we still think we need to put the source code
provision in the protective order.  That's the only way to ensure the protection of the
source code.  Also, we don't want to be handicapped if AuthenTec drags its feet later in
entering the source code agreement.  As you know, our infringement case is heavily relied
on AuthenTec's source code production.  We want the code now or as soon as it can be
produced.  In light of these facts, we propose that we try to agree on a source code
protection provision now.

So please make your counter proposal to our proposed PO on the two issues based on our
comments.  If you cannot make any further changes to your proposed PO, also please let us
know.

Jim

---

From: DeMory, Denise [mailto:DeMoryD@howrey.com]
Sent: Thursday, August 14, 2008 6:16 PM
To: Li, James (Shld-SV-IP/Tech)
Cc: dperez@gtlaw.com; Maheshwari, Shailendra (Assoc-DC-IP/Tech); Henley, Regina L. (Secy-
SV-IP/Tech); Hogge, Mark L. (Shld-DC-IP/Tech/LT); Greinert, Matthew; Fontaine, Elizabeth
Subject: Draft Protective Order - AuthenTec Ver 2.doc


Jim,

Attached please find a revised draft protective order.  We have accepted all of your
changes, and then redlined with our changes.  Please note that: (1) we will not agree that
all confidential information can go to the parties; and (2) we have deleted the provisions
relating to software and indicated that these issues would be resolved by a separate
agreement of the parties to keep things moving forward.    We note that you have not yet
produced any documents responsive to our document requests.  Please advise if the
protective order is holding you up.  We will agree to treat all materials as outside

3

counsel only until we agree on a protective order and expect that you will begin your
document production in view of this agreement.

Regards,

Denise

<<Draft Protective Order - AuthenTec Ver 2.doc>>

-------------------------------------------------------------------------------------
------------------
This email and any attachments contain information from the law firm of Howrey LLP, which
may be
confidential and/or privileged. The information is intended to be for the use of the
individual or entity
named on this email. If you are not the intended recipient, be aware that any disclosure,
copying,
distribution or use of the contents of this email is prohibited. If you receive this email
in error,
please notify us by reply email immediately so that we can arrange for the retrieval of
the original
documents at no cost to you. We take steps to remove metadata in attachments sent by
email, and any
remaining metadata should be presumed inadvertent and should not be viewed or used without
our express
permission. If you receive an attachment containing metadata, please notify the sender
immediately and a
replacement will be provided. Howrey LLP consists of two separate limited liability
partnerships, one
formed in the United States (Howrey US) and one formed in the United Kingdom (Howrey UK).
Howrey UK is
registered in England and Wales under number OC311537 and regulated by the Solicitors
Regulation Authority
(http://www.sra.org.uk/code-of-conduct.page). Howrey's London and Paris offices are
operated as part of
Howrey UK. A list of the partners of Howrey UK is available for inspection at its
registered office: 22
Tudor Street, London EC4Y 0AY. A consolidated list of all Howrey US and Howrey UK
attorneys and
jurisdictions where they are authorized to practice and/or are registered can be obtained
by contacting
emailrequest@howrey.com.
-------------------------------------------------------------------------------------
------------------
_____

     Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS
under Circular 230, we inform you that any U.S. federal tax advice contained in this
communication (including any attachments), unless otherwise specifically stated, was not
intended or written to be used, and cannot be used, for the purpose of (1) avoiding
penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to
another party any matters addressed herein.


     The information contained in this transmission may contain privileged and
confidential information.  It is intended only for the use of the person(s) named above.
If you are not the intended recipient,   you are hereby notified that any review,
dissemination, distribution or duplication of this communication is strictly prohibited.
If you are not the intended recipient, please contact the sender by reply email and
destroy all copies of the original message. To reply to our email administrator directly,
please send an email to postmaster@gtlaw.com <mailto:postmaster@gtlaw.com> .

**EXHIBIT C**

## Li, James (Shld-SV-IP/Tech)

| | |
|---|---|
| **From:** | Li, James (Shld-SV-IP/Tech) |
| **Sent:** | Tuesday, August 12, 2008 10:22 AM |
| **To:** | Denise DeMory (demoryd@howrey.com); fontaineE@howrey.com; Greinert, Matthew; Henry C. Bunsow (bunsowh@howrey.com); Peter Kasenenko (kasenenkop@howrey.com) |
| **Cc:** | Henley, Regina L. (Secy-SV-IP/Tech); Hogge, Mark L. (Shld-DC-IP/Tech/LT); Li, James (Shld-SV-IP/Tech); Maheshwari, Shailendra (Assoc-DC-IP/Tech); McBrayer, Barbara (Para-DC-IP/Tech); Perez, David (Assoc-SV-IP/Tech) |
| **Subject:** | Draft Protected Order |
| **Attachments:** | Draft Protective Order (Atrua).doc |

Denise:

Attached is our redlined revision of the draft protective order. Let me know whether we can talk about this on Wednesday or Thursday. -Jim

Draft Protective
Order (Atrua)...

J. James Li, Ph.D.
Shareholder
Greenberg Traurig, LLP
Silicon Valley Office
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303
email: lij@gtlaw.com
Direct Dial:    650.289.7877
Direct FAX:   650.462.7877
website: www.gtlaw.com

1

**EXHIBIT D**

## Li, James (Shld-SV-IP/Tech)

| | |
|---|---|
| **From:** | Li, James (Shld-SV-IP/Tech) |
| **Sent:** | Wednesday, August 06, 2008 9:53 AM |
| **To:** | Denise DeMory (demoryd@howrey.com); fontaineE@howrey.com; Greinert, Matthew; Henry C. Bunsow (bunsowh@howrey.com); Peter Kasenenko (kasenenkop@howrey.com) |
| **Cc:** | Henley, Regina L. (Secy-SV-IP/Tech); Hogge, Mark L. (Shld-DC-IP/Tech/LT); Li, James (Shld-SV-IP/Tech); Maheshwari, Shailendra (Assoc-DC-IP/Tech); McBrayer, Barbara (Para-DC-IP/Tech); Perez, David (Assoc-SV-IP/Tech) |
| **Subject:** | PO and Rog Responses |

Denise:

As we agreed yesterday, you will respond in writing on Friday the 8th to my letter dated August 4 regarding the interrogatory responses and we will meet and confer on Monday the 11th.

Regarding the draft protective order, before we start editing, we want to first discuss with you a major issue. We do not want the special provisions for source code (i.e., Sec. 7). Source codes should be produced in their native format on a CDROM or other storage media. The disks bearing the source code should be labeled attorneys' eyes only and with a single bates number for each disk (such as AUT00001). The receiving party may print the desired sections of the source code with the attorneys' eyes only label and additional bates numbers such as AUT00001-001.

The special section you proposed is too burdensome to the receiving party. If you have ever reviewed a complicated source code, you know it's a lot of works. Going to the other side's office to do it and printing only limited numbers of pages is just not workable. More importantly, the special section is nothing but a distrust of the opposing counsel's professional ethics. The source code will be labeled attorneys' eyes only. If AuthenTec produces its source code to Atrua, only GT's lawyers and professionals as well as our expert witness can access the code. Violation of the protective order carries severe penalty including civil and criminal contempt. With this much deterrence, we certainly trust Howrey to handle Atrua's source code. Why can GT get the same respect from Howrey?

With these reasons, we strongly oppose the source code provision. Section 7 should be removed altogether. Let's first try to reach a consensus on this issue. I look forward to your response on this matter.

Regards,

Jim

J. James Li, Ph.D.
Shareholder
Greenberg Traurig, LLP
Silicon Valley Office
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303
email: lij@gtlaw.com
Direct Dial:    650.289.7877
Direct FAX:   650.462.7877
website: www.gtlaw.com

1