UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AUTHENTEC, INC.,

    Plaintiff,

    v.

ATRUA TECHNOLOGIES, INC.,

    Defendant.
_____/

No. C 08-1423 PJH

**ORDER DENYING MOTION FOR LEAVE TO TAKE 14 ADDITIONAL DEPOSITIONS**

    Before the court is the motion of defendant Atrua Technologies, Inc. ("Atrua") for leave to take 14 additional depositions. Having read the parties' papers and carefully considered their arguments, and good cause appearing, the court hereby DENIES the motion.

    Plaintiff AuthenTec, Inc. ("AuthenTec") filed this action on March 28, 2008. The court conducted the initial case management conference on July 10, 2008. In the joint case management conference statement filed July 3, 2008, the parties agreed to "follow the presumptive discovery limits set forth in the Federal and Local rules."

    Federal Rule of Civil Procedure 30(a)(2) presumptively limits the number of depositions that each side may take. "A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2) . . . if the parties have not stipulated to the deposition and . . . the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants . . . " Fed. R. Civ. P. 30(a)(2).

    Under Rule 26(b)(2), "the court may alter the limits in these rules on the number of

1  depositions and interrogatories or on the length of depositions and interrogatories or on the
2  length of depositions under Rule 30." Fed. R. Civ. P. 26(b)(2)(A).  In general, if the parties
3  cannot agree to exceed the ten allowed depos per side, more than ten must be justified
4  under the "benefits vs. burdens" approach of Rule 26(b)(2).  See Advisory Comm. Notes to
5  Rule 30(a)(2).

6  Under Rule 26(b)(2) the Court will consider whether: (i) the discovery sought is
7  unreasonably cumulative or duplicative, or is obtainable from some other source that is
8  more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has
9  had ample opportunity by discovery in the action to obtain the information sought; or (iii) the
10 burden or expense of the proposed discovery outweighs its likely benefit, taking into
11 account the needs of the case, the amount in controversy, the parties' resources, the
12 importance of the issues at stake in the litigation, and the importance of the proposed
13 discovery in resolving the issues.  See Smith v. Ardew Wood Products, Ltd., 2008 WL
14 4837216 (W.D. Wash., Nov. 6, 2008).

15 A party seeking to exceed the presumptive number of depositions must make a
16 particularized showing of the need for the additional discovery.  Bell v. Fowler, 99 F.3d 262,
17 271 (8th Cir. 1996); Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn., 187
18 F.R.D. 578, 586 (D. Minn. 1999).  To that end, courts will generally not grant leave to
19 expand the number of depositions until the moving party has exhausted the ten depositions
20 permitted as of right under Rule 30(a)(2).

21 Moreover, in the court's view, Rule 30(a)(2) contemplates that a party has already
22 taken at least some of its ten depositions before a motion is filed seeking leave of court for
23 a proposed deposition that would result in more than ten depositions being taken under this
24 rule.  See Archer Daniels, 187 F.R.D. at 586 (a party should appropriately exhaust its
25 current quota of depositions, in order to make an informed request for an opportunity to
26 depose more witnesses, before seeking leave to depose a legion of others).

27 Atrua argues that the Rules of Civil Procedure do not support the "exhaustion rule"
28 articulated in Archer Daniels.  Atrua relies heavily on an opinion from this judicial district,

2

1  Del Campo v. American Corrective Counseling Servs., Inc., 2007 WL 3306496 (N.D. Cal.,
2  Nov. 6, 2007).  In that case, a putative class action originally filed in 2001, the plaintiffs
3  alleged violations of the Fair Debt Collection Practices Act, in connection with a Bad Check
4  Restitution Program operated by defendants in conjunction with various California District
5  Attorneys.  There were five named plaintiffs and eleven defendants remaining at the time of
6  the cited opinion.  Because of the complexity of the case, the assigned district judge had
7  previously referred it to a magistrate judge for development of a discovery management
8  plan.

9       The plaintiffs sought modifications to the limits on discovery presumptively imposed
10 by the Federal Rules.  With regard to depositions, they argued that they required more than
11 10 depositions to establish typicality and commonality among the plaintiffs in the ten to
12 thirty counties in which defendants had contracts with the District Attorneys.  They sought
13 leave to take 30 depositions plus depositions of an unknown number of District Attorneys.

14      The court considered the circumstances of the case, and ruled that its "complexity"
15 clearly warranted more than ten depositions.  The court also found that it would be
16 prejudicial to require plaintiffs to choose to take ten depositions before they knew whether
17 they would be granted more.  The court distinguished Archer Daniels on the basis that in
18 that case, the court had found that no justification for additional discovery had yet been
19 shown.  The court ruled that, based on plaintiffs' showing, they would be permitted to take
20 23 depositions, with the possibility of additional depositions upon a further showing of good
21 cause.  Del Campo, 2007 WL 3306496 at *6.

22      In the present case – a run-of-the-mill patent case with one plaintiff and one
23 defendant, and counterclaims – Atrua failed to make a particularized showing in its opening
24 papers as to why additional depositions are necessary.  This is not a complex class action
25 with numerous plaintiffs and defendants, and Atrua's argument, for example, that it needs
26 to depose individuals listed on AuthenTec's initial disclosures as persons with potentially
27 discoverable information is without merit.

28      Moreover, even in its reply brief, Atrua failed to show why the information sought

from each of the 24 potential deponents cannot be obtained by less burdensome means. Indeed, as AuthenTec notes in its opposition, it would be impossible for Atrua to make the required showing at this point. Having taken not a single deposition to date, Atrua cannot possibly know what information it needs but cannot obtain from its 10 permitted depositions. Accordingly, the motion is DENIED.

The date for the hearing on the motion, previously set for Wednesday, December 17, 2008, is VACATED.

In addition, the court notes from its review of the docket in this case that AuthenTec never filed the second amended complaint as a separate document (although the parties stipulated on July 30, 2008, to its filing, and Atrua filed an answer on August 19, 2008). The court also reminds the parties that a chambers copy of <u>every</u> e-filed document must be submitted to the court.

**IT IS SO ORDERED.**

Dated: December 4, 2008

PHYLLIS J. HAMILTON
United States District Judge