United States District Court
For the Northern District of California

1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT

8                        NORTHERN DISTRICT OF CALIFORNIA

9

10    AUTHENTEC, INC.,                      No. C 08-1423 PJH (WDB)

11                    Plaintiff,            ORDER RE PLAINTIFF'S MOTION TO
                                            COMPEL PRODUCTION OF
           v.                               DOCUMENTS AND PLAINTIFF'S
12                                          MOTION FOR PROTECTIVE ORDER
      ATRUA TECHNOLOGIES, INC.
13
                     Defendant.
14    _____/

15
16
17
18
19         On January 21, 2009, the Court heard argument on plaintiff's Motion To Compel

20    Production Of Documents and its Motion For Protective Order.  Matthew Greinert

21    appeared as counsel for plaintiff; James Li appeared as counsel for defendant.  Having

22    considered the parties' written and oral submissions, for reasons set forth herein and more

23    fully on the record, the Court GRANTS IN PART AND DENIES IN PART plaintiff's

24    Motion To Compel Production Of Documents and the Court GRANTS IN PART AND

25    DENIES IN PART plaintiff's Motion For Protective Order.

26
27
28

                                              1

1        I.        Plaintiff's Motion to Compel

2            Because the outcome of the claim construction process can affect so substantially

3    the shape and content of litigation of this kind, as well as the settlement dynamic in it, the

4    discovery that is most clearly justified at this juncture is the discovery that will enable the

5    parties and the Court to complete the claim construction process most reliably.  It is this

6    consideration that has informed most the rulings that are set forth here on plaintiff's

7    Motion to Compel.

8            Within one week of the date of this Order:

9        1.    Counsel must meet and confer regarding all issues concerning access to

10                native files previously produced by Atrua to AuthenTec.

11        2.    Atrua must produce to AuthenTec a sample Development Kit and a sample

12                Evaluation Kit.

13        3.    Atrua must produce to AuthenTec a physical sample of each of its accused

14                products.

15        4.    Atrua must produce to AuthenTec the Sony powerpoint presentation in such

16                form as Atrua has maintained it.

17        5.    Atrua must deliver to AuthenTec a letter either confirming that Atrua has

18                produced in accessible form all documents and communications, including

19                emails, retained in any form, regarding the development, structure, or

20                function of the accused products, or that within one week of the date of this

21                letter Atrua will have completed the production of all such documents and

22                communications.

23            Within two weeks of the date of this Order, Atrua must produce to AuthenTec a

24    sample of the circuit blocks that are used in the creation of the product.

25

26

27

28

2

1
| II. | Plaintiff's Motion for a Protective Order |

2      Defendant asserts that there likely is no evidentiary basis for plaintiff's contention

3 that defendant competed unfairly with plaintiff by 'disseminating' false and "fraudulent"

4 information or assertions about Atrua's products, and false, "fraudulent," and disparaging

5 information or assertions about AuthenTec and its products.

6      Because these are serious allegations that could affect Atrua's business in the near

7 term, and because this kind of unfair competition claim is in some measure independent

8 of the patent claims, it is appropriate to require AuthenTec to provide some information

9 in this subject area before the <u>Markman</u> process has played itself out.  Given these

10 considerations, the Court GRANTS FOR THE MOST PART plaintiff's Motion for a

11 Protective Order BUT ORDERS PLAINTIFF, within two weeks, to:

12      1.      Identify each instance in which Atrua (including any agent or employee of

13              Atrua) uttered or disseminated, orally or by any other means of

14              communication, in any medium or form, any information or assertions

15              about Atrua or any of its products, or about AuthenTec or any of its

16              products, that was allegedly false or intentionally misleading.

17      2.      For each such allegedly false or intentionally misleading communication,

18              AuthenTec must identify:

19              A.      The date it was made or initiated,

20              B.      The medium and form in which it was made (orally, face to face, by

21                      phone, by email, by letter, by brochure, through some other

22                      promotional material, etc.),

23              C.      Its author(s) or source (s),

24              D.      Each recipient or intended recipient, and

25              E.      The specific content of the communication that was allegedly false

26                      or intentionally misleading.

27

28

3

3.    Deliver to counsel for Atrua a copy of each such communication that has been preserved in any physically capturable or reproducible form.

IT IS SO ORDERED.

Dated: 1/23/09

WAYNE D. BRAZIL
United States Magistrate Judge