UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AUTHEN TEC, INC.,

    Plaintiff,

    v.

ATRUA TECHNOLOGIES, INC.,

    Defendant.

_____

AND RELATED COUNTERCLAIMS
AND CROSS-CLAIMS
_____/

No. C 08-1423 PJH

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING AND BRIEFING FOR MOTION FOR PRELIMINARY INJUNCTION**

    Before the court is the motion of defendant and counterclaimant Atrua Technologies, Inc. ("Atrua") for a temporary restraining order and motion for preliminary injunction. Atrua seeks an order "against trade secret misappropriation" by plaintiff and counterdefendant AuthenTec, Inc. ("AuthenTec").

    A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008); see also Munaf v. Geren, 128 S.Ct. 2207, 2218-19 (2008).

    Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977); Stuhlbarg Int'l Sales Co., Inc. v. John

1  D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001).

2  Atrua designs and manufactures fingerprint sensors, and asserts that it is a competitor of AuthenTec. Specifically, according to Atrua's declarant Anthony P. Russo, Atrua manufactures and develops "fingerprint swipe sensors for mobile devices," and that these sensors are used for "authentication and navigation purposes" and constitute the majority of Atrua's business.

Atrua claims that AuthenTec gained improper access to Atrua's proprietary technology, and copied it. Atrua claims that AuthenTec's 30(b)(6) witness admitted during his deposition that AuthenTec employees admit to copying and disseminating Atrua's confidential technology and information. Atrua describes the proprietary technology as "engineering information, designs, techniques, processes, programs, and codes." Mr. Russo describes the "trade secrets" at issue as a "Software Development Kit," which contains essential software that allow customers to be integrated with Atrua's fingerprint swipe sensors; Atrua's "Integration Guides," which also assist end-users and customers in integrating the swipe sensors into their mobile devices; and Atrua's "Performance Analysis Tool," another crucial bit of technology that enables customers to use Atrua's products.

Atrua asserts that once its counsel learned of this misappropriation, he asked counsel for AuthenTec to instruct its clients to retrieve and sequester the specifically identified information and to provide Atrua with copies of CDs that AuthenTec employees admitted were copied. In support, Atrua cites to a series of letters back and forth between counsel for the parties.

Atrua argues that it has established a likelihood of success on the misappropriation of trade secrets claim, based on the depo testimony of AuthenTec's 30(b)(6) witness, who stated that he understood that the technology that was copied by the AuthenTec employee was "competitively sensitive;" and also based on the fact that Atrua went to great lengths to maintain the secrecy and confidentiality of its proprietary technology.

Regarding the likelihood of irreparable harm, Atrua asserts that the misappropriation of trade secrets is the type of harm that cannot be remedied by monetary damages, under

California Civil Code § 3426.2.

Regarding the potential prejudice to AuthenTec, Atrua asserts that there will be no harm to AuthenTec if injunctive relief is granted. Atrua claims that all it is asking is that AuthenTec cease efforts to misappropriate Atrua's trade secrets, and is not asking the court to modify or enjoin any legitimate operations or activities at AuthenTec's facility.

Finally, regarding the public interest, Atrua contends that it is against the public interest to permit the acquisition and copying of trade secrets, and that it will therefore not be against the public interest to enjoin this activity.

The court finds that the motion for the TRO must be DENIED, for the following reasons. First, Atrua presents no argument regarding why a TRO should be issued in advance of the hearing on the motion for preliminary injunction, or why such an extraordinary remedy is warranted on such short notice to AuthenTec. In addition, the proposed order directs AuthenTec to turn over certain documents and compact discs to Atrua within ten days of the date of the order – with no distinction made between temporary relief and relief to be granted in a preliminary injunction.

Second, the evidence Atrua provides in support of its motion consists of a number of documents attached as exhibits to the memorandum of points and authorities, with no supporting declaration. The court will not consider evidence that is not properly authenticated and for which a foundation is not laid.

Third, the proposed order is not in the proper format. Civil Local Rule 65-1(c) provides that "no temporary restraining order will be issued except with an order to show cause for fixing the time for hearing a motion for a preliminary injunction. Proposed orders submitted under this rule must provide a place for the judge to fix the time within which the restraining order and all supporting pleadings and papers must be served upon the adverse party . . . ."

Fourth, neither the motion nor the proposed order makes clear exactly what technology or documents Atrua seeks to have returned to it. For example, the proposed order refers to some specific items, but then refers to "any other Atrua confidential and

proprietary trade secret information belonging to Atrua that it has not yet discovered." The court will not issue a restraining order in a format that cannot be enforced.

The court will hear argument on Atrua's motion for preliminary injunction on Wednesday, March 25, 2009.  No later than Wednesday, February 18, 2009, Atrua shall file an amended motion for preliminary injunction, in which it corrects the deficiencies identified above.  The opposition shall be filed on March 4, 2009, and the reply shall be filed on March 11, 2009.

**IT IS SO ORDERED.**

Dated:  February 6, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge

4