UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AUTHEN TEC, INC.,

    Plaintiff,

    v.

ATRUA TECHNOLOGIES, INC.,

    Defendant.

_____/

No. C 08-1423 PJH

**ORDER DENYING ATRUA'S MOTION FOR LEAVE TO AMEND THE COUNTERCLAIM; AND ORDER DENYING ATRUA'S MOTION FOR PRELIMINARY INJUNCTION**

Before the court are two motions filed by defendant and counterclaimant Atrua Technologies, Inc. ("Atrua"). Atrua seeks leave to file an amended counterclaim to add a claim for misappropriation of trade secrets, and also seeks a preliminary injunction. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the motions.

    A.    Motion for Leave to Amend the Counterclaim

Atrua seeks leave to amend its counterclaim to add a count against plaintiff and counterdefendant AuthenTec, Inc. ("AuthenTec") for trade secret misappropriation under California Civil Code § 3426.1. Atrua argues that the motion should be granted because of the policy under Federal Rule of Civil Procedure 15 of liberality of allowing amendment of pleadings.

On July 3, 2008, one week prior to the initial case management conference ("CMC"), the parties filed a joint case management conference statement and proposed order with

the court. The minute order reflects that at the initial CMC, dates were set for the tutorial and Markman hearing. In addition, the minute order states that "[t]he court adopts the proposed schedule submitted by the parties," and adds that another CMC will be held after the order construing claims is issued.

On July 11, 2008, the court signed the parties' proposed case management and scheduling order. Section 5 of the scheduling order states that "[t]he parties agree that the final deadline for Rule 15 amendments should be 120 days after the case management conference." Thus, the parties had until 120 days following the July 10, 2008 CMC (or until November 10, 2008) to file any amendments to the pleadings. Atrua filed its motion to amend the counterclaim on February 11, 2009.

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1)(A). Otherwise, a party "may amend its pleading only with the opposing party's written consent or the court's leave." Id. 15(a)(2). However, "[t]he court should freely give leave when justice so requires." Id. Leave to amend under Rule 15(a) is ordinarily granted unless the amendment is futile, would cause undue prejudice to the defendants, or is sought by plaintiffs in bad faith or with a dilatory motive. Foman v. Davis, 371 U.S. 178, 182 (1962); Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997).

It is undisputed, however, that Rule 16(b) applies in cases, such as this one, where the court has entered a scheduling order that sets a deadline for amending pleadings. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08, 610 n.7 (9th Cir. 1992); see also Lendall v. Chase Manhattan Mortgage Corp., 2006 WL 3065566 (N.D. Cal., Oct. 27, 2006). While Rule 15(a) liberally allows for amendment of pleadings, Rule 16(b) requires good cause for the movant's failure to amend prior to the time specified in the scheduling order. Johnson, 975 F.2d at 608.

Here, Atrua should have filed a motion under Rule 16, not under Rule 15. The fact that it now is trying to make arguments under Rule 16 does not excuse the failure to bring the proper motion. The court finds that the motion must be DENIED.

B.     Motion for Preliminary Injunction

Atrua filed the present motion seeking a preliminary injunction on February 19, 2009. Atrua asserts that AuthenTec gained improper access to Atrua's proprietary technology, and copied it. Atrua argues that this improperly obtained information has independent economic value to Atrua, is not publicly available, and is not available to competitors.

Among other things, Atrua seeks an order requiring AuthenTec to turn over all copies of the allegedly misappropriated material to Atrua; to allow Atrua to inspect AuthenTec's systems to determine whether such information was accessed; to advise all its employees that it is improper to copy Atrua's proprietary material; and to refrain from any further misappropriation of Atrua's trade secrets, or from the destruction or alteration of any documents that are the subject of the proposed order.

The first step, in seeking a preliminary injunction, "as in any lawsuit, is to file a complaint. Only after a complaint has been filed can preliminary injunctive relief be sought." Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2008) § 13:88. As for the motion itself, a plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Winter v. Natural Resources Defense Council, 129 S.Ct. 365, 374 (2008).

The requirement that the plaintiff show a likelihood of success on the merits means that the plaintiff must demonstrate that "in light of the presumptions and burdens that will inhere at trial on the merits," it will prevail on any affirmative defense as well as on plaintiff's case in chief. Schwarzer, et al., § 13:47 (citing National Steel Car, Ltd. v. Canadian Pacific Ry., 357 F.3d 1319, 1325 (Fed. Cir. 2004)).

Here, Atrua has filed no pleading alleging a claim of misappropriation of trade secrets. It is premature for Atrua to seek injunctive relief premised on an assertion that it is likely to succeed on the merits of a claim that is not at issue in the present lawsuit. Accordingly, the court finds that the motion must be DENIED.

The date for the hearing on the motions, previously set for Wednesday, March 25, is VACATED.

**IT IS SO ORDERED.**

Dated: March 19, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge

United States District Court
For the Northern District of California

4