UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AUTHEN TEC, INC.,

    Plaintiff,

    v.

ATRUA TECHNOLOGIES, INC.,

    Defendant.

_____/

No. C 08-1423 PJH

**ORDER RE MOTIONS TO FILE DOCUMENTS UNDER SEAL**

Now before the court are requests by the parties in the above-entitled action to file eleven documents under seal, and to file in the public record redacted versions of several briefs that contain references to the documents that they seek to have filed under seal. Three of the assertedly confidential documents were so designated by plaintiff AuthenTec, Inc. ("AuthenTec"), and the remaining eight were so designated by defendant Atrua Technologies, Inc. ("Atrua").

The court has reviewed the parties' submissions, the documents at issue, and the relevant declarations and motions to seal, and related motions, and hereby rules as follows:

1. The motions to file the March 10, 2005 e-mail, the June 23, 2005 e-mail, and the excerpts from the Stewart Deposition under seal (Docket Nos. 110, 123, and 135) are GRANTED in part and DENIED in part. The documents shall be publicly filed, with certain redactions. The portions of the emails and the deposition excerpts that refer to AuthenTec's business operations shall be redacted in the publicly-filed version(s), but the portions that refer to AuthenTec's alleged viewing and/or copying of Atrua's CDs or documents (AUTH0107494, p. 2, lines 19-26; AUTH0119881, p.1, last paragraph of

message; and any portions of Stewart Deposition that refer to those portions of the e-mails) shall not be redacted in the publicly-filed version(s).

As for the Atrua document that is an attachment to the March 10, 2005 e-mail (as AUTH0197495-531), it appears to the court that Atrua seeks to have that attachment filed under seal, and the motion is also GRANTED as to that portion of the e-mail.

2. The motion to file the Atrua documents attached as Exhibits 1, 3, 6, 7, 11, 12, 13, 14 to the Declaration of Denise DeMory in opposition to Atrau's motion for preliminary injunction under seal (Docket No. 175) is GRANTED as to Exhibits 1, 3, and 11-14, and DENIED as to Exhibits 6 and 7.

3. The motion to file Atrua's application for a temporary restraining order and motion for preliminary injunction under seal (Docket Nos. 110 and 135) is GRANTED. The publicly-filed version shall redact those portions that refer to the sealed portions of the March 10, 2005 e-mail, the June 23, 2005 e-mail, and the excerpts from the Stewart Deposition.

4. The March 17, 2009, order (Docket No. 204) denying AuthenTec's motion to seal the request for leave to file a surreply (Docket No. 193) is WITHDRAWN. The court agrees with Atrua that the proposed surreply and exhibits should not have been filed with the request. See Civil L.R. 7-3(d). The motion to seal the proposed surreply (Exhibit 1 to Docket No. 192) and Exhibits 4, 5, and 12 to the Grainert Declaration is GRANTED.

5. Atrua's motion to "unseal" or "de-designate" documents (Docket No. 124) is DENIED as moot.

6. Atrua's motion to "withdraw" memorandum in opposition to the DeMory Declaration (Docket No. 129) is DENIED as moot.

Finally, the court adds two caveats. First, the parties should not expect that an order placing a given document under seal at this stage of the litigation in any way serves as a guarantee that a future request to seal the same document will be granted. In particular, the parties should note that the standard for sealing documents at trial or in connection with motions for summary judgment allows for relatively infrequent grants of sealing requests.

Second, the court finds that in view of the fact that this run-of-the-mill patent case is but one of more than 400 on the docket of the undersigned, the parties to date have demanded a larger share of judicial resources than is warranted. Counsel seem to have adopted a "file first, think later" approach to this litigation, the result of which has been substantial unnecessary work required of all concerned. While the need to perform unnecessary work may not pose any problems for counsel, it does create difficulties for the court. The court expects that in the future, counsel will – as they are required to – meet and confer in an effort to resolve their differences before they fire off additional unnecessary motions.

**IT IS SO ORDERED.**

Dated: April 2, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge